1  NELSON E. ROTH, SBN 67350
     ner3@cornell.edu
2  CORNELL UNIVERSITY
   300 CCC Building
3  Garden Avenue
   Ithaca, New York 14853-2601
4  Telephone:  (607)255-5124
   Facsimile:  (607)255-2794
5
   BERT H. DEIXLER, SBN 70614
6      bdeixler@proskauer.com
   CLIFFORD S. DAVIDSON, SBN 246119
7      cdavidson@proskauer.com
   PROSKAUER ROSE LLP
8  2049 Century Park East, 32nd Floor
   Los Angeles, CA 90067-3206
9  Telephone:  (310) 557-2900
   Facsimile:  (310) 557-2193
10
   Attorneys for Defendant,
11 CORNELL UNIVERSITY

FILED
08 APR 28 PM 1:16
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

'08 CV 736 W JMA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CORNELL UNIVERSITY, BERT DEIXLER,<br><br>　　　　Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO, SOUTH COUNTY DIVISION**<br><br>Hon.<br><br>(San Diego Superior Court, South County Division Case No. 37-2008-00069807-CU-DF-SC)<br><br>[Defendant Bert Deixler's Joinder and Declaration of Clifford S. Davidson filed concurrently herewith]<br><br>Action Filed: April 8, 2008 |

8085/21177-001 Current/11034005v1

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant Cornell University ("Cornell") hereby removes to this Court the state court action described below. Removal is based on the following grounds.

1. On April 8, 2008, an action was commenced in the Superior Court of the State of California, County of San Diego, South County Division, entitled *Kevin Vanginderen v. Cornell University, Bert Deixler*, Case No. 7-2008-00069807-CU-DF-SC (the "State Court Action"). A true and correct copy of the Summons and Complaint in the State Court Action are collectively attached to the concurrently-filed Declaration of Clifford S. Davidson ("Davidson Declaration") as Exhibit A.

2. On April 15 and 17, 2008, the Complaint in the State Court Action was served on Defendants.

3. The State Court Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which Defendant may remove to this Court pursuant to the provisions of 28 U.S.C. § 1441(b). The matter in controversy exceeds the sum of $75,000 as the Complaint by plaintiff Kevin Vanginderen ("Plaintiff") seeks damages in the amount of $1,000,000. As discussed in detail below, there is complete diversity of the parties because defendant Bert Deixler ("Deixler"), a non-diverse co-defendant, was fraudulently joined in this action. This Court is the proper venue as the State Court Action is pending in the South County Division of the San Diego County Superior Court, which is within this District.

4. According to the Complaint in the State Court Action, and upon Defendant's information and belief, Plaintiff was at the time of the filing of this action, and still is, a citizen of the State of California. *See* Davidson Decl. ¶ 2 & Ex. A.

5. Cornell was at the time of filing of this action, and still is, an educational institution chartered and incorporated under the laws of the State of New York, with its principal place of business in the State of New York.

6. This Notice of Removal is being filed within 30 days of service of the Complaint in the State Court Action, the pleading from which it appeared that removal was proper. Accordingly, the notice of removal is timely filed pursuant to 28 U.S.C. § 1446(b).

7. Notice of this removal is being given both to the adverse party (Plaintiff) and to the San Diego Superior Court, South County Division, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Party, which will be finalized, filed and served shortly following the filing of this Notice of Removal, is attached to the Davidson Declaration as Exhibit B. A true and correct copy of the Notice to State Court, which will be finalized and filed with the San Diego County Superior Court, South County Division in the State Court Action, is attached to the Davidson Declaration as Exhibit C.

## THE STATE COURT ACTION IS PROPERLY REMOVED TO THIS COURT BECAUSE DEFENDANT DEIXLER WAS FRAUDULENTLY JOINED

8. This Court should ignore Deixler's non-diverse, California residency for purposes of 28 U.S.C. §§ 1332 and 1441(b) because he has been fraudulently joined in this case.

9. "Fraudulent joinder is a term of art. If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (quoting *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also Rosenblatt v. Ernst & Young Intern., Ltd.*, 87 F. Supp. 2d 1048, 1051 (S.D. Cal. 2000) ("A non-diverse party named in the state court action may be disregarded if the federal court determines that party's joinder is a 'sham' or 'fraudulent' in that no possible cause

8085/21177-001 Current/11034005v1

of action has been stated against that party.") "Fraud" in this context refers to the demerits of a plaintiff's claim, not necessarily to a plaintiff's motives. *See Rosenblatt*, 87 F. Supp. 2d at 1051-52 (citing *McCabe*, 811 F.2d at 1339) ("The term 'fraudulent' is not used in the tort sense. No intent to deceive or other 'bad' motive on a plaintiff's part need be shown.")

10. Although a district court typically will not look to defendants' pleadings in assessing whether removal is proper, "[w]here fraudulent joinder is an issue, we will go somewhat farther. The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey*, 139 F.3d at 1318 (internal quotations and citations omitted) (collecting cases).

11. The insufficiency of Plaintiff's claims against Deixler is obvious according to the settled rules and laws of California; Deixler possesses complete defenses to Plaintiff's claims. The State Court Action is based on petition activities that Cornell and Deixler undertook in response to Plaintiff's first lawsuit against Cornell, which he filed on October 1, 2007. Davidson Decl. ¶ 6 & Ex. D (complaint in October 1, 2007 action). That action was removed to this Court and bears the Case Number 07-CV-2045-BTM-JMA. Cornell filed a Special Motion to Strike on November 2, 2007, which was been under submission since December 21, 2007. Davidson Decl. ¶ 7 & Ex. E.

