ORIGINAL

1   NELSON E. ROTH, SBN 67350
        ner3@cornell.edu
2   CORNELL UNIVERSITY
    300 CCC Building
3   Garden Avenue
    Ithaca, New York 14853-2601
4   Telephone:    (607)255-5124
    Facsimile:    (607)255-2794
5
    BERT H. DEIXLER, SBN 70614
6       bdeixler@proskauer.com
    CLIFFORD S. DAVIDSON, SBN 246119
7       cdavidson@proskauer.com
    PROSKAUER ROSE LLP
8   2049 Century Park East, 32nd Floor
    Los Angeles, CA  90067-3206
9   Telephone:    (310) 557-2900
    Facsimile:    (310) 557-2193
10
    Attorneys for Defendant,
11  CORNELL UNIVERSITY

12              UNITED STATES DISTRICT COURT

13          SOUTHERN DISTRICT OF CALIFORNIA

14                          '08 CV 736    W JMA

15  KEVIN VANGINDEREN,              ) Case No.
                                    )
16              Plaintiff,          ) Hon.
                                    )
17          v.                      ) **DECLARATION OF CLIFFORD
                                    ) S. DAVIDSON IN SUPPORT OF
18  CORNELL UNIVERSITY, BERT        ) CORNELL'S NOTICE OF
    DEIXLER,                        ) REMOVAL**
19                                  )
                Defendants.         ) [Notice of Removal and Defendant
20                                  ) Bert Deixler's Joinder filed
                                    ) concurrently herewith]
21                                  )
                                    )
22                                  ) (San Diego Superior Court, South
                                    ) County Division
23                                  ) Case No. 37-2007-00076496-CU-DF-
                                    ) SC)
24                                  )
                                    ) Action Filed: April 8, 2008
25                                  )

26

27

28

### DECLARATION OF CLIFFORD S. DAVIDSON

I, Clifford S. Davidson, declare as follows:

1.      I am an attorney associated with the law firm Proskauer Rose LLP, attorneys for defendant Cornell University ("Cornell") in the above-captioned action. I am admitted to practice before this Court and am one of the attorneys responsible for handling this matter. Except as may be expressly noted below, I have firsthand knowledge of the facts set forth herein.

2.      I am informed and believe that on April 8, 2008, an action was commenced in the Superior Court of California, County of San Diego, South County Division, entitled *Kevin Vanginderen v. Cornell University*, Case No. 37-2008-00069807-CU-DF-SC ("State Court Action"). A true and correct copy of the Summons and Complaint in the State Court Action, as well as the Notice of Case Assignment and Alternative Dispute Resolution papers in the State Court Action, are collectively attached hereto as Exhibit A. I am informed and believe that Exhibit A represents the entirety of the case file in the State Court Action.

3.      I am informed and believe that on April 15, 2008, the Summons and Complaint in the State Court Action was served on Cornell. I am informed and believe that Plaintiff has not yet filed any Proof of Service of Summons in the State Court Action.

4.      Attached hereto as Exhibit B is a true and correct copy of the Notice to Adverse Party, which will be finalized, filed and served on plaintiff Kevin Vanginderen and filed in the State Court Action shortly following the filing of this Notice of Removal.

5.      Attached hereto as Exhibit C is a true and correct copy of the Notice to State Court, which will be finalized and filed with the Superior Court of California, County of San Diego, South County Division shortly following the filing of this Notice of Removal.

1

8085/21177-001 Current/11079192v1

1     6.    Attached hereto as Exhibit D is a true and correct copy of the Summons

2   and Complaint that plaintiff Kevin Vanginderen filed against Cornell on October 1,

3   2007.

4     7.    Attached hereto as Exhibit E is a true and correct copy of Defendant's

5   Notice of Special Motion to Strike and Special Motion to Strike Plaintiff's

6   Complaint Pursuant to Section 425.16 of the California Code of Civil Procedure,

7   filed on November 2, 2007 in Case No. 07-CV-2045-BTM-JMA.

8     8.    This Notice of Removal is being filed within 30 days of April 15, 2008,

9   the date I am informed and believe that Cornell was served with the Summons and

10  Complaint, in which Plaintiff seeks $10,000,000 in general and punitive damages.

11

12    I declare under penalty of perjury under the laws of the State of California

13  and the United States of America that the foregoing is true and correct.

14    Executed this 28th day of April, 2008, at Los Angeles, California.

15

16

17  Clifford S. Davidson

18

19

20

21

22

23

24

25

26

27

28

2

8085/21177-001 Current/11079192v1

## TABLE OF CONTENTS OF EXHIBITS
### (Local Civil Rule 5.1(e))

**EXHIBIT A**
Summons and Complaint (State Court Action) . . . . . . . . . . . . . . . . . . . . . . . . 3


**EXHIBIT B**
Notice to Adverse Party of Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22


**EXHIBIT C**
Notice to State Court of Removal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24


**EXHIBIT D**
October 1, 2007 Summons and Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . 26


**EXHIBIT E**
Cornell's Notice of Special Motion to Strike and Special Motion to Strike
Plaintiff's Complaint Pursuant to Section 425.16 of the California Code of Civil
Procedure. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

EXHIBIT A

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
CORNELL UNIVERSITY

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2008 APR -8 AM 11: 02

CLERK OF THE COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:** KEVIN VANGINDEREN
*(A Ud. le está demandando)*

You have *30 CALENDAR DAYS* after this summons is served on you to file a typewritten response at this court.

A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case.

