Kevin Vanginderen, Plaintiff Pro Per
637 Third Ave., Suite E1
Chula Vista, CA 91910
Telephone: (619) 585-7414

FILED
2008 MAY -8 AM 9:41
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>    Plaintiff,<br><br>    v.<br>CORNELL UNIVERSITY,<br>BERT DEIXLER,<br><br>    Defendants. | Case No. 08-CV-00736-BTM-JMA<br><br>Hon. Thomas J. Whelan<br><br>PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL FROM THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR THE COUNTY OF SAN DIEGO<br><br>(filed concurrently in San Diego Superior Court, South County Division<br>Case No. 37-2008-00069807-CU-DF-SC) |

Defendant Bert Deixler's assertion in his Notice of Removal that he was fraudulently joined in the above captioned case is without merit. The defendant contends that his First Amendment right to be a zealous advocate includes an all encompassing license to: 1) lie in a court filing, by repeating a false statement verbatim which is the basis of the underlying previous libel claim under the flawed impression that if a false statement is repeated enough times it then somehow becomes true; 2) submit into a public court record, and thus immediately publish onto the Internet, documents which the defendant was aware were sealed under a court order at the time they were submitted to the court; and, 3) submit an entire record from previously sealed files to a court as purported evidence, and thus immediately publish its contents onto the Internet, which includes documents which are all unauthenticated, contains a purported recorded transcript from an interrogation which would have been recorded illegally under New York State law,

1  includes documents which have no remote relevance in a determination of the truth of the
2  statement in the previous underlying Libel claim and also includes privileged attorney client
3  communications from a twenty four years old matter.

4      Defendant Bert Deixler has subverted and corrupted the electronic filing system of the
5  United States Federal Court into a vehicle for publishing onto the Internet a myriad of private
6  information regarding the plaintiff which has no bearing on the previous suit along with his
7  libelous statement.  The defendant's assertion of a Cal. Civil Code § 47 immunity fails to
8  mention the many exceptions within the code that apply to him.  These exceptions include: 1)
9  Violating Rule 5-120 of the State Bar Rules of Professional Conduct in regard to clearly
10 inadmissible evidence and statements known to be false or deceptive (Cal. Civil Code § 47
11 (2)(A)); 2) Breaches of a court order (Cal. Civil Code Cal. Civil Code § 47 (2)(B)), and 3)
12 Violations of any requirement of confidentiality by law (Cal. Civil Code § 47 (2)(C)).  The
13 defendant's position is that all State and Federal Rules of Evidence should not apply in these
14 matters.  He additionally wishes to convince this court that the entire litigation in these two
15 claims ought be decided solely upon paper filings and devoid of an actual trial.

16     The plaintiff will testify at trial that Mr. Deixler stated to him that if the underlying
17 original claim was not dismissed forthright, this matter would lead to further publicity of the
18 circumstances regarding the original Private Disclosure of Public Facts claim. The issue of
19 whether Defendant Bert Diexler's conduct and motivations in this matter are simply the result of
20 an innocent and privileged zealous defense of his client interests or rather the result of a
21 nefarious campaign by him to publish and publicize private records in an attempt to destroy the
22 reputation and livelihood of the plaintiff is a matter that should be decided by a trier of fact, not
23 as a matter of law.

24

25 Dated: May 6, 2008

26                                             _____
27                                             Kevin Vanginderen,
                                            Plaintiff in pro per
28

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF San Diego

I have read the foregoing _____
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____        _____
Type or Print Name                                Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** San Diego

I am employed in the county of San Diego, State of California.
I am over the age of 18 and not a party to the within action; my business address is: 637 Third Avenue, Suite E-1, Chula Vista, CA 91910

On, May 7, 2008 I served the foregoing document described as A copy of the Plaintiff's Response to Defendant's Notice of Removal From the Superior Court of the State of California for the County of San Diego (Federal And State Court filings) on Defendant Attorneys in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Clifford Davidson, Esq., Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
Nelson Roth, Esq., Office of University Counsel, 300 CCC Building, Garden Ave., Ithaca, New York 14853

☒ **BY MAIL**

☒ *I deposited such envelope in the mail at 637 Third Avenue, Chula Vista, California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Juan Ramirez                                  _____
Type or Print Name                                         Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus                                         Rev. 7/99