1   Nelson E. Roth, SBN 67350
          ner3@cornell.edu
2   CORNELL UNIVERSITY
    300 CCC Building
3   Garden Avenue
    Ithaca, New York 14853-2601
4   Telephone:    (607)255-5124
    Facsimile:    (607)255-2794
5
    Bert H. Deixler, SBN 70614
6          e-mail:  bdeixler@proskauer.com
    Clifford S. Davidson, SBN 246119
7          e-mail:  cdavidson@proskauer.com
    PROSKAUER ROSE LLP
8   2049 Century Park East, 32nd Floor
    Los Angeles, CA  90067-3206
9   Telephone:    (310) 557-2900
    Facsimile:    (310) 557-2193
10
    Attorneys for Defendant,
11  CORNELL UNIVERSITY
12  ADDITIONAL COUNSEL AND PARTIES
    LISTED ON FOLLOWING PAGE
13
                    UNITED STATES DISTRICT COURT
14
                  SOUTHERN DISTRICT OF CALIFORNIA
15

16  KEVIN VANGINDEREN,                    )  Case No. 08-CV-736 BTM(JMA)
                                          )
                         Plaintiff,       )  Hon. Barry T. Moskowitz
17                                        )
           v.                             )  **DEFENDANTS' CONSOLIDATED**
18                                        )  **MEMORANDUM OF POINTS AND**
    CORNELL UNIVERSITY, BERT DEIXLER,     )  **AUTHORITIES IN SUPPORT OF**
19                                        )  **DEFENDANTS' SPECIAL MOTIONS**
                                          )  **TO STRIKE PLAINTIFF'S**
                         Defendants.      )  **COMPLAINT PURSUANT TO**
20                                        )  **SECTION 425.16 OF THE**
                                          )  **CALIFORNIA CODE OF CIVIL**
21                                        )  **PROCEDURE**
                                          )
22                                        )
                                          )  [Per chambers, no oral argument unless
23                                        )  requested by the Court]
                                          )
24                                        )  [Supplemental Davidson Declaration and
                                          )  Supplemental Stanley Declaration filed
25                                        )  concurrently]
                                          )
26                                        )  Hearing Date: July 3, 2008
                                          )  Time:          11:00 a.m.
27                                        )  Place:         Courtroom 15
                                          )
28  ────────────────────────────────────)

1  Lary Alan Rappaport, SBN 87614
        e-mail:  lrappaport@proskauer.com
2  Clifford S. Davidson, SBN 246119
        e-mail:  cdavidson@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA  90067-3206
   Telephone:    (310) 557-2900
5  Facsimile:    (310) 557-2193

6  Attorneys for Defendant,
   BERT DEIXLER
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants Cornell University ("Cornell") and Bert Deixler ("Deixler") hereby submit their reply memorandum of points and authorities in support of their special motions to strike the complaint of plaintiff Kevin Vanginderen ("Plaintiff") in its entirety, with prejudice and without leave to amend.

**INTRODUCTION**

Plaintiff persists in his claims despite this Court's grant of Cornell's anti-SLAPP motion in Plaintiff's first case against Cornell, No. 07-cv-2045 BTM (JMA) (the "2007 Action"), and even after Defendants afforded Plaintiff an opportunity to dismiss the present action, (*see* concurrently filed Supplemental Declaration of Clifford S. Davidson ("Suppl. Davidson Declaration") ¶ 2 & Ex. A). Plaintiff yet again fails to present persuasive legal arguments or competent evidence in support of his claims. The Court should strike the present action and award to Cornell and Deixler its and his attorneys' fees and costs.

**DISCUSSION**

**A.     Plaintiff's Complaint Is a SLAPP Suit**

In support of his claim that California Code of Civil Procedure § 425.16 (the "anti-SLAPP statute") does not apply to his Complaint, Plaintiff presents the same meritless arguments in his Opposition as he did in the Opposition he filed in the 2007 Action. Cornell therefore incorporates herein the Court's June 3, 2008 Order in the 2007 Action (Dkt. #27) (the "June 3 Order") as though set forth in its entirety. *See* Suppl. Davidson Decl. ¶ 3 & Ex. B.

