Nelson E. Roth, SBN 67350
    ner3@cornell.edu
CORNELL UNIVERSITY
300 CCC Building
Garden Avenue
Ithaca, New York 14853-2601
Telephone:    (607)255-5124
Facsimile:    (607)255-2794

Bert H. Deixler, SBN 70614
    e-mail: bdeixler@proskauer.com
Clifford S. Davidson, SBN 246119
    e-mail: cdavidson@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone:    (310) 557-2900
Facsimile:    (310) 557-2193

Attorneys for Defendant,
CORNELL UNIVERSITY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>            Plaintiff,<br><br>    v.<br><br>CORNELL UNIVERSITY, BERT DEIXLER,<br><br>            Defendants. | Case No. 08-CV-736 BTM(JMA)<br><br>Hon. Barry T. Moskowitz<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CORNELL'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br><br>[Per chambers, no oral argument unless requested by the Court]<br><br>[Notice of Motion and Motion, Davidson Declaration and Stanley Declaration filed concurrently]<br><br>Hearing Date: August 22, 2008<br>Time:         11:00 a.m.<br>Place:        Courtroom 15<br><br>Action Filed: April 8, 2008 |

8085/21177-001
Current/11101307v

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

FACTUAL BACKGROUND ........................................................................................... 1

    **A.**    Officer Barbara Bourne and Cornell Investigate Plaintiff's Crimes ....................... 1

    **B.**    Plaintiff Files the 2007 Action; Cornell Files Officer Bourne's Investigative Report with This Court in Support of Cornell's Anti-SLAPP Motion ..................... 2

    **C.**    Plaintiff Files the New Action on April 8, 2008 ....................................................... 3

    **D.**    The Court Grants Cornell's Anti-SLAPP Motion in the 2007 Action ..................... 3

DISCUSSION .................................................................................................................... 4

    **A.**    The First Amended Complaint Is A SLAPP Lawsuit, Therefore Plaintiff Must Demonstrate A Reasonable Probability of Succeeding in His Claims ........... 4

        **1.**    The Anti-SLAPP Statute Applies to Statements Made In the Course of Police Investigations, Or in Anticipation of Legal Proceedings .............. 6

    **B.**    Plaintiff Cannot Demonstrate A Reasonable Probability in Succeeding in His Claims ................................................................................................................ 7

        **1.**    The New Action Is Legally Insufficient because the Statute of Limitations Has Run and Any Statement to Police Was Absolutely Privileged ................................................................................................... 8

        **2.**    To the Extent Plaintiff Alleges Claims Based on Cornell's Filings in the 2007 Action, Such Claims Are Barred by the Litigation Privilege ...... 10

        **3.**    The New Action is Factually Insufficient ................................................ 11

CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Bosley Med. Inst., Inc. v. Kremer,*
   402 F.3d 672 (9th Cir. 2005) .................................................................................................. 6

*Briggs v. Eden Council for Hope & Opportunity,*
   19 Cal. 4th 1106 (1999) ........................................................................................................... 7

*Briscoe v. Reader's Digest Ass'n, Inc.,*
   4 Cal. 3d 529 (1971) ............................................................................................................... 8

*Brown v. Baden (In re Yagman),*
   796 F.2d 1165 (9th Cir. 1986) ................................................................................................ 8

*California Pro-Life Council, Inc. v. Getman,*
   328 F.3d 1088 (9th Cir. 2003) ................................................................................................ 4

*Chabak v. Monroy,*
   154 Cal. App. 4th 1502 (2007) ............................................................................................... 7

*City of Cotati v. Cashman,*
   29 Cal. 4th 69 (2002) ............................................................................................................. 6

*Empress LLC v. City & County of San Francisco,*
   419 F.3d 1052 (9th Cir. 2005) .............................................................................................. 11

*Equilon Enters., LLC v. Consumer Cause, Inc.,*
   29 Cal. 4th 53 (2002) ............................................................................................................. 5

*Four Navy Seals v. Associated Press,*
   413 F. Supp. 2d 1136 (S.D. Cal. 2005) .................................................................................. 4

*Fox Searchlight Pictures v. Paladino,*
   89 Cal. App. 4th 294 (2001) ............................................................................................. 4, 6

*Governor Gray Davis Com. v. Am. Taxpayers Alliance,*
   102 Cal. App. 4th 449 (2002) ................................................................................................. 6

