```
1  Lary Alan Rappaport, SBN 87614
       e-mail:  lrappaport@proskauer.com
2  Clifford S. Davidson, SBN 246119
       e-mail:  cdavidson@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA  90067-3206
   Telephone:    (310) 557-2900
5  Facsimile:    (310) 557-2193

6  Attorneys for Defendant,
   BERT DEIXLER
7
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>          Plaintiff,<br><br>    v.<br><br>CORNELL UNIVERSITY, BERT DEIXLER,<br><br>          Defendants. | Case No. 08-CV-736 BTM(JMA)<br><br>Hon. Barry T. Moskowitz<br><br>**NOTICE OF BERT DEIXLER'S SPECIAL MOTION AND BERT DEIXLER'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br><br>[Per chambers, no oral argument unless requested by the Court]<br><br>[Memorandum of Points and Authorities, Stanley Declaration and Davidson Declaration filed concurrently]<br><br>Hearing Date:  August 22, 2008<br>Time:              11:00 a.m.<br>Place:             Courtroom 15<br><br>Action Filed: April 8, 2008 |

1  TO DEFENDANT AND HIS ATTORNEYS OF RECORD, IF ANY:

2        PLEASE TAKE NOTICE that on August 22, 2008, at 11 a.m., or as soon thereafter as
3  counsel may be heard in the United States District Court for the Southern District of California,
4  Courtroom 15, located at 940 Front Street, San Diego, California 92101, defendant Bert Deixler
5  ("Deixler") will and hereby does move for an order striking the First Amended Complaint
6  ("FAC") of plaintiff Kevin Vanginderen ("Plaintiff") in its entirety, with prejudice and without
7  leave to amend, and further awarding Deixler his reasonable attorneys' fees and costs incurred in
8  bringing this special motion to strike.

9        This special motion to strike will be and is made upon the following grounds.

10        In 2007, Plaintiff sued defendant Cornell University ("Cornell") for defamation and
11  disclosure related to a 1983 newspaper report of Plaintiff's criminal activities (the "2007 Action").
12  Cornell removed the 2007 Action to this Court. Deixler served as lead counsel in the 2007 Action.
13  In defending Cornell in the 2007 Action, Cornell, through Deixler, submitted to this Court
14  unsealed records that contained Cornell's investigation and report to police of Plaintiff's criminal
15  activities in 1983 (the "Unsealed Records"). On April 8, 2008, Plaintiff filed an additional lawsuit
16  against Cornell based on alleged libelous information contained in the Unsealed Records and
17  against Deixler for his role in filing them. On May 5, 2008, Cornell and Deixler filed Special
18  Motions to Strike Plaintiff's Complaint. On June 5, 2008, the Court granted Plaintiff leave to file
19  an amended complaint, which Plaintiff filed on June 13, 2008.

20        Through the FAC, Plaintiff indisputably has filed a "strategic lawsuit against public
21  participation" ("SLAPP") that is barred by the anti-SLAPP statute, California Code of Civil
22  Procedure § 425.16. Plaintiff's allegations against Deixler arise entirely from his role in
23  submitting the Unsealed Records to this Court. *See* Cal. Code Civ. Pro. § 425.16(e).

24        Because Plaintiff has filed a SLAPP lawsuit, section 425.16(b)(1) and relevant Ninth
25  Circuit authorities require that the FAC be stricken unless Plaintiff makes a prima facie showing
26  that his claims are legally and factually sufficient. Plaintiff cannot show either because, as set
27  forth in detail in Deixler's accompanying Memorandum of Points and Authorities, Deixler's
28  submission of the Unsealed Records to this Court in the 2007 Action is protected by the litigation

1  privilege (Cal. Civ. Code § 47(b)) and the Noerr-Pennington Doctrine.  Further, the contents of the
2  Unsealed Records were factually accurate.

3       As the FAC is a SLAPP lawsuit unsupported by law or fact, Cornell is entitled to recover
4  from Plaintiff Cornell's reasonable attorneys' fees and costs incurred in bringing this special
5  motion to strike, pursuant to California Code of Civil Procedure section 425.16(c) and relevant
6  Ninth Circuit authorities.

7       This special motion to strike will be and is based upon this Notice, the accompanying
8  Memorandum of Points and Authorities; the Declarations of Clifford S. Davidson and Timothy
9  Stanley; the Notice of Cornell's Special Motion and Cornell's Special Motion to Strike Plaintiff's
10 First Amended Complaint Pursuant to Section 425.16 of the California Code of Civil Procedure;
11 the Memorandum of Points and Authorities in Support of Cornell's Special Motion to Strike
12 Plaintiff's First Amended Complaint Pursuant to Section 425.16 of the California Code of Civil
13 Procedure; the records and files in this action; the records and files in dismissed case *Kevin*
14 *Vanginderen v. Cornell University*, Case No. 07-CV-2045 BTM(JMA), now on appeal; and upon
15 such further oral and documentary evidence as may be presented at or before the hearing on this
16 special motion to strike.

18 DATED: June 30, 2008

    Lary Alan Rappaport
    Clifford S. Davidson
    PROSKAUER ROSE LLP

    /s/ -- Clifford S. Davidson
          Clifford S. Davidson

    Attorneys for Defendant,
    BERT DEIXLER