12. Although Plaintiff alleges eight causes of action against Deixler in the State Court Action, each of them arises from the same set of facts: Deixler electronically filed necessary evidence with this Court – evidence that Cornell, through Deixler, filed in conjunction with its Special Motion to Strike. That electronic filing later was featured on, and distributed through, www.justia.com, a website that monitors filings in federal court.

13. Deixler's activities on Cornell's behalf squarely fall within the litigation privilege codified at Cal. Civ. Code §§ 47(b) and (d). Civil Code § 47(b) provides an absolute privilege for any publication, whether made in a document

8085/21177-001 Current/11034005v1

1  filed with a court or in correspondence or oral communications between parties or
2  their counsel, made in furtherance of a legislative, judicial, quasi-judicial,
3  administrative or other official proceeding provided the publication has a connection
4  or logical relation to the proceeding. *Adams v. Superior Court*, 2 Cal. App. 4th 521,
5  528-29 (1992); *Urbaniak v. Newton*, 226 Cal. App. 3d 1128, 1141 (1991); *Abraham
6  v. Lancaster Community Hospital*, 217 Cal. App. 3d 796, 812-13 (1990); *Asia
7  Investment Co. v. Borowski*, 133 Cal. App. 3d 832, 843 (1983).

8      14.  The scope of the absolute privilege afforded by Section 47(b) is
9  extremely broad. Section 47(b) bars each and every tort other than malicious
10 prosecution, including claims of abuse of process, tortious interference, defamation,
11 unfair business practice and unfair competition. Broad application of the absolute
12 privilege is necessary to shield parties, counsel and witnesses from having their
13 motives questioned and being subjected to litigation and to achieve the purpose of
14 Section 47(b): to afford litigants the utmost freedom of access to the courts to secure
15 and defend their rights without fear of being sued. *Pacific Gas & Electric Co. v.
16 Bear Stearns & Co.*, 50 Cal. 3d 1118, 1132-33 (1990); *Adams*, 2 Cal. App. 4th at
17 529; *Abraham v. Lancaster Community Hospital, supra*, 217 Cal. App. 3d at 813.

18     15.  Consistent with the purpose of Section 47(b) and the strong policy
19 underlying free access to the courts, Section 47(b) is to be liberally interpreted with
20 any doubt as to whether the litigation privilege applies to be resolved in favor of
21 application. *Adams*, 2 Cal. App. 4th at 529.

22     16.  Further, even if Plaintiff accurately claims that Deixler intended to
23 disseminate the case to www.justia.com (which he did not), such dissemination was
24 privileged under Cal. Civ. Code § 47(d), which provides a privilege for a "fair and
25 true report in, or a communication to, a public journal of (A) a judicial, (B) a
26 legislative, or (C) other public official proceedings, or (D) of anything said in the
27 course thereof."
28

4

17. Deixler's activities also fall under the free speech protections of the First Amendment to the Federal Constitution; Article 1, section 1 of the California Constitution; and the Noerr-Pennington doctrine. *See, e.g., Pacific Gas & Electric Co.*, 50 Cal. 3d at 1133. Deixler will vindicate his rights under these protections in a Special Motion to Strike, pursuant to California Code of Civil Procedure Section 425.16, to be filed soon hereafter.

18. For all of the foregoing reasons, the Court should ignore Deixler's California residency and permit Cornell to exercise its right to remove the State Court Action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

19. In the event the Court should have any questions about the propriety of removal or may be inclined to remand this action, Cornell respectfully requests that the Court issue an order to show cause why the case should not be remanded, allowing the parties an opportunity to provide the Court with full briefing and argument. Such a procedure is warranted since a remand order is not subject to review.

DATED: April 28, 2008

NELSON E. ROTH
CORNELL UNIVERSITY

BERT H. DEIXLER
CLIFFORD S. DAVIDSON
PROSKAUER ROSE LLP

_____
Clifford S. Davidson

Attorneys for Defendant,
CORNELL UNIVERSITY

5

8085/21177-001 Current/11034005v1

```
         UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 150236      - MB

         April 28, 2008
            13:25:50


        Civ Fil Non-Pris
USAO #.: 08CV0736 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.:                $350.00 CK
Check#.: BC68431



      Total->  $350.00


FROM: KEVIN VANGINDEREN VS
      CORNELL UNIV, BERT DEIXLER
```

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Kevin Vanginderen

**DEFENDANTS**
Cornell University, Bert Deixler

FILED 08 APR 28 PM 1:16

'08 CV 736 W JMA

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Tompkins, NY
(IN U.S. PLAINTIFF CASES ONLY)   DEPUTY
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
(appearing in pro per)
637 Third Ave., Suite E1
Chula Vista, California 91910
(619) 585-7414

ATTORNEYS (IF KNOWN)
(SEE ATTACHMENT)

**II. BASIS OF JURISDICTION** (PLACE AN 'X' IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
Defendant removes this case pursuant to 28 U.S.C. sec. 1441(b). This court has original jurisdiction over the matter, pursuant to 28 U.S.C. sec. 1332. There is complete diversity of the parties; Defendant Deixler has been fraudulently joined as explained in the Notice of Removal.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | | | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [X] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | **LABOR** | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 740 Railway Labor Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 790 Other Labor Litigation | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 10,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] YES [X] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):
JUDGE Barry T. Moskowitz   Docket Number 07-CV-2045-BTM-JMA

DATE: April 28, 2008
SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

150236 04/28/08
MD $350—



**ATTACHMENT TO CIVIL COVER SHEET**

<u>Item I(c), "Attorneys"</u>

Nelson E. Roth
Cornell University
300 CCC Building
Garden Avenue
Ithaca, New York 14853-2601
Phone: (607) 255-5124
Facsimile: (607) 255-2794

Bert H. Deixler, Clifford S. Davidson
Proskauer Rose LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Phone: (310) 557-2900
Facsimile: (310) 557-2193