If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

*Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte.*

*Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso.*

*Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte.*

*Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico).*

The name and address of the court is: *(El nombre y dirección de la corte es)*
Superior Court of California
500 Third Ave.
Chula Vista, CA 91910-5649

CASE NUMBER *(Número del Caso)*
**37-2008-00069807-CU-DF-SC**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Kevin Vanginderen                                              (619) 585-7414
Attorney Kevin Vanginderen
637 3rd Avenue, Suite E-1
Chula Vista, CA 91910

| DATE: April 8, 2008 *(Fecha)* | Clerk, by  C. Riedel  *(Actuario)* | , Deputy *(Delegado)* |
|---|---|---|

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (individual)
☐ other:
4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

*(See reverse for Proof of Service)*
**SUMMONS**

Legal
Solutions
Plus

CCP 412.20

EXHIBIT A
Page 3

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** *(Aviso a Acusado)*
BERT DEIXLER

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

SOUTH

20__ APR -8  AM 11: 02

CLER__ __ __ __ __
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**  KEVIN VANGINDEREN
*(A Ud. le está demandando)*

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de 30 DIAS CALENDARIOS para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

The name and address of the court is: *(El nombre y dirección de la corte es)*
Superior Court of California
500 Third Ave.
Chula Vista, CA 91910-5649

CASE NUMBER *(Número del Caso)*
37-2008-00069807-CU-DF-SC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*
Kevin Vanginderen                    (619)585-7414
Attorney Kevin Vanginderen
637 3rd Avenue, Suite E-1
Chula Vista, CA 91910

DATE: April 8, 2008                Clerk, by _____, Deputy
*(Fecha)*                           *(Actuario)*                        *(Delegado)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Cornell University
   under:  ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
           ☐ other:
4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9) [Rev. January 1, 1984]
Mandatory Form

(See reverse for Proof of Service)
**SUMMONS**

Legal Solutions Plus

CCP 412.20

**EXHIBIT A**
**Page 4**

982.1(1)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin Vanginderen<br>Attorney Kevin Vanginderen<br>637 3rd Avenue, Suite E-1<br>Chula Vista, CA 91910<br><br>TELEPHONE NO: (619) 565-7414    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FILED<br>SOUTH COURT<br><br>2008 APR -6 AM 11: 02<br><br>CLERK OF THE SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

NAME OF COURT: Superior Court of California
STREET ADDRESS: 500 Third Ave.
MAILING ADDRESS: 500 Third Ave.
CITY AND ZIP CODE: Chula Vista, CA 91910-5649
BRANCH NAME: South County

PLAINTIFF: Kevin Vanginderen

DEFENDANT: Cornell University, Bert Deixler

☐ DOES 1 TO

| COMPLAINT — Personal Injury, Property Damage, Wrongful Death | CASE NUMBER: |
|---|---|
| ☐ AMENDED *(Number):*<br>Type *(check all that apply):*<br>☐ MOTOR VEHICLE    ☒ OTHER *(specify):* Public Disclosure<br>  ☐ Property Damage    ☐ Wrongful Death  Private Fact/Libel<br>  ☒ Personal Injury    ☒ Other Damages *(specify):* loss of<br>income, loss of reputation, mental anguish, punitive | |
| Jurisdiction *(check all that apply):*<br>☐ ACTION IS A LIMITED CIVIL CASE<br>  Amount demanded  ☐ does not exceed $10,000<br>          ☐ exceeds $10,000, but does not exceed $25,000<br>☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>  ☐ from limited to unlimited<br>  ☐ from unlimited to limited | 37-2008-00069807-CU-DF-SC |

1. PLAINTIFF *(name):* Kevin Vanginderen

  alleges causes of action against DEFENDANT *(name):* Cornell University, Bert Deixler
2. This pleading, including attachments and exhibits, consists of the following number of pages: 13
3. Each plaintiff named above is a competent adult
  a. ☐ except plaintiff *(name):*
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☐ a minor    ☐ an adult
      (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*

  b. ☐ except plaintiff *(name):*
    (1) ☐ a corporation qualified to do business in California
    (2) ☐ an unincorporated entity *(describe):*
    (3) ☐ a public entity *(describe):*
    (4) ☐ a minor    ☐ an adult
      (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) ☐ other *(specify):*
    (5) ☐ other *(specify):*

  ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint — Attachment 3.

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>982.1(1) [Rev. July 1, 2002] | COMPLAINT — Personal Injury, Property<br>Damage, Wrongful Death | Legal<br>Solutions<br>Plus | Code of Civil Procedure, § 425.12 |

EXHIBIT A
Page 5

| SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER: |
|---|---|

4. ☐ Plaintiff *(name)*:

Is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ except defendant *(name)*: Cornell University

(1) ☐ a business organization, form unknown
(2) ☒ a corporation
(3) ☐ an unincorporated entity *(describe)*:

(4) ☐ a public entity *(describe)*:

(5) ☐ other *(specify)*:

c. ☐ except defendant *(name)*:

(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe)*:

(4) ☐ a public entity *(describe)*:

(5) ☐ other *(specify)*:

b. ☐ except defendant *(name)*:

(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe)*:

(4) ☐ a public entity *(describe)*:

(5) ☐ other *(specify)*:

d. ☐ except defendant *(name)*:

(1) ☐ a business organization, form unknown
(2) ☐ a corporation
(3) ☐ an unincorporated entity *(describe)*:

(4) ☐ a public entity *(describe)*:

(5) ☐ other *(specify)*:

☐ Information about additional defendants who are not natural persons is contained in Complaint — Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

8. This court is the proper court because

a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify)*:

9. ☒ Plaintiff is required to comply with a claims statute, and

a. ☒ plaintiff has complied with applicable claims statutes, or
b. ☐ plaintiff is excused from complying because *(specify)*:

---

982-1(1) [Rev. July 1, 2005]

**COMPLAINT — Personal Injury, Property Damage, Wrongful Death**

Page 2 of 3

EXHIBIT A
Page 6

| SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (*each complaint must have one or more causes of action attached*):
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☒ Intentional Tort
   d. ☐ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other (*specify*):

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☐ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage (*specify*): loss of reputation, mental anguish, punitive

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Complaint — Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. PLAINTIFF PRAYS for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☒ punitive damages
   b. The amount of damages is (*you must check (1) in cases for personal injury or wrongful death*):
      (1) ☐ according to proof
      (2) ☒ in the amount of: $ 10,000,000.00

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows (*specify paragraph numbers*):

Date: April 8, 2008

Kevin Vanginderen
    (TYPE OR PRINT NAME)

▶ _____
    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT — Personal Injury, Property Damage, Wrongful Death**

SHORT TITLE:  VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER

CASE NUMBER:

1st _____        CAUSE OF ACTION - Intentional Tort            Page 4
      (number)

ATTACHMENT TO   [X] Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name):* Kevin Vanginderen

alleges that defendant *(name):*  Cornell University

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):*  March 8, 1983,
at *(place):* Cornell University, Ithaca, NY

*(description of reasons for liability):*
On March 8, 1983, Barbara Bourne, an employee and agent of the Defendant Cornell University, wrote defamatory and libelous statements about the plaintiff which she communicated to other individuals.  A report written by Ms. Bourne on that date alleged that the plaintiff was responsible for fifteen separate crimes although she had never ascertained that fifteen individual crimes had ever occurred, nor did she ever possess a scintilla of evidence that the plaintiff was responsible for even half that number of alleged incidents.