Further, Plaintiff's arguments are inapt because the present action arises from statements made in the course of Cornell's (and Officer Bourne's) investigation in 1983 and Cornell's defense against the 2007 Action, rather than from a statement contained in a newspaper. The anti-SLAPP statute applies to actions arising from "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Code Civ. Pro. § 425.16(e)(2). *See Salma v. Capon*, No. A115057, 2008 WL 946092, at *5 (Cal. Ct. App. Apr. 9, 2008) (applying anti-SLAPP statute where allegedly defamatory statements made in context of potential legal

1    action); *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006)

2    ("Both section 425.16 and Civil Code section 47 are construed broadly, to protect the right of

3    litigants to the utmost freedom of access to the courts without [the] fear of being harassed

4    subsequently by derivative tort actions." [internal quotations and citations omitted; alterations in

5    original]).

6           Officer Bourne's statements in 1983 were part of an investigation giving rise to future

7    legal proceedings.  Cornell's and Deixler's alleged statements in 2007 were made in the context of

8    a lawsuit before this Court.  For these reasons and as discussed in Defendants' respective motions,

9    the anti-SLAPP statute applies.  Plaintiff was required in his Opposition to demonstrate the legal

10    and factual sufficiency of his claims, which he did not (and could not) do.

11    **B.**      <u>**Plaintiff, Not Cornell, Has the Burden of Proof on This Motion**</u>

12           Throughout his Opposition, Plaintiff insists – despite the plain language of the "anti-

13    SLAPP statute" and relevant case law – that it is Cornell's burden to demonstrate the merits of its

14    claims.  Opp'n at pp. 7, 8, 17, 19, 20, 21.  In fact, in the anti-SLAPP framework, it is Plaintiff who

15    bears the burden of demonstrating the sufficiency of his claims.  Cal. Code Civ. Pro. §

16    425.16(b)(1); *see*, *e.g.*, *Metabolife Int'l v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) ("[Plaintiff]

17    must demonstrate that the complaint is legally sufficient and supported by a prima facie showing

18    of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.");

19    *Paterno v. Superior Court*, No. G038555, 2008 WL 2390430, at *1-2 (Cal. Ct. App. June 13,

20    2008) (noting that Plaintiff bore burden of persuasion after defendant demonstrated that complaint

21    was a SLAPP suit).  The Court should reject Plaintiff's claims to the contrary.

22    **C.**      <u>**The Discovery Rule Did Not Toll the Statute of Limitations; Each of Plaintiff's**</u>

23           <u>**Claims against Cornell Is Time-Barred**</u>

24           Despite Plaintiff's arguments to the contrary, (*see* Opp'n at pp. 18-19), his claims against

25    Cornell are barred by the one-year statute of limitations for defamation claims and disclosure torts.

26    Cal. Code Civ. Pro. § 340(c); *Briscoe v. Reader's Digest Ass'n, Inc.*, 4 Cal. 3d 529, 543 (1971)

27    ("[A] false light cause of action is in substance equivalent to ... [a] libel claim, and should meet the

28    same requirements of the libel claim. . . ." (internal quotations and citations omitted)).  Plaintiff

1    erroneously relies on *Hebrew Academy of San Francisco v. Goldman* for the proposition that the

2    statute of limitations began to run on December 15, 2007, when Cornell, through Deixler, filed the

3    unsealed police records. Opp'n at 18. In fact, that case supports Defendants' position that

4    Plaintiff's claims are barred. In *Hebrew Academy*, the California Supreme Court held that the

5    single publication rule, articulated most prominently in *Shively v. Bozanich*, 31 Cal. 4th 1230,

6    1237 (2003), applied to all publications regardless of how widely or narrowly distributed. *Hebrew*

7    *Academy of San Francisco v. Goldman*, 42 Cal. 4th 883, 887 (2007). *Hebrew Academy* therefore

8    appears to have overruled relevant parts of *Shively*, which Plaintiff cites in support of application

9    of the discovery rule. Opp'n at 18-19.