*Hagberg v. California Federal Bank FSB,*
   32 Cal. 4th 350 (2004) ....................................................................................................... 9, 10

*Healy v. Tuscany Hills Landscape & Recreation Corp.,*
   137 Cal. App. 4th 1 (2006) ................................................................................................... 10

*Kajima Eng'g & Construction, Inc. v. City of Los Angeles,*
   95 Cal. App. 4th 921 (2002) ................................................................................................... 6

*Kearney v. Foley & Lardner,*
   No. 05-CV-2112-L (LSP), 2008 U.S. Dist. LEXIS 20101 (S.D. Cal. Mar. 14, 2008) ........... 11

*Kwawukume v. JP Morgan Chase*,
    13 Misc. 3d 1242(A), 2006 WL 3452404 (N.Y. City Civ. Ct. Nov. 29, 2006) ...................... 9

*Macias v. Hartwell*,
    55 Cal. App. 4th 669 (1997) .............................................................................................. 4, 8

*McGarry v. Univ. of San Diego*,
    154 Cal. App. 4th 97 (2007) .................................................................................................. 8

*Metabolife Int'l v. Wornick*,
    264 F.3d 832 (9th Cir. 2001) ................................................................................................. 7

*Present v. Avon Prods, Inc.*,
    253 A.D.2d 183 (1999) .......................................................................................................... 9

*Rubin v. Green*,
    4 Cal. 4th 1187 (1993) ......................................................................................................... 10

*Salma v. Capon*,
    No. A115057, -- Cal. Rptr. 3d --, 2008 WL 946092 (Cal. App. Apr. 9, 2008) .................. 6, 7

*Seelig v. Infinity Broad. Corp.*,
    97 Cal. App. 4th 798 (2002) .................................................................................................. 5

*Siam v. Kizilbash*,
    130 Cal. App. 4th 1563 (2005) .............................................................................................. 7

*Taus v. Loftus*,
    40 Cal. 4th 683 (2007) ....................................................................................................... 5, 7

*The Traditional Cat Ass'n, Inc. v. Gilbreath*,
    118 Cal. App. 4th 392 (2004) ................................................................................................ 8

*Toker v. Pollak*,
    44 N.Y.2d 211 (1978) ............................................................................................................ 9

*United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n*,
    389 U.S. 217, 19 L. Ed. 2d 426, 88 S. Ct. 353 (1967) ........................................................ 11

*United States v. Lockheed Missiles & Space Co., Inc.*,
    190 F.3d 963 (9th Cir. 1999) ................................................................................................. 4

*Vess v. Ciba-Geigly Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ............................................................................................... 6

*Wilcox v. Superior Court*,
    27 Cal. App. 4th 809 (1994) .............................................................................................. 4, 5

*Zamani v. Carnes*,
    491 F.3d 990 (9th Cir. 2007) ................................................................................................. 5

**STATUTES**

Cal. Civ. Code 40 .............................................................................................................. 10

Cal. Civ. Code § 47 .......................................................................................................passim

Cal. Code Civ. Pro. § 340 ................................................................................................... 8

Cal. Code Civ. Pro. § 425.16 .......................................................................................passim

NY CLS CPLR § 215(3) ..................................................................................................... 8

Defendant Cornell University ("Cornell") hereby submits its memorandum of points and authorities in support of Cornell's special motion to strike the First Amended Complaint of plaintiff Kevin Vanginderen ("Plaintiff") in its entirety, with prejudice and without leave to amend.

## INTRODUCTION

This is Plaintiff's second bite at the poisoned apple. Plaintiff first sued Cornell in California Superior Court in October 2007 based on a purportedly libelous *Cornell Chronicle* report from 1983. Cornell removed the state court action to this Court as *Vanginderen v. Cornell University*, 07-cv-2045-BTM-JMA (the "2007 Action"). Cornell then filed an anti-SLAPP motion, pursuant to section 425.16 of the California Code of Civil Procedure. The Court granted Cornell's anti-SLAPP motion in its entirety on June 3, 2008.