As a result of the defendant's tortious actions of Libel, the plaintiff has suffered extreme emotional distress, a loss of reputation and a loss of income from the conduct of the defendant and requests general and punitive damages in the amount of $1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form

CAUSE OF ACTION - Intentional Tort

Legal
Solutions
Plus

CCP 425.12

EXHIBIT A
Page 8

| SHORT TITLE:  VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER: |
| --- | --- |

2nd _____    **CAUSE OF ACTION - Intentional Tort**    Page _5_____
   *(number)*

ATTACHMENT TO   [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.   Plaintiff *(name):* Kevin Vanginderen

      alleges that defendant *(name):*   Cornell University and Bert Deixler

          [ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date):*  December 12, 2007,
at *(place):*  United States District Court, Southern District of California and everywhere the Internet is available
*(description of reasons for liability):*

    On March 8, 1983, Barbara Bourne, an employee and agent of the Defendant Cornell University, wrote defamatory and libelous statements about the plaintiff which she communicated to other individuals.  A report written by Ms. Bourne on that date alleged that the plaintiff was responsible for fifteen separate crimes although she had never ascertained that fifteen individual crimes had ever occurred, nor did she ever possess a scintilla of evidence that the plaintiff was responsible for even half that number of alleged incidents.

    On December 12, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University republished this report onto the Internet by submitting it to United States District Court, Southern District of California, with the knowledge, intent and purpose that it would immediately appear world wide upon the the Justia.com Web site.  The defendants were aware at the time of submission to the court file that the libelous report was both defamatory and inadmissible as evidence.

    As a result of the defendants' tortious actions of Libel, the plaintiff has suffered extreme emotional distress, a loss of reputation and a loss of income from the conduct of the defendants and requests general and punitive damages in the amount of $1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form
      **CAUSE OF ACTION - Intentional Tort**    Legal Solutions Plus    CCP 425.12

**EXHIBIT A**
**Page 9**

SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER:

| 3rd | CAUSE OF ACTION - Intentional Tort | Page 6 |
(number)

ATTACHMENT TO [X] Complaint [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name)*: Kevin Vanginderen

alleges that defendant *(name)*: Bert Deixler and Cornell University

[ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff

on *(date)*: December 12, 2007

at *(place)*: United States District Court, Southern District of California and everywhere the Internet is available
*(description of reasons for liability)*:

On December 12, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University declared in writing that the Plaintiff was charged in connection with fifteen separate crimes although he had never ascertained that fifteen individual crimes had ever occurred, nor did he ever possess a scintilla of evidence that the plaintiff was responsible for even half that number of alleged incidents. Defendant Bert Deixler subsequently republished his libelous statement onto the Internet by submitting it to United States District Court, Southern District of California, with the knowledge, intent and purpose that it would immediately appear world wide upon the the Justia.com Web site.

As a result of the defendants' tortious actions of Libel, the plaintiff has suffered extreme emotional distress, a loss of reputation and a loss of income from the conduct of the defendants and requests general and punitive damages in the amount of $1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form
CAUSE OF ACTION - Intentional Tort
Legal Solutions Plus
CCP 475.12

| SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER: |
| --- | --- |

4th _____   CAUSE OF ACTION - Intentional Tort   Page 7 _____
   (number)

ATTACHMENT TO   ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.   Plaintiff *(name)*: Kevin Vanginderen

alleges that defendant *(name)*: Cornell University

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: March 8, 1983,
at *(place)*: Cornell University, Ithaca, NY

*(description of reasons for liability):*

On March 8, 1983, Barbara Bourne, an employee and agent of the Defendant Cornell University, wrote false statements about the plaintiff that portrayed the plaintiff in a false light which she communicated to other individuals. A report written by Ms. Bourne on that date alleged that the plaintiff was responsible for fifteen separate crimes although she had never ascertained that fifteen individual crimes had ever occurred, nor did she ever possess a scintilla of evidence that the plaintiff was responsible for even half that number of alleged incidents.

As a result of the defendant's tortious actions of Placing Plaintiff in False Light, the plaintiff has suffered extreme emotional distress, a loss of reputation and a loss of income from the conduct of the defendant and requests general and punitive damages in the amount of $1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(c)
Optional Form

CAUSE OF ACTION - Intentional Tort

Legal
Solutions
Plus

CCP 425.12

EXHIBIT A
Page 11

| SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER: |
|---|---|

5th _____  CAUSE OF ACTION - Intentional Tort           Page _8_____
_(number)_

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

IT-1.  Plaintiff _(name)_: Kevin Vanginderen

alleges that defendant _(name)_: Cornell University and Bert Deixler

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on _(date)_: December 12, 2007,
at _(place)_: United States District Court, Southern District of California and everywhere the Internet is available
_(description of reasons for liability)_:

On March 8, 1983, Barbara Bourne, an employee and agent of the Defendant Cornell University, wrote false statements about the plaintiff that portrayed the plaintiff in a false light which she communicated to other individuals. A report written by Ms. Bourne on that date alleged that the plaintiff was responsible for fifteen separate crimes although she had never ascertained that fifteen individual crimes had ever occurred, nor did she ever possess a scintilla of evidence that the plaintiff was responsible for even half that number of alleged incidents.

On December 12, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University republished this report onto the Internet by submitting it to United States District Court, Southern District of California, with the knowledge, intent and purpose that it would immediately appear world wide upon the the Justia.com Web site. The defendants were aware at the time of submission to the court file that the false statements in the report portrayed the plaintiff in a false light and was inadmissible as evidence.

As a result of the defendants' tortious actions of Placing Plaintiff in False Light, the plaintiff has suffered extreme emotional distress, a loss of reputation and a loss of income from the conduct of the defendants and requests general and punitive damages in the amount of $1,000,000.