10          Even if *Shively* still is good law and the discovery rule applies to defamatory statements

11   hidden from view or "communicated in an inherently secretive manner," *Bozanich*, 31 Cal. 4th at

12   1230, that rule does not avail Plaintiff. The alleged defamation here is not, for example, contained

13   in a personnel file hidden from view. *See Id.* (distinguishing *Manguso v. Oceanside Unified*

14   *School Dist.*, 88 Cal. App. 3d 725 (1979)). While after *Hebrew Academy* the discovery rule might

15   still protect those who, "with justification, are ignorant of their right to sue," *Hebrew Academy*, 42

16   Cal. 4th at 894 (citing *Manguso*, 88 Cal. App. 3d at 731), Plaintiff possesses no such justification.

17   He was accused in a criminal proceeding with multiple counts of larceny and burglary, and entered

18   a guilty plea. June 3 Order at 1:20-2:3. Plaintiff and his defense counsel in that proceeding

19   undoubtedly received the prosecution's evidence. Whether such evidence actually contained

20   Officer Bourne's statement is irrelevant; the criminal proceeding put him on notice of the

21   statement. Plaintiff therefore cannot claim that the alleged defamation was conveyed in an

22   inherently secretive manner or that it was hidden from view. In fact, it was disclosed to him

23   openly. The statute of limitations applies with full force to bar Plaintiff's claims against Cornell.

24   **D.    Defendants' Conduct Was Privileged and Does Not Fall Under Any Exception to the**

25          **Litigation Privilege**

26          Plaintiff fails to present any evidence, much less the required "competent evidence," to

27   support his flaccid assertion that Defendants are ineligible for the litigation privilege pursuant to

28

1  the exceptions contained in Civil Code § 47(d)(2).[1]  This lack of evidence destroys any argument

2  Plaintiff thinks he has in this regard.

3      In any event, Defendants have engaged in no conduct falling under any of the three

4  exceptions contained in that section.  The activities enumerated in § 47(d)(2) must have been

5  conducted in connection with a "communication to a public journal."  Unlike the 2007 Action –

6  which Plaintiff lost – the present action stems entirely from investigative statements maintained

7  and recorded in police files and documents filed in a litigation, not from any publicly-disseminated

8  publication.[2]  The exceptions contained in § 47(d)(2) simply do not apply to Defendants' conduct

9  because there was no communication to a public journal.  *See* Stanley Decl. ¶¶ 2-3.

10     Even if Defendants' conduct constituted "communication to a public journal," it did not

11 meet the description of §§ 47(d)(2)(A), (B) or (C).  Defendants have not violated Rule of Conduct

12 5-120 because they have not made an "extrajudicial statement."  Rather, they made a *judicial*

13 statement by filing documents with the Court.  Defendants have breached no court order, and

14 Plaintiff has failed to identify or enter into evidence any such order.  Defendants have not violated

15

16 [1] "Nothing in paragraph (1) shall make privileged any communication to a public journal that does

17 any of the following: [¶] (A) Violates Rule 5-120 of the State Bar Rules of Professional Conduct.

18 [¶] (B) Breaches a court order. [¶] (C)  Violates any requirement of confidentiality imposed by

19 law."

20 [2] If Plaintiff once again files a surreply – contrary to local rules – as he did in the 2007 Action, he

21 likely will argue that the filing of the unsealed criminal records was a "communication to a public

22 journal" because it was published with the knowledge and intent that it appear on Justia.com.

23 However, Plaintiff possesses not a shred of evidence in this regard (because there is none) and has

24 countered Defendants' competent Declaration of Timothy Stanley with mere paranoid assertions.

25 Opp'n at 16:17-17:2 (alleging conspiracy among Cornell, Google, Deixler and Justia.com to

26 destroy Plaintiff's reputation).  Defendants never communicated with Justia.com regarding

27 Vanginderen or the 2007 Action.  *See* concurrently-filed Supplemental Declaration of Timothy

28 Stanley ¶¶ 2,3.

1  any requirement of confidentiality, and Plaintiff has failed to identify any particular authority

2  imposing such a requirement.

3       Further, Plaintiff's discussion of § 47(d) is irrelevant as Defendants claim the privilege

4  contained in § 47(b).  Deixler Mot. at p. 8; Cornell Mot. at pp. 7-10.  That section "[A]pplies to

5  any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other

6  participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some

7  connection or logical relation to the action." *Sengchanthalangsy v. Accelerated Recovery*

8  *Specialists, Inc.*, 473 F. Supp. 2d 1083, 1086 (S.D. Cal. 2007) (citing *Silberg v. Anderson*, 50 Cal.