Meanwhile, on April 8, 2008, Plaintiff filed a second Superior Court complaint (the "New Action"), which also has been removed, brazenly naming Cornell and its attorney, Deixler, based exclusively upon the documents filed by Cornell in support of the anti-SLAPP motion in the 2007 Action. Plaintiff, an attorney, must know better. He must know that defendants are entitled to submit evidence in their defense; that litigants and attorneys are entitled to petition government and courts in good faith without fear of reprisal; and that both such activities are protected under California law (Cal. Civ. Code § 47(b) (establishing litigation privilege as an absolute defense to tort claims, other than malicious prosecution)). He also ought to apprehend the patent untimeliness of his claims against Cornell; the statute of limitations expired 25 years ago.

Regardless of what Plaintiff ought to know but may not still, he is accountable. As discussed below, the Court should strike each of Plaintiff's allegations against Cornell in the New Action, and award Cornell its attorney's fees and costs incurred herein.

## FACTUAL BACKGROUND

**A.   Officer Barbara Bourne and Cornell Investigate Plaintiff's Crimes**

While an undergraduate student at Cornell University in March 1983, Plaintiff was investigated, arrested, charged and indicted for burglary and larceny. Declaration of Clifford S.

Davidson ("Davidson Declaration") ¶¶ 2, 3 & Exs. A (accusatory instruments), B (unsealed records from Tompkins County Court, Tompkins County District Attorney and Cornell University Department of Public Safety [collectively, the "Unsealed Records"]). On March 8, 1983, in the course of Cornell's investigation into Vanginderen's activities, Officer Barbara Bourne, an officer with Cornell's Department of Public Safety, filed a variety of investigative reports including Plaintiff's confession and Officer Bourne's observation that Plaintiff was involved in at least 10 cases. Supp. Davidson Decl. ¶ 3 & Ex. B, pp. 15-16, 18, 23, 27, 29-30, 33-36; Davidson Decl. ¶ 4 & Ex. C (June 3, 2008 Order Granting Special Motion to Strike).[1]

On March 17, 1983, the *Cornell Chronicle*, one of Cornell's newspapers, ran a one-paragraph report of Plaintiff's arrest. Davidson Decl. ¶ 4 & Ex. C, pp. 44-45.

On or about August 22, 1983, after negotiating a plea bargain with prosecutors, Plaintiff pled guilty to petit larceny and the court proceedings related to the initial felony charges subsequently were sealed. Supp. Davidson Decl. ¶ 4 & Ex. C, p. 1-3. However, Plaintiff's criminal record in New York, which reflects that he is a convicted thief, never has been sealed. *Id*.

**B.    Plaintiff Files the 2007 Action; Cornell Files Officer Bourne's Investigative Report with This Court in Support of Cornell's Anti-SLAPP Motion**

On October 1, 2007, Plaintiff filed his complaint in the 2007 Action in San Diego County Superior Court. The complaint alleged libel and public disclosure based on the then-twenty-four-year-old *Cornell Chronicle* report of Plaintiff's crimes, and sought $1,000,000 in damages. Upon Plaintiff's filing the 2007 Action, Cornell requested that Plaintiff stipulate to the unsealing of the criminal records regarding the larceny and burglary charges. Plaintiff refused. Cornell therefore moved to unseal Plaintiff's records. The County Court of the State of New York, Tompkins County granted Cornell's motion on November 16, 2007. Davidson Decl. ¶ 3 & Ex. B, p. 7.

Cornell removed the 2007 Action and it was assigned to this Court. On November 2, 2007, Deixler, as Cornell's counsel, filed Cornell's Special Motion to Strike Plaintiff's Complaint

---

[1] Plaintiff fails to specify which of Officer Bourne's many reports on March 8, 1983 forms the basis for the FAC.

Pursuant to Section 425.16 of the California Code of Civil Procedure ( the "anti-SLAPP Motion"). The Unsealed Records were filed in support of the anti-SLAPP Motion. Davidson Decl. ¶ 3 & Ex. B.

**C.     Plaintiff Files the New Action on April 8, 2008**

On April 8, 2008, Plaintiff filed the New Action in San Diego Superior Court, South County Division, this time against Cornell and Bert Deixler, Cornell's lead attorney. The FAC alleges four purported causes of action against Cornell based on Officer Bourne's March 8, 1983 police reports. FAC at 4, 5, 7 and 8. All claims are related to the Unsealed Records.[2]

**D.     The Court Grants Cornell's Anti-SLAPP Motion in the 2007 Action**

On June 3, 2008, the Court granted the anti-SLAPP Motion, dismissed Plaintiff's Complaint with prejudice and awarded to Cornell its reasonable attorney's fees. In its June 3 Order, after carefully reviewing the Unsealed Records, the Court concluded:

> Plaintiff was charged with third-degree burglary, and the charge arose out of an investigation that linked Plaintiff with a total of ten incidents of petit larceny and five burglaries on campus. Thus, the charge had a connection to the ten incidents of petit larceny and five burglaries . . . . Although the article may have been poorly written,

---

[2] It is unclear whether Plaintiff also alleges that Cornell conspired with Justia.com to post its filings in the 2007 Action to that website. Neither Cornell nor its counsel contacted Justia.com in connection with the 2007 Action, (Declaration of Timothy Stanley ¶ 6, filed concurrently), though Cornell would have been perfectly entitled to do so. *See* Cal. Civ. Code § 47(d) (establishing privilege for providing reports of judicial proceedings to media).

Also unclear is whether Plaintiff alleges that Cornell is responsible for the purported conduct of defendant Bert Deixler. However, even if Plaintiff so alleges, Cornell is not liable for such conduct because even if Deixler performed the acts alleged, those acts are privileged. *See generally* concurrently-filed Memorandum of Points and Authorities in Support of Bert Deixler's Special Motion to Strike Plaintiff's Complaint Pursuant to California Code of Civil Procedure Section 425.16.

>the "gist or sting" of the article was true.  Therefore, Plaintiff cannot prevail on his libel claim.

Davidson Decl. ¶ 4 & Ex. C, p. 9.

## DISCUSSION

### A. The First Amended Complaint Is A SLAPP Lawsuit, Therefore Plaintiff Must Demonstrate A Reasonable Probability of Succeeding in His Claims

Plaintiff's purported claims against Cornell, based on Officer Bourne's investigative report contained in the Unsealed Records, seek to punish Cornell's conduct in furtherance of its constitutional rights to petition and free speech.  It was Cornell's right to report Plaintiff's criminal activities to law enforcement officials.  California Code of Civil Procedure Section 425.16, the anti-SLAPP statute, therefore applies.[3]

The anti-SLAPP statute was enacted in 1993 in order to address "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances."  The statute applies to all "litigation without merit filed to dissuade or punish the exercise of First Amendment rights of defendants." *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1089 (9th Cir. 2003) (quoting *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 858 (1995)).  The anti-SLAPP statute is to be interpreted broadly so as to protect Constitutional rights and to act as a screening mechanism by "eliminate[ing] meritless litigation at an early stage in the proceedings." *Macias v. Hartwell*, 55 Cal. App. 4th 669, 672 (1997); *see also* Cal. Code Civ. Pro. § 425.16(a) ("[T]his section shall be construed broadly.").  Defamation suits such as the one in the present case are a primary target of the anti-SLAPP statute. *Fox Searchlight Pictures v. Paladino*, 89 Cal. App. 4th 294, 305 (2001); *accord Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994),

---

[3] It is well settled that the anti-SLAPP statute applies to state claims brought in federal court. *United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999) (noting that disallowing anti-SLAPP motions in federal court would encourage forum shopping, contrary to the purposes of the Erie Doctrine); *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (citing *Lockheed* and applying anti-SLAPP statute).

*disapproved on other grounds by Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002).

The anti-SLAPP statute creates a procedure whereby a defendant may move to strike a complaint, or any cause of action, that arises "from any act of that [defendant] in furtherance of the [defendant]'s right of petition or free speech under the United States Constitution in connection with a public issue." Cal. Code Civ. Pro § 425.16(b)(1). Such a complaint or cause of action "shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." *Id.*

Courts evaluate an anti-SLAPP motion in two steps:

> First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech. Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.

*Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007) (internal quotations and citations omitted); *see Taus v. Loftus*, 40 Cal. 4th 683, 712 (2007). A SLAPP lawsuit defendant satisfies the first prong of Section 425.16(b) upon demonstrating that the causes of action sought to be stricken are based upon "any act of [defendant] in furtherance of [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue." *Wilcox*, 27 Cal. App. 4th at 820 (*quoting* Cal. Code Civ. Pro. § 425.16(b)). Pursuant to Section 425.16(e), an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

The broadly-defined threshold showing is "intended to be given broad application in light of its purposes." *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 808 (2002) (citations omitted).