CAUSE OF ACTION - Intentional Tort   Legal Solutions Plus   CCH 435.12

| SHORT TITLE:  VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER: |
| --- | --- |

6th  _(number)_        **CAUSE OF ACTION - Intentional Tort**       Page  9

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint

_(Use a separate cause of action form for each cause of action.)_

IT-1.  Plaintiff _(name)_: Kevin Vanginderen

      alleges that defendant _(name)_:  Bert Deixler and Cornell University

           [ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
intentionally caused the damage to plaintiff
on _(date)_:  December 12, 2007
at _(place)_:  United States District Court, Southern District of
           California and everywhere the Internet is available
_(description of reasons for liability)_:

     On December 12, 2007, Defendant Bert Deixler acting as an agent of
Defendant Cornell University wrote a false statement about the
plaintiff that portrayed the plaintiff in a false light when he
declared in writing that the Plaintiff was charged in connection with
fifteen separate crimes although he had never ascertained that fifteen
individual crimes had ever occurred, nor did he ever possess a
scintilla of evidence that the plaintiff was responsible for even half
that number of alleged incidents. Defendant Bert Deixler subsequently
republished his false statement onto the Internet by submitting it to
United States District Court, Southern District of California, with
the knowledge, intent and purpose that it would immediately appear
world wide upon the the Justia.com Web site.

     As a result of the defendants' tortious actions of Placing
Plaintiff in False Light, the plaintiff has suffered extreme emotional
distress, a loss of reputation and a loss of income from the conduct
of the defendants and requests general and punitive damages in the
amount of $1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form

**CAUSE OF ACTION - Intentional Tort**

Legal
Solutions
& Plus

CCP 475.17

EXHIBIT A
Page 13

| SHORT TITLE:  VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER: |
|---|---|

7th _____      CAUSE OF ACTION - Intentional Tort      Page _10_
(number)

ATTACHMENT TO  ☒ Complaint  ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name)*: Kevin Vanginderen

alleges that defendant *(name)*:  Cornell University and Bert Deixler

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*:  November 2, 2007,
at *(place)*:  United States District Court, Southern District of California
*(description of reasons for liability)*:

On November 2, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University published sealed records pertaining to the plaintiff into a public forum by submitting them to United States District Court, Southern District of California with the knowledge that the records were sealed.

As a result of the defendants' tortious actions of Public Disclosure of Private Facts for disclosing private information dating back over twenty four years, the plaintiff has suffered extreme emotional distress, a loss of reputation and a loss of income from the conduct of the defendants and requests general and punitive damages in the amount of $1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form

CAUSE OF ACTION - Intentional Tort

Legal
Solutions
Plus

CCP 425.12

EXHIBIT A
Page 14

SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER        CASE NUMBER:

8th _____ (number)        CAUSE OF ACTION - Intentional Tort        Page 11

ATTACHMENT TO    ☒ Complaint   ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name)*: Kevin Vanginderen

alleges that defendant *(name)*:  Cornell University and Bert Deixler

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*: November 2, 2007,
at *(place)*: United States District Court, Southern District of California and everywhere the Internet is available
*(description of reasons for liability)*:

On November 2, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University published sealed records pertaining to the plaintiff onto the Internet by submitting them to United States District Court, Southern District of California, with the knowledge, intent and purpose that it would immediately appear world wide upon the the Justia.com Web site and with the knowledge that the records were sealed.

As a result of the defendants' tortious actions of Public Disclosure of Private Facts for disclosing private information dating back over twenty four years, the plaintiff has suffered extreme emotional distress, a loss of reputation and a loss of income from the conduct of the defendants and requests general and punitive damages in the amount of $1,000,000.

Form Approved by the Judicial Council of California Effective January 1, 1982 Rule 982.1(4) Optional Form        CAUSE OF ACTION - Intentional Tort        Legal Solutions Plus        CCP 425.12

EXHIBIT A
Page 15

SHORT TITLE:  VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER:

9th _____     **CAUSE OF ACTION - Intentional Tort**     Page 12 _____
  (number)

ATTACHMENT TO    [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.   Plaintiff *(name)*: Kevin Vanginderen

     alleges that defendant *(name)*:  Cornell University and Bert Deixler

           [ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
intentionally caused the damage to plaintiff
on *(date)*: November 2, 2007,
at *(place)*: United States District Court, Southern District of
California
*(description of reasons for liability)*:

     On November 2, 2007, Defendant Bert Deixler acting as an agent of
Defendant Cornell University published previously sealed records
pertaining to the plaintiff into a public forum by submitting them to
United States District Court, Southern District of California with the
knowledge that the majority of these records are inadmissible on
grounds of privacy, attorney client privilege, and lack of
authenticity and/or relevance.

     As a result of the defendants' tortious actions of Intrusion Into
Private Affairs by disclosing private and privileged information
dating back over twenty four years, the plaintiff has suffered extreme
emotional distress, a loss of reputation and a loss of income from the
conduct of the defendants and requests general and punitive damages in
the amount of $1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form

**CAUSE OF ACTION - Intentional Tort**

Legal
Solutions
Plus

CCP 425.12

**EXHIBIT A**
**Page 16**

SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY, BERT DEIXLER | CASE NUMBER:

10th _____ CAUSE OF ACTION - Intentional Tort     Page _13_
(number)

ATTACHMENT TO    ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name)*: Kevin Vanginderen

    alleges that defendant *(name)*:  Cornell University and Bert Deixler

    ☐ Does _____ to _____

    was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff .
on *(date)*: November 2, 2007,
at *(place)*:  United States District Court, Southern District of California and everywhere the Internet is available
*(description of reasons for liability)*:

    On November 2, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University republished previously sealed records pertaining to the plaintiff into a public forum by submitting them to United States District Court, Southern District of California with the knowledge, intent and purpose that it would immediately appear world wide upon the the Justia.com Web site and with the knowledge that the majority of these records are inadmissible on grounds of privacy, attorney client privilege, and lack of authenticity and/or relevance.