9  3d. 205, 213 (1990)).  For the reasons set forth in Defendants' respective motions, Defendants'

10  statements qualify for the litigation privilege and Plaintiff has presented no competent evidence

11  refuting any of the aforementioned factors.  Defendants are absolutely immune from every tort

12  Plaintiff alleges, including any claim based on the California Constitution. *Jacob B. v. County of*

13  *Shasta*, 40 Cal. 4th 948, 960 (2007).

14       Finally, Plaintiff's claim that Officer Bourne was a police officer and therefore was not

15  making a statement to police is unavailing; it makes no difference whether her statements "were

16  ones presumably made *by* a campus security officer and not statements made *to* an officer."  *See*

17  Opp'n at p. 22.  A statement by a "campus security officer" to others within the Department of

18  Public Safety is privileged under the common interest privilege:

19  A privileged publication or broadcast is one made . . . (c)  In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a

20  relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3)

21  who is requested by the person interested to give the information.

22  Cal. Code Civ. Pro. § 47(c).[3]

23       Officer Bourne, an investigator with the Department of Public Safety, kept detailed notes

24  of her interviews and investigation regarding Plaintiff and his crimes.  In some of her notes and

25  throughout her investigation, Officer Bourne stated her assessment of the case, such as the number

26

27  [3] "Whether the [common interest] privilege exists in a particular case is a legal question for the

28  court." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999).

1  of incidents that appeared to be connected to Plaintiff. *See*, *e.g.*, previously filed Declaration of

2  Clifford S. Davidson ¶ 3 & Ex. B, pp. 15-16, 18, 23, 27, 29-30, 33-36). Any such statements were

3  part of Public Safety's efforts to prevent further thefts. Officer Bourne's statements therefore

4  clearly were intended for others who shared her interest in protecting Cornell from criminal

5  activity; who, as Officer Bourne's colleagues, stood in a position to know her statements were

6  made innocently as part of her policing duties; and who requested that Officer Bourne provide the

7  statements. The common interest privilege therefore unquestionably applies and Officer Bourne's

8  statements are privileged regardless of whether those statements properly are viewed as *by* a police

9  officer, *to* a police officer, or both. *See Family Home & Finance Center*, *Inc. v. Federal Home*

10 *Loan Mortg. Corp.*, 461 F. Supp. 2d 1188, 1197 (C.D. Cal. 2006) ("The privilege applies to a

11 defendant acting to protect a pecuniary or proprietary interest and between parties in a contractual,

12 business, or similar relationship."); *see also Taus v. Loftus*, 40 Cal. 4th 683, 721 (2007) (collecting

13 cases). Plaintiff has not, and cannot, defeat this privilege, which requires that he demonstrate

14 actual malice. *Taus*, 40 Cal. 4th at 721.

15      Officer Bourne's statements therefore remain privileged against Plaintiff's claims

16 regardless of whose theory the Court accepts.

17 **E.**      **There Were No Private Facts to Disclose**

18      Defendants hereby incorporate by reference, as though set forth fully herein, the Court's

19 extensive findings of fact and conclusions of law described in the June 3 Order. For the same

20 reasons as in the 2007 Action, Plaintiff cannot demonstrate the legal or factual sufficiency of his

21 claim of public disclosure of private facts. The Ithaca Court files were never sealed, (June 3 Order

22 at 2:4-2:8), and Cornell was free to file them unredacted with this Court in the course of defending

23 against the 2007 Action. Further, once Plaintiff's additional criminal files were unsealed, they

24 were no longer private information. Plaintiff is entirely incapable of demonstrating otherwise.

25

26

27

28

1

### CONCLUSION

2      As in the 2007 Action, Plaintiff should be taxed with Defendants' costs and attorneys' fees

3 in this matter.

4

5  DATED: June 26, 2008                Nelson E. Roth
                                      CORNELL UNIVERSITY

6

7                                 Bert H. Deixler
                                 Clifford S. Davidson
                                 PROSKAUER ROSE LLP

8

9                                 /s/ -- Clifford S. Davidson
                                        Clifford S. Davidson

10

11                               Attorneys for Defendant,
                               CORNELL UNIVERSITY

12  DATED: June 26, 2008                Lary Alan Rappaport
                                 Clifford S. Davidson

13                                 PROSKAUER ROSE LLP

14                                 /s/ -- Clifford S. Davidson
                                        Clifford S. Davidson

15

16                               Attorneys for Defendant,
                               BERT DEIXLER

17

18

19

20

21

22

23

24

25

26

27

28