In order to succeed in its special motion to strike, Cornell need not demonstrate that Plaintiff intended to chill Cornell's exercise of its petition or free speech activities, *Bosley Med. Inst., Inc. v. Kremer*, 402 F.3d 672, 682 (9th Cir. 2005); *Seelig*, 97 Cal. App. 4th at 808, or that its petitioning or speech was actually chilled, *Vess v. Ciba-Geigly Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). Cornell also need not show that its activities were protected as a matter of law. *Fox Searchlight*, 89 Cal. App. 4th at 305. Rather, "a court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis . . . . Otherwise, the second step would become superfluous in almost every case, resulting in an improper shifting of the burdens." *Governor Gray Davis Com. v. Am. Taxpayers Alliance*, 102 Cal. App. 4th 449, 458 (2002) (quoting *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1089-90 (2001)).

Merely referencing the allegations of the FAC itself satisfies Cornell's required showing. *See City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002) ("In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech."); *Kajima Eng'g & Construction, Inc. v. City of Los Angeles*, 95 Cal. App. 4th 921, 929 (2002) (holding that, in deciding an anti-SLAPP motion, a court must examine solely the activity that has been alleged in the pleading as the basis for the challenged cause of action).

### 1. The Anti-SLAPP Statute Applies to Statements Made In the Course of Police Investigations, Or in Anticipation of Legal Proceedings

Code of Civil Procedure § 425.16 applies to statements and other conduct related to police investigations, a key component of the right to petition government. In *Salma v. Capon*, No. A115057, -- Cal. Rptr. 3d --, 2008 WL 946092 (Cal. App. Apr. 9, 2008), the most recent case on point, the plaintiff sued for defamation – among other things – based on the defendant's allegedly false statements to police. The court applied section 425.16 to the plaintiff's claims:

> Capon avers that he had 'repeatedly spoken to both the Town of Hillsborough Police Department and the San Mateo DA's office about the fraud that led to the loss of my home since August, 2004. I have also attempted numerous times to file a formal written complaint seeking an investigation into it . . . .' He later filed reports to the police about personal property that was in his home in December 2003 and never returned to him. Capon also attempted to press charges against the persons who allegedly assaulted him in

> December 2003. **All of these communications sought official investigations into perceived wrongdoing, which might culminate in criminal prosecution or other official proceedings. Such communications are protected by section 425.16.**

*Salma*, No. A115057, -- Cal. Rptr. 3d --, 2008 WL 946092, at *5 (emphasis added; alterations in original). In reaching this conclusion, the *Salma* court drew upon *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106 (1999). In *Briggs*, the California Supreme Court held that the anti-SLAPP statute applies to statements made in anticipation of litigation. *Id.* at 1115 (collecting cases). Other authorities have so held. *See*, *e.g.*, *Chabak v. Monroy*, 154 Cal. App. 4th 1502, 1511-1512 (2007) ("Chabak's cause of action is based on Monroy's reporting to the [police] that [Chabak molested her] . . . . Monroy's statement to the police arose from her right to petition the government and thus is protected activity."); *Siam v. Kizilbash*, 130 Cal. App. 4th 1563, 1570 (2005) (holding that reports to police of criminal activity arose from the right to petition government, which is protected under section 425.16).

The allegations against Cornell – to the extent they are decipherable – purport to derive from at least one of Officer Bourne's March 8, 1983 investigative reports: "A report written by Ms. Bourne on that date alleged that plaintiff was responsible for fifteen separate crimes . . . ." FAC. at pp. 4, 5, 7 and 8. Section 425.16 applies and Plaintiff must demonstrate the legal and factual sufficiency of his claims. As discussed below, he cannot.

B.  **Plaintiff Cannot Demonstrate A Reasonable Probability in Succeeding in His Claims**

The Court should dismiss this SLAPP lawsuit because Plaintiff cannot make the required showing that he has a reasonable probability of success. Once a court determines that a Complaint arises from an act in furtherance of protected petition or speech activity, "the plaintiff must show a 'reasonable probability' of prevailing in its claims for those claims to survive dismissal." *Metabolife Int'l v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001); *see Loftus,* 40 Cal. 4th at 713 ("[I]n order to avoid dismissal of each claim under section 425.16, plaintiff bore the burden of demonstrating a probability that she would prevail on the particular claim.") Plaintiff "must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Metabolife Int'l*, 264 F.3d at 840 (citation omitted); *Loftus,* 40 Cal. 4th at 714 (noting that claims