    As a result of the defendants' tortious actions of Intrusion Into Private Affairs for disclosing and publishing upon the Internet private and privileged information dating back over twenty four years, the plaintiff has suffered extreme emotional distress, a loss of reputation and a loss of income from the conduct of the defendants and requests general and punitive damages in the amount of $1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form

CAUSE OF ACTION - Intentional Tort

Legal
Solutions
℞ Plus

CCP 435.12

EXHIBIT A
Page 17

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS:    500 Third Avenue | |
| MAILING ADDRESS:   500 Third Avenue | |
| CITY AND ZIP CODE:   Chula Vista, CA 91910-5649 | |
| BRANCH NAME:   South County | |
| TELEPHONE NUMBER:  (619) 691-4400 | |

| PLAINTIFF(S) / PETITIONER(S):    KEVIN VANGINDEREN |
|---|
| DEFENDANT(S) / RESPONDENT(S):  CORNELL UNIVERSITY et.al. |

| VANGINDEREN VS. CORNELL UNIVERSITY | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER:<br>37-2008-00069807-CU-DF-SC |

Judge: William S. Cannon                                  Department: S-04

COMPLAINT/PETITION FILED: 04/08/2008

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

---

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00069807-CU-DF-SC        CASE TITLE: VANGINDEREN vs. CORNELL UNIVERSITY

### NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

### ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

### ADR OPTIONS

1) CIVIL MEDIATION PROGRAM: The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

Assignment to Mediation, Cost and Timelines: Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. Discovery: Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. Attendance at Mediation: Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

2) JUDICIAL ARBITRATION: Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

Assignment to Arbitration, Cost and Timelines: Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

EXHIBIT A
Page 19

3) SETTLEMENT CONFERENCES: The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

4) OTHER VOLUNTARY ADR: Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 428-3200.

ADDITIONAL ADR INFORMATION: For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

EXHIBIT A
Page 20

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 500 Third Avenue<br>MAILING ADDRESS: 500 Third Avenue<br>CITY, STATE, & ZIP CODE: Chula Vista, CA 91910-5649<br>BRANCH NAME: South County | |
| PLAINTIFF(S): KEVIN VANGINDEREN | |
| DEFENDANT(S): CORNELL UNIVERSITY et.al. | |
| SHORT TITLE: VANGINDEREN VS. CORNELL UNIVERSITY | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2008-00069807-CU-DF-SC |
|---|---|

Judge: William S. Cannon                                      Department: S-04

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                  ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                          ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____              Date: _____

Name of Plaintiff                                Name of Defendant

Signature                                        Signature

Name of Plaintiff's Attorney                     Name of Defendant's Attorney

Signature                                        Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 04/08/2008                                _____
                                                 JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)      STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION      Page: 1

3

**EXHIBIT A**
**Page 21**

1   NELSON E. ROTH, SBN 67350
    CORNELL UNIVERSITY
2   300 CCC Building
    Garden Avenue
3   Ithaca, New York 14853-2601
    Telephone:    (607)255-5124
4   Facsimile:    (607)255-2794

5

6   BERT H. DEIXLER, SBN 70614
    CLIFFORD S. DAVIDSON, SBN 246119
    PROSKAUER ROSE LLP
7   2049 Century Park East, 32nd Floor
    Los Angeles, CA 90067-3206
8   Telephone:   (310) 557-2900
    Facsimile:   (310) 557-2193

9
    Attorneys for Defendant,
10  CORNELL UNIVERSITY

11

12                SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      FOR THE COUNTY OF SAN DIEGO

                          SOUTH COUNTY DIVISION
14

15  KEVIN VANGINDEREN,                    ) Case No. 37-2008-00069807-CU-DF-
                                          ) SC
                 Plaintiff,               )
16                                        )
                                          ) Hon. William S. Cannon
17            v.                          ) Department S-04
                                          )
18  CORNELL UNIVERSITY, BERT DEIXLER      ) **NOTICE TO ADVERSE PARTY OF
                                          ) DEFENDANT'S FILING OF NOTICE
                 Defendants.              ) OF REMOVAL TO UNITED STATES
19                                        ) DISTRICT COURT FOR THE
                                          ) SOUTHERN DISTRICT OF
20                                        ) CALIFORNIA**
                                          )
21                                        )
                                          ) Action Filed: April 8, 2008
22                                        )

23

24

25

26

27

28

                           EXHIBIT B
                            Page 22

                NOTICE TO ADVERSE PARTY OF REMOVAL

1   TO PLAINTIFF KEVIN VANGINDEREN AND HIS ATTORNEYS OF RECORD, IF ANY:

2        PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United

3   States District Court for the Southern District of California on April 28, 2008, bearing Case No.

4   _____, by defendant Cornell University.

5        A true and correct copy of the Notice of Removal is attached to this Notice as Exhibit A,

6   and is served and filed herewith.

7

8

9   DATED: April 28, 2008                NELSON E. ROTH
                                     CORNELL UNIVERSITY

10                               BERT H. DEIXLER
                                 CLIFFORD S. DAVIDSON

11                               PROSKAUER ROSE LLP

12

13                                        Clifford S. Davidson

14                             Attorneys for Defendant,
                             CORNELL UNIVERSITY

15

16

17

18

19

20

21

22

23

24

25

26

27

28                          EXHIBIT B
                            Page 23
                          1

                  NOTICE TO ADVERSE PARTY OF REMOVAL

**EXHIBIT  C**

1

2    NELSON E. ROTH, SBN 67350
     CORNELL UNIVERSITY
3    300 CCC Building
     Garden Avenue
4    Ithaca, New York 14853-2601
     Telephone:    (607)255-5124
5    Facsimile:     (607)255-2794

6

7    BERT H. DEIXLER, SBN 70614
     CLIFFORD S. DAVIDSON, SBN 246119
     PROSKAUER ROSE LLP
8    2049 Century Park East, 32nd Floor
     Los Angeles, CA  90067-3206
9    Telephone:    (310) 557-2900
     Facsimile:     (310) 557-2193

10

11   Attorneys for Defendant,
     CORNELL UNIVERSITY

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF SAN DIEGO

14                      SOUTH COUNTY DIVISION

15   KEVIN VANGINDEREN,                 )   Case No. 37-2008-00069807-CU-DF-SC
                                        )
16              Plaintiff,              )   Hon. William S. Cannon
                                        )   Department S-04
17        v.                            )
                                        )   **NOTICE TO STATE COURT OF**
18   CORNELL UNIVERSITY, BERT DEIXLER   )   **DEFENDANT'S FILING OF NOTICE**
                                        )   **OF REMOVAL TO UNITED STATES**
19              Defendants.             )   **DISTRICT COURT FOR THE**
                                        )   **SOUTHERN DISTRICT OF**
20                                      )   **CALIFORNIA**
                                        )
21   _____)
                                            Action Filed: April 8, 2008
22

23

24

25

26

27

28
                          EXHIBIT C
                          Page 24

8085/21177-001
Current/11079166v1        NOTICE TO STATE COURT OF REMOVAL

1   TO THE HONORABLE WILLIAM S. CANNON, JUDGE OF THE SUPERIOR COURT OF

2   THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO, SOUTH COUNTY

3   DIVISION:

4         PLEASE TAKE NOTICE that on April 28, 2008, defendant Cornell University filed a

5   Notice of Removal of the above-entitled action, pursuant to 28 U.S.C. § 1441(b), in the United

6   States District Court for the Southern District of California, bearing Case No. _____.

7   Defendant Bert Deixler consented to said removal

8         A true and correct copy of the Notice of Removal filed with the United States District

9   Court for the Central District of California is attached hereto as Exhibit A.  Pursuant to 28 U.S.C.

10  § 1446(d), the action in this Court "shall proceed no further unless and until the case is remanded."