must be stricken "if the plaintiff is unable to demonstrate both that the claim is legally sufficient and that there is sufficient evidence to establish a prima facie case with respect to the claim."). In order to be considered for this purpose, Plaintiff's evidence must be "competent and admissible." *Macias v. Hartwell*, 55 Cal. App. 4th 669, 675 (1997). He "cannot simply rely on the allegations in the complaint, but must provide the court with sufficient *evidence* to permit the court to determine whether there is a probability that the plaintiff will prevail on the claim." *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 398 (2004) (granting anti-SLAPP motion) (internal quotations and citations omitted) (emphasis in original). The court "must also examine whether there are any constitutional or nonconstitutional defenses to the pleaded claims and, if so, whether there is evidence to negate any such defenses." *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 109 (2007).

## 1. The New Action Is Legally Insufficient because the Statute of Limitations Has Run and Any Statement to Police Was Absolutely Privileged

The one-year statute of limitations on all of Plaintiff's claims against Cornell has run. Cal. Code Civ. Pro. § 340(c) (establishing one-year statute of limitations for libel claims); *Briscoe v. Reader's Digest Ass'n, Inc.*, 4 Cal. 3d 529, 543 (1971) ("[A] false light cause of action is in substance equivalent to ... [a] libel claim, and should meet the same requirements of the libel claim. . . ." (internal quotations and citations omitted)).[4]

Further, all of Plaintiff's claims against Cornell arise from Officer Bourne's investigation reports and statements to Cornell's Department of Public Safety, the Ithaca Police Department and

---

[4] For purposes of this special motion to strike, the Court need not engage in a conflict of laws analysis because California and New York law are substantially the same in relevant respects. *Brown v. Baden (In re Yagman)*, 796 F.2d 1165, 1170 (9th Cir. 1986) ("It is axiomatic that, unless there is a difference between the laws of the states, a choice need not be made."). Both states apply a one-year statute of limitations to libel and false light (to the extent New York recognizes false light at all). Cal. Code Civ. Pro. § 340(c); NY CLS CPLR § 215(3).

the Tompkins County District Attorney. Those communications are absolutely privileged under California Civil Code section 47(b), known as the "litigation privilege":

> A privileged publication or broadcast is one made: . . .(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure, except as follows: [listing exceptions not applicable here].

California cases firmly establish that the absolute litigation privilege applies to statements made in furtherance of a criminal investigation or potential court proceedings. The leading California case on this issue is *Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 350 (2004).[5] There, the California Supreme Court considered whether the defendant bank could be held liable to plaintiff for defamation and other torts based on defendant's erroneous statement to police that plaintiff presented a counterfeit check. The Court held that the litigation privilege protected the defendant's statement to police:

> We granted review in this case to consider whether tort liability may be imposed for statements made when a citizen contacts law enforcement personnel to report suspected criminal activity on the part of another person. As we shall explain, we agree with the trial court, the Court of Appeal, and the great weight of authority in this state in concluding that such statements are privileged pursuant to Civil Code section 47, subdivision (b) (section 47(b)), and can be the basis of tort liability only if the plaintiff can establish the elements of the tort of malicious prosecution.

*Id.* at 355; *accord Id.* at 362-364 ("[T]he overwhelming majority of cases conclude that when a citizen contacts law enforcement personnel to report suspected criminal activity and to instigate

---

[5] Even if New York law applies to this case, the protections of the litigation privilege apply. *See, e.g., Toker v. Pollak*, 44 N.Y.2d 211, 220-221 (1978) (holding that those making statements to police are protected from defamation so long as they have a good faith belief in the truth of their claims); *see also Present v. Avon Prods, Inc.*, 253 A.D.2d 183, 188 (1999) ("This qualified privilege also extends to reports to the police or the District Attorney's Office about another's suspected crimes."); *Kwawukume v. JP Morgan Chase*, 13 Misc. 3d 1242(A), 2006 WL 3452404, at *6 (N.Y. City Civ. Ct. Nov. 29, 2006) ("In this case, defendants enjoyed a qualified privilege to communicate among its employees and report to police a good-faith bona fide communication that plaintiff presented suspicious currency . . . .").

law enforcement personnel to respond, the communication also enjoys an unqualified privilege . . . . We find these decisions to be persuasive, as we shall explain."). The Court held that the litigation privilege extends to <u>all</u> tort causes of action, and reiterated its prior holding that the litigation privilege applies to defamation. *Id.* at 361, 375. Because the privilege is absolute, a defendant's *bona fides* is irrelevant:

> We have explained that both the effective administration of justice and the citizen's right of access to the government for redress of grievances would be threatened by permitting tort liability for communications connected with judicial or other official proceedings. Hence, without respect to the good faith or malice of the person who made the statement, or whether the statement ostensibly was made in the interest of justice, 'courts have applied the privilege to eliminate the threat of liability for communications made during all kinds of truth-seeking proceedings: judicial, quasi-judicial, legislative and other official proceedings.'