11

12  DATED: April 28, 2008                          NELSON E. ROTH
                                                    CORNELL UNIVERSITY

13                                                  BERT H. DEIXLER
                                                    CLIFFORD S. DAVIDSON
14                                                  PROSKAUER ROSE LLP

15

16                                        _____
                                                    Clifford S. Davidson
17
                                                    Attorneys for Defendant,
18                                                  CORNELL UNIVERSITY

19

20

21

22

23

24

25

26

27                                        EXHIBIT C
                                          **Page 25**
28

                                              1

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CORNELL UNIVERSITY

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEVIN VANGINDEREN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Diego
500 3rd Ave.
Chula Vista, CA 91910-5649

CASE NUMBER:
*(Número del Caso):*
37-2007-00076496-CU-DF-SC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Vanginderen
637 Third Ave., Ste. E1, Chula Vista, CA 91910

DATE:
*(Fecha)* OCT 0 1 2007

Clerk, by _____, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.
www.USCourtForms.com

EXHIBIT D
Page 26

6

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kevin Vanginderen<br>637 Third Ave., Ste. E-1<br>Chula Vista, CA 91910<br>TELEPHONE NO.: (619) 585-7414    FAX NO.:<br>ATTORNEY FOR *(Name):* plaintiff in pro per | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego | |
|---|---|
| STREET ADDRESS: 500 3rd Ave.<br>MAILING ADDRESS: 500 3rd Ave.<br>CITY AND ZIP CODE: Chula Vista, CA 91910-5649<br>BRANCH NAME: South County Division | |

CASE NAME:
VANGINDEREN v. CORNELL UNIVERSITY

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2007-00076496-CU-DF-SC |
|---|---|---|
| [✓] Unlimited    [ ] Limited<br>(Amount     (Amount<br>demanded    demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: <br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Construction defect (10) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [✓] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve      in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action *(specify):* Libel, Public Disclosure of Private Facts
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 1, 2007

Kevin Vanginderen
_____     ▶ _____
(TYPE OR PRINT NAME)               (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT D
Page 27

7

982.1(1)

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br><br>Kevin Vanginderen<br>637 3rd Avenue, Suite E-1<br>Chula Vista, CA 91910<br><br>TELEPHONE NO: (619)585-7414    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |

NAME OF COURT: Superior Court of California, San Diego County
STREET ADDRESS: 500 Third Ave.
MAILING ADDRESS: 500 Third Ave.
CITY AND ZIP CODE: Chula Vista, CA 91910-5649
BRANCH NAME: South County

PLAINTIFF: Kevin Vanginderen

DEFENDANT: Cornell University

☐ DOES 1 TO _____

**COMPLAINT — Personal Injury, Property Damage, Wrongful Death**
☐ AMENDED (Number):
Type (check all that apply):
☐ MOTOR VEHICLE    ☒ OTHER (specify): Public Disclosure of
☐ Property Damage    ☐ Wrongful Death   Private Fact/Libel
☒ Personal Injury    ☒ Other Damages (specify): loss of
reputation, mental anguish

Jurisdiction (check all that apply):
☐ ACTION IS A LIMITED CIVIL CASE
Amount demanded    ☐ does not exceed $10,000
                   ☐ exceeds $10,000, but does not exceed $25,000
☒ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
☐ ACTION IS RECLASSIFIED by this amended complaint
   ☐ from limited to unlimited
   ☐ from unlimited to limited

CASE NUMBER:

37-2007-00076496-CU-DF-SC

1. PLAINTIFF (name): Kevin Vanginderen

   alleges causes of action against DEFENDANT (name): Cornell University
2. This pleading, including attachments and exhibits, consists of the following number of pages: 2
3. Each plaintiff named above is a competent adult
   a. ☒ except plaintiff (name): Cornell University
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☒ a public entity (describe): a public university
      (4) ☐ a minor    ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

   b. ☐ except plaintiff (name):
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity (describe):
      (3) ☐ a public entity (describe):
      (4) ☐ a minor    ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other (specify):
      (5) ☐ other (specify):

   ☐ Information about additional plaintiffs who are not competent adults is shown in Complaint — Attachment 3.

Page 1 of 3

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>982.1(1) [Rev. July 1, 2002] | **COMPLAINT — Personal Injury, Property**<br>**Damage, Wrongful Death**<br>EXHIBIT D<br>Page 28 | Legal<br>Solutions<br>Plus    Code of Civil Procedure, § 425.12 |

8

SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY

CASE NUMBER:

4. [X] Plaintiff (name): Kevin Vanginderen
   is doing business under the fictitious name (specify):

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. [X] except defendant (name):

      (1) [ ] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity (describe):

      (4) [X] a public entity (describe): a public university
      (5) [ ] other (specify):

   c. [ ] except defendant (name):

      (1) [ ] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity (describe):

      (4) [ ] a public entity (describe):

      (5) [ ] other (specify):

   b. [ ] except defendant (name):

      (1) [ ] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity (describe):

      (4) [ ] a public entity (describe):

      (5) [ ] other (specify):

   d. [ ] except defendant (name):

      (1) [ ] a business organization, form unknown
      (2) [ ] a corporation
      (3) [ ] an unincorporated entity (describe):

      (4) [ ] a public entity (describe):

      (5) [ ] other (specify):

   [ ] Information about additional defendants who are not natural persons is contained in Complaint — Attachment 5.