*Id.* at 360 (quoting *Silberg v. Anderson*, 50 Cal. 3d. 205, 213 (1990). Officer Bourne's statements were made in good faith, though they need not have been. Indeed, Plaintiff confessed to his criminal conduct and ultimately pled guilty to larceny as part of a plea bargain. Supp. Davidson Decl. ¶ 3 & Ex. B, pp. 22-23, 29-30, 33-36; Davidson Decl. ¶ 4 & Ex. C, pp. 2-3.

Because the statute of limitations has run and because Cornell's statements to police were privileged, Plaintiff cannot demonstrate the legal sufficiency of his claims. The FAC must be stricken.

### 2. To the Extent Plaintiff Alleges Claims Based on Cornell's Filings in the 2007 Action, Such Claims Are Barred by the Litigation Privilege

It is unclear whether Plaintiff's claims against Cornell stem from Cornell's filings – submitted through Deixler – in the 2007 Action. To the extent that Plaintiff makes claims against Cornell on the basis of those filings, such claims are barred by the litigation privilege and the Noerr-Pennington Doctrine. Cal. Civ. Code 40(b); *see, e.g., Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993) (internal quotations and citations omitted) ("For well over a century, communications with some relation to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47 (b)."); *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006) ("Both section 425.16 and Civil Code section 47 are construed broadly, to protect the right of litigants to the utmost freedom of access to the courts without [the] fear of

1  being harassed subsequently by derivative tort actions." [internal quotations and citations omitted;
2  alterations in original]); *United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n*, 389
3  U.S. 217, 222, 19 L. Ed. 2d 426, 88 S. Ct. 353 (1967) (Noerr-Pennington doctrine); *Empress LLC*
4  *v. City & County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005) (same); *Kearney v. Foley*
5  *& Lardner*, 2008 U.S. Dist. LEXIS 20101, No. 05-CV-2112-L (LSP), at *3 n.3 (S.D. Cal. Mar. 14,
6  2008) (same).

   To the extent that Plaintiff's claims against Cornell overlap with those against Deixler, Cornell hereby incorporates by reference the concurrently-filed Memorandum of Points and Authorities in Support of Deixler's Special Motion to Strike Plaintiff's First Amended Complaint Pursuant to California Code of Civil Procedure section 425.16.

### 3. The New Action is Factually Insufficient

As noted above, the litigation privilege provides absolute immunity from tort liability for statements to police. Cornell therefore need not demonstrate the factual insufficiency of Plaintiff's claims in order to prevail on its anti-SLAPP motion. Nevertheless, Cornell can show that Plaintiff's claims against Cornell have no factual basis.

A review of the statements contained in the investigative records filed with the Court in the 2007 Action reveal that Officer Bourne never stated on March 8, 1983 that, "the plaintiff was responsible for fifteen separate crimes." FAC. at pp. 4, 5, 7 & 8. Of course, Plaintiff does not identify the specific statement on which he is suing – probably because no such statement exists. The New Action therefore is Factually Insufficient; Cornell invites Plaintiff to attempt to demonstrate otherwise.

## **CONCLUSION**

The Court should send Plaintiff a swift message: Courts will not suffer legally and factually insufficient SLAPP suits based on protected petition activities. For the foregoing reasons, the Court should strike Plaintiff's First Amended Complaint in its entirety with prejudice and without leave to amend. Further, Plaintiff should be taxed with Cornell's costs and fees in this matter.

DATED: June 30, 2008

Nelson E. Roth
CORNELL UNIVERSITY

Bert H. Deixler
Clifford S. Davidson
PROSKAUER ROSE LLP

/s/ -- Clifford S. Davidson
        Clifford S. Davidson

Attorneys for Defendant,
CORNELL UNIVERSITY