6. The true names and capacities of defendants sued as Does are unknown to plaintiff.

7. [ ] Defendants who are joined pursuant to Code of Civil Procedure section 382 are (names):

8. This court is the proper court because
   a. [ ] at least one defendant now resides in its jurisdictional area.
   b. [ ] the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. [X] injury to person or damage to personal property occurred in its jurisdictional area.
   d. [ ] other (specify):

9. [X] Plaintiff is required to comply with a claims statute, and
   a. [X] plaintiff has complied with applicable claims statutes, or
   b. [ ] plaintiff is excused from complying because (specify):

982.1(1) [Rev, July 1, 2002]

**COMPLAINT — Personal Injury, Property Damage, Wrongful Death**

Page 2 of 3

| SHORT TITLE: VANGINDEREN V. CORNELL UNIVERSITY | CASE NUMBER: |
|---|---|

10. The following causes of action are attached and the statements above apply to each (*each complaint must have one or more causes of action attached*):
   a. [  ] Motor Vehicle
   b. [  ] General Negligence
   c. [X] Intentional Tort
   d. [  ] Products Liability
   e. [  ] Premises Liability
   f. [  ] Other *(specify):*

11. Plaintiff has suffered
   a. [  ] wage loss
   b. [  ] loss of use of property
   c. [  ] hospital and medical expenses
   d. [X] general damage
   e. [  ] property damage
   f. [  ] loss of earning capacity
   g. [X] other damage *(specify):* loss of reputation, mental anguish

12. [  ] The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. [  ] listed in Complaint — Attachment 12.
   b. [  ] as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. PLAINTIFF PRAYS for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) [X] compensatory damages
      (2) [X] punitive damages
   b. The amount of damages is *(you must check (1) in cases for personal injury or wrongful death):*
      (1) [  ] according to proof
      (2) [X] in the amount of: $ 1,000,000.00

15. [  ] The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: October 1, 2007

Kevin Vanginderen
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1) [Rev. July 1, 2002]     **COMPLAINT — Personal Injury, Property Damage, Wrongful Death**     Page 3 of 3

SHORT TITLE:  VANGINDEREN V. CORNELL UNIVERSITY

CASE NUMBER:

---

1 _____    **CAUSE OF ACTION - Intentional Tort**    Page _4_____
   (number)

ATTACHMENT TO  [X] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name)*: Kevin Vanginderen

     alleges that defendant *(name)*:  Cornell Univeristy

       [ ] Does _____ to _____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant
intentionally caused the damage to plaintiff
on *(date)*:  March 17 1983, September 2, 2007, and continuing
at *(place)*:  Cornell Univeristy, Chula Vista, CA, and to all national
*(description of reasons for liability)*: and international internet service protocol adresses

   On March 17, 1983, a publication funded and operated by the
defendant named the "Cornell Chronicle", was published with defamatory
and libelous information about the plaintiff.  The publication stated
that an incorrect criminal charge was brought against the plaintiff,
it misstated the basis for the actual charge brought against him and
further portrayed the plaintiff as the likely perpetrator and suspect
of numerous crimes he was never investigated for, charged with, nor
had any involvement in.  Sometime in the year 2007, the defendant
republished this article onto the internet by placing it in the public
domain on the defendant's library website for the first time, which
was over twenty four years after its first more limited publication.

   On September 2, 2007, the plaintiff first became aware of the
original publication when he conducted an annual "google search" of
his name on the internet.  The false statements became prominently
available to the plaintiff and all others running a similar commonly
conducted search.  The defendant was informed of these circumstances
by the plaintiff on that date and asked to correct it, however, the
defendant has refused to delete this information from the public
domain resulting in potentially infinite occurences of new counts of
liability for libel.

   The defendant is liable for damages for multiple counts of Libel
dating back over twenty four years. The plaintiff has suffered extreme
emotional distress and loss of reputation from the conduct of the
defendant and requests general and punitive damages in the amount of
$1,000,000.

---

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form

**CAUSE OF ACTION - Intentional Tort**

Legal
Solutions
& Plus

CCP 425.12

SHORT TITLE:  VANGINDEREN V. CORNELL UNIVERSITY

CASE NUMBER:

2_____  **CAUSE OF ACTION - Intentional Tort**          Page _5_____
    (number)

ATTACHMENT TO  [X] Complaint   [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1.  Plaintiff *(name)*: Kevin Vanginderen

alleges that defendant *(name)*:  Cornell Univeristy

☐ Does _____ to _____

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)*:  September 2, 2007, and continuing
at *(place)*:  Chula Vista, CA, and to all national and international
        internet service protocol adresses
*(description of reasons for liability)*:
    On March 17, 1983, a publication funded and operated by the
defendant named the "Cornell Chronicle", was published with
information which stated that a criminal charge was brought against
the plaintiff and that he was the likely perpetrator and suspect of
numerous crimes that he was never charged with. Sometime in the year
2007, the defendant republished this article onto the internet by
placing it in the public domain on the defendant's library website for
the first time, twenty four years after its first limited publication.

    On September 2, 2007, the plaintiff first became aware of the
original publication when he conducted an annual "google search" of
his name on the internet.  The defendant's statements from 1983
regarding the plaintiff have now for the first time become prominently
available to the plaintiff and all others running a similar commonly
conducted search.  The information stating that a charge had been
brought against the plaintiff in 1983 was first made available by the
defendant in a prominent manner on the internet over twenty four years
after the event.  The defendant was informed of these circumstances by
the plaintiff on that date and asked to delete it, however, the
defendant has refused to delete this information from the public
domain resulting in potentially infinite occurences of new counts of
liability for Public Disclosure of Private Facts.

    The defendant is liable for damages for multiple counts of tortious
Public Disclosure of Private Facts for disclosing private information
dating back over twenty four years. The plaintiff has suffered extreme
emotional distress and loss of reputation from the conduct of the
defendant and requests general and punitive damages in the amount of
$1,000,000.

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(4)
Optional Form                    **CAUSE OF ACTION - Intentional Tort**       Legal        CCP 425.12
                                                                             Solutions·
                                                                             ⅭⓆ Plus

**SUPERIOR COURT OF CALIFORNIA, COUN  OF SAN DIEGO**
STREET ADDRESS:     500 Third Avenue
MAILING ADDRESS:     500 Third Avenue
CITY AND ZIP CODE:   Chula Vista, CA 91910-5649
BRANCH NAME:     South County
TELEPHONE NUMBER: (619) 691-4400

PLAINTIFF(S) / PETITIONER(S):     KEVIN VANGINDEREN

DEFENDANT(S) / RESPONDENT(S): Cornell University

VANGINDEREN VS. CORNELL UNIVERSITY

| **NOTICE OF CASE ASSIGNMENT** | CASE NUMBER: |
| --- | --- |
| | 37-2007-00076496-CU-DF-SC |

Judge: William S. Cannon                              Department: S-04

COMPLAINT/PETITION FILED: 10/01/2007

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                                                                                        Page: 1

**NOTICE OF CASE ASSIGNMENT**

EXHIBIT D
Page 33

13

**EXHIBIT E**



1
NELSON E. ROTH, SBN 67350
    ner3@cornell.edu
2
CORNELL UNIVERSITY
300 CCC Building
3
Garden Avenue
Ithaca, New York 14853-2601
4
Telephone:    (607)255-5124
Facsimile:    (607)255-2794
5

BERT H. DEIXLER, SBN 70614
6
    bdeixler@proskauer.com
CHARLES S. SIMS, New York Attorney Registration No. 1535640
7
    admitted *pro hac vice*
    csims@proskauer.com
8
CLIFFORD S. DAVIDSON, SBN 246119
    cdavidson@proskauer.com
9
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
10
Los Angeles, CA  90067-3206
Telephone:    (310) 557-2900
11
Facsimile:    (310) 557-2193

12
Attorneys for Defendant,
CORNELL UNIVERSITY
13

14
UNITED STATES DISTRICT COURT

15
SOUTHERN DISTRICT OF CALIFORNIA

16
KEVIN VANGINDEREN,                                    Case No. 07-CV-2045-BTM-JMA

17
                     Plaintiff,                       Hon. Barry T. Moskowitz

18
        v.                                            DEFENDANT'S NOTICE OF
                                                      SPECIAL MOTION TO STRIKE
19
CORNELL UNIVERSITY,                                   AND SPECIAL MOTION TO
                                                      STRIKE PLAINTIFF'S
20
                     Defendant.                       COMPLAINT PURSUANT TO
                                                      SECTION 425.16 OF THE
21
                                                      CALIFORNIA CODE OF CIVIL
                                                      PROCEDURE
22
                                                      [Per chambers, no oral argument
23
                                                      unless requested by the Court]

24
                                                      [Request for Judicial Notice filed
                                                      concurrently]
25
                                                      Hearing Date:  December 21, 2007
26
                                                      Time:              11:00 a.m.
                                                      Place:             Courtroom 15
27

28
                                                      Action Filed: October 1, 2007

_____
NOTICE OF SPECIAL MOTION TO STRIKE AND SPECIAL MOTION TO STRIKE

EXHIBIT E
Page 34

1   TO DEFENDANT AND HIS ATTORNEYS OF RECORD:

2        PLEASE TAKE NOTICE that on December 21, 2007, at 11 a.m., or as soon

3   thereafter as counsel may be heard in the United States District Court for the

4   Southern District of California, Courtroom 15, located at 940 Front Street, San

5   Diego, California 92101, defendant Cornell University ("Cornell") will and hereby

6   does move for an order striking the Complaint of plaintiff Kevin Vanginderen

7   ("Plaintiff") in its entirety, with prejudice and without leave to amend, and, further

8   awarding Cornell its reasonable attorneys' fees and costs incurred in bringing this

9   special motion to strike.

10       This special motion to strike will be and is made upon the following grounds.

11       Plaintiff filed this action after discovering in the electronic archives of the

12  Cornell University Library a 24-year-old report in the *Cornell Chronicle* that

13  described Plaintiff's criminal activities as a Cornell undergraduate.  Plaintiff alleges

14  that the news account is libelous and reflects public disclosure of private facts.

15       The Complaint is indisputably a "strategic lawsuit against public

16  participation" ("SLAPP") that is barred by the anti-SLAPP statute, California Code

17  of Civil Procedure § 425.16.  The Complaint's allegations arise entirely out of

18  Cornell's actions in furtherance of the right to engage in "conduct in furtherance of

19  the exercise of the . . . constitutional right of free speech in connection with a public

20  issue or an issue of public interest." Cal. Code Civ. Pro. § 425.16(e)(4).

21       Because the Complaint is a SLAPP lawsuit, Section 425.16(b)(1) and relevant

22  Ninth Circuit authorities require that the Complaint be stricken unless Plaintiff

23  makes a prima facie showing that his claims are legally and factually sufficient.

24  Plaintiff cannot show either because, as set forth in detail in Cornell's

25  accompanying Memorandum of Points and Authorities, the *Cornell Chronicle* report

26  on Plaintiff's criminal activities is fair and true and any claim would be time-barred.

27  A simple examination of the records of the Ithaca City Court, attached as Exhibit A

28

1

NOTICE OF SPECIAL MOTION TO STRIKE AND SPECIAL MOTION TO STRIKE

EXHIBIT E
Page 35

1  to the concurrently filed Request for Judicial Notice, demonstrates the truth of the

2  news account of the criminal proceedings.

3    As the Complaint is a SLAPP lawsuit unsupported by law or fact, Cornell is

4  entitled to recover from Plaintiff Cornell's reasonable attorneys' fees and costs

5  incurred in bringing this special motion to strike, pursuant to California Code of

6  Civil Procedure § 425.16(c) and relevant Ninth Circuit authorities.

7    This special motion to strike will be and is based upon this Notice, the

8  accompanying Memorandum of Points and Authorities, the accompanying Request

9  for Judicial Notice and exhibits attached thereto, the Declarations of Valerie Cross

10  Dorn and Anne Richardson Kenney, the records and files in this action and upon

11  such further oral and documentary evidence as may be presented at or before the

12  hearing on this special motion to strike.

13

14  DATED: November 2, 2007      BERT H. DEIXLER

15                 CHARLES S. SIMS
                  CLIFFORD S. DAVIDSON

16                 PROSKAUER ROSE LLP

17                 NELSON E. ROTH
                  CORNELL UNIVERSITY

18

19                 s/Bert H. Deixler

20                   Bert H. Deixler

21                 Attorneys for Defendant,
                  CORNELL UNIVERSITY

22

23

24

25

26

27

28

                    2

NOTICE OF SPECIAL MOTION TO STRIKE AND SPECIAL MOTION TO STRIKE