Lary Alan Rappaport, SBN 87614
e-mail: bdeixler@proskauer.com
Clifford S. Davidson, SBN 246119
e-mail: cdavidson@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3206
Telephone: (310) 557-2900
Facsimile: (310) 557-2193

Attorneys for Defendant,
BERT DEIXLER

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>Plaintiff,<br><br>v.<br><br>CORNELL UNIVERSITY, BERT DEIXLER,<br><br>Defendants. | Case No. 08-CV-736 BTM(JMA)<br><br>Hon. Barry T. Moskowitz<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BERT DEIXLER'S SPECIAL MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br><br>[Per chambers, no oral argument unless requested by the Court]<br><br>[Notice of Motion and Motion, Davidson Declaration and Stanley Declaration filed concurrently]<br><br>Hearing Date: August 22, 2008<br>Time: 11:00 a.m.<br>Place: Courtroom 15<br><br>Action Filed: April 8, 2008 |

## TABLE OF CONTENTS

INTRODUCTION ........ 1

FACTUAL BACKGROUND ........ 2

A. Officer Barbara Bourne and Cornell Investigate Plaintiff's Crimes ........ 2

B. Plaintiff Files the 2007 Action; Cornell, through Deixler, Files Officer Bourne's Investigative Report with This Court in Support of Cornell's Anti-SLAPP Motion ........ 3

C. Plaintiff Files the New Action on April 8, 2008 ........ 3

D. The Court Grants Cornell's Anti-SLAPP Motion in the 2007 Action ........ 4

DISCUSSION ........ 4

A. The First Amended Complaint Is A SLAPP Lawsuit, Therefore Plaintiff Must Demonstrate A Reasonable Probability of Succeeding in His Claims ........ 4

1. The Anti-SLAPP Statute Applies to Deixler's Filings in the 2007 Action ........ 6

B. Plaintiff Cannot Demonstrate A Reasonable Probability in Succeeding in His Claims ........ 8

1. The New Action Is Legally Insufficient ........ 9

a. Plaintiff's Claims Are Barred by the Litigation Privilege ........ 9

b. Plaintiff's Claims Are Barred by the Noerr-Pennington Doctrine ........ 10

2. The New Action is Factually Insufficient ........ 11

CONCLUSION ........ 12

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bosley Med. Inst., Inc. v. Kremer*, 402 F.3d 672 (9th Cir. 2005) ... 6

*Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106 (1999) ... 7

*California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088 (9th Cir. 2003) ... 4

*City of Cotati v. Cashman*, 29 Cal. 4th 69 (2002) ... 6

*Empress LLC v. City & County of San Francisco*, 419 F.3d 1052 (9th Cir. 2005) ... 11

*Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002) ... 5

*Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136 (S.D. Cal. 2005) ... 4

*Fox Searchlight Pictures v. Paladino*, 89 Cal. App. 4th 294 (2001) ... 5, 6

*Gallanis-Politis v. Medina*, 152 Cal. App. 4th 600 (2007) ... 7

*Gates v. Discovery Communications, Inc.*, 34 Cal. 4th 679 (2004) ... 12

*Governor Gray Davis Com. v. Am. Taxpayers Alliance*, 102 Cal. App. 4th 449 (2002) ... 6

*Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 350 (2004) ... 10

*Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1 (2006) ... 9

*Jacob B. v. County of Shasta*, 40 Cal. 4th 948 (2007) ... 10

*Kajima Eng'g & Construction, Inc. v. City of Los Angeles*, 95 Cal. App. 4th 921 (2002) ... 6

*Kashian v. Harriman*,
98 Cal. App. 4th 892 (2002)........................................................................................ 7

*Kearney v. Foley & Lardner*,
No. 05-CV-2112-L (LSP), 2008 U.S. Dist. LEXIS 20101, (S.D. Cal. Mar. 14, 2008)......... 11

*Ludwig v. Superior Court*,
37 Cal. App. 4th 8 (1995)........................................................................................... 7

*Macias v. Hartwell*,
55 Cal. App. 4th 669 (1997)...................................................................................... 5, 8

*McGarry v. Univ. of San Diego*,
154 Cal. App. 4th 97 (2007)........................................................................................ 8

*Metabolife Int'l v. Wornick*,
264 F.3d 832 (9th Cir. 2001)....................................................................................... 8

*Neville v. Chudacoff*,
160 Cal. App. 4th 1255 (2008).................................................................................... 10

*Rubin v. Green*,
4 Cal. 4th 1187 (1993) ................................................................................................ 9

*Rusheen v. Cohen*,
37 Cal. 4th 1048 (2006) ....................................................................................6, 7, 10

*Seelig v. Infinity Broad. Corp.*,
97 Cal. App. 4th 798 (2002)........................................................................................ 6

*Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*,
473 F. Supp. 2d 1083 (S.D. Cal. 2007).................................................................. 9, 11

*Smith v. Fireside Thrift Co.*,
No. C 07-03883 WHA, 2007 U.S. Dist. LEXIS 71011 (N.D. Cal. Sept. 18, 2007) .............. 10

*Taus v. Loftus*,
40 Cal. 4th 683 (2007) ............................................................................................ 5, 8

*The Traditional Cat Ass'n, Inc. v. Gilbreath*,
118 Cal. App. 4th 392 (2004)...................................................................................... 8

*United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n*,
389 U.S. 217, 19 L. Ed. 2d 426, 88 S. Ct. 353 (1967).................................................. 10, 11

*United States v. Lockheed Missiles & Space Co., Inc.*,
190 F.3d 963 (9th Cir. 1999)........................................................................................ 4

*Vess v. Ciba-Geigly Corp. USA*,
317 F.3d 1097 (9th Cir. 2003)...................................................................................... 6

*Wilcox v. Superior Court*,
27 Cal. App. 4th 809 (1994) ..... 5

*Zamani v. Carnes*,
491 F.3d 990 (9th Cir. 2007) ..... 5

**STATUTES**

Cal. Code of Civ. Pro. § 425.16 ..... passim

California Civil Code § 47 ..... passim

Defendant Bert Deixler ("Deixler") hereby submits his memorandum of points and authorities in support of his special motion to strike the First Amended Complaint of plaintiff Kevin Vanginderen ("Plaintiff") in its entirety, with prejudice and without leave to amend.

**INTRODUCTION**

As an attorney, the last thing Plaintiff should want is a system of laws in which attorneys can be sued based on their judicial filings. Yet, that is precisely what Plaintiff seeks: a multi-million dollar judgment against a defense attorney, Deixler, based upon his filings with this Court. Plaintiff's claim defies the most basic precepts of the right to petition government guaranteed by the First Amendment, the California Constitution and California law.

Plaintiff first sued defendant Cornell University ("Cornell") in California Superior Court in October 2007 based on a purportedly libelous 1983 *Cornell Chronicle* report. Cornell removed the state court action to this Court as *Vanginderen v. Cornell University*, 07-cv-2045-BTM-JMA (the "2007 Action"). Deixler, as Cornell's lead defense counsel, filed an anti-SLAPP motion pursuant to California Code of Civil Procedure § 425.16. The Court granted Cornell's anti-SLAPP motion in its entirety on June 3, 2008.

Meanwhile, on April 8, 2008, Plaintiff filed a second Superior Court complaint (the "New Action"), which also has been removed, brazenly naming Cornell and its attorney, Deixler, based exclusively upon the documents filed by Cornell in support of the anti-SLAPP motion in the 2007 Action. Plaintiff alleges libel and a smattering of disclosure torts against Deixler based on his filing documents with this Court on behalf of Cornell; Plaintiff claims that Deixler is liable <u>for the very act</u> of electronically filing those documents. Plaintiff alleges that Deixler filed the documents with the intent that they appear on Justia.com, a website that tracks federal filings.

Plaintiff's claims are frivolous. With the exception of malicious prosecution,[1] attorneys and litigants are not liable in tort for statements contained in court filings. California Civil Code § 47(b) (codifying litigation privilege). Further, whether Deixler wanted the filing to appear on

---

[1] As defense counsel in the 2007 Action, Deixler could not be sued for malicious prosecution under any circumstances, and Plaintiff's FAC does not include such a claim.

Justia.com (which he did not) is of no consequence; California Civil Code § 47(d) shields from tort liability those who communicate with the media regarding judicial proceedings. Moreover, Deixler was *obligated* to file the documents electronically under CivLR 5.4 – "Electronic Case Filing" and General Order No. 550 (May 22, 2007).

As discussed below, the Court should strike Plaintiff's allegations against Deixler in the New Action, and award Deixler his attorney's fees and costs incurred herein.

**FACTUAL BACKGROUND**

**A. Officer Barbara Bourne and Cornell Investigate Plaintiff's Crimes**

While an undergraduate student at Cornell University in March 1983, Plaintiff was investigated, arrested, charged and indicted for burglary and larceny. Declaration of Clifford S. Davidson ("Davidson Declaration") ¶¶ 2, 3 and Exs. A (accusatory instruments), B (unsealed records from Tompkins County Court, Tompkins County District Attorney and Cornell University Department of Public Safety [collectively, the "Unsealed Records"])). On March 8, 1983, in the course of Cornell's investigation into Vanginderen's activities, Officer Barbara Bourne, an officer with Cornell's Department of Public Safety, filed a variety of investigative reports including Plaintiff's confession and Officer Bourne's observation that Plaintiff was involved in at least 10 cases. Supp. Davidson Decl. ¶ 3 & Ex. B, pp. 15-16, 18, 23, 27, 29-30, 33-36; Davidson Decl. ¶4 & Ex. C.[2]

On March 17, 1983, the *Cornell Chronicle*, one of Cornell's newspapers, ran a one-paragraph report of Plaintiff's arrest. Supp. Davidson Decl. ¶ 4 & Ex. C, pp. 44-45.

On or about August 22, 1983, after negotiating a plea bargain with prosecutors, Plaintiff pled guilty to petit larceny and the court proceedings related to the initial felony charges subsequently were sealed. Supp. Davidson Decl. ¶ 4 & Ex. C, pp. 1-3. However, Plaintiff's criminal record in New York, which reflects that he is a convicted thief, never has been sealed. *Id.*

---

[2] Plaintiff fails to specify which of Officer Bourne's many reports on March 8, 1983 forms the basis for the FAC.

**B. Plaintiff Files the 2007 Action; Cornell, through Deixler, Files Officer Bourne's Investigative Report with This Court in Support of Cornell's Anti-SLAPP Motion**

On October 1, 2007, Plaintiff filed his complaint in the 2007 Action in San Diego County Superior Court. The complaint alleged libel and public disclosure based on the then-twenty-four-year-old *Cornell Chronicle* report of Plaintiff's crimes, and sought $1,000,000 in damages. Upon Plaintiff's filing the 2007 Action, Cornell requested that Plaintiff stipulate to the unsealing of the criminal records regarding the larceny and burglary charges. Plaintiff refused. Cornell therefore moved to unseal Plaintiff's records. The County Court of the State of New York, Tompkins County granted Cornell's motion on November 16, 2007. Davidson Decl. ¶ 3 & Ex. B, p. 7.

Cornell removed the 2007 Action and it was assigned to this Court. On November 2, 2007, Deixler, as Cornell's counsel, filed Cornell's Special Motion to Strike Plaintiff's Complaint Pursuant to Section 425.16 of the California Code of Civil Procedure ( the "anti-SLAPP Motion"). The Unsealed Records were filed in support of the anti-SLAPP Motion. Davidson Decl. ¶ 3 & Ex. B.

**C. Plaintiff Files the New Action on April 8, 2008**

On April 8, 2008, Plaintiff filed the New Action against both Cornell and Deixler in San Diego County Superior Court. Plaintiff filed a First Amended Complaint ("FAC") on June 13, 2008. The FAC alleges four causes of action against Cornell based on the Unsealed Records, (FAC. at 4, 5, 7 and 8), and eight causes of action against Deixler. All claims against Deixler arise exclusively from his role in filing the documents. *See, e.g.*, FAC at p. 5 ("On December 14, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University republished [Officer Bourne's] report onto the Internet by submitting it to [this Court], with the knowledge, intent and purpose that it would immediately appear world wide upon the Justia.com Web site."; Compl. at p. 9 ("On December 14, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University wrote a false statement about that plaintiff . . . . Defendant Deixler subsequently republished his false statement onto the Internet by submitting it to [this Court] with the knowledge, intent and purpose that it would immediately appear world wide upon the Justia.com Web site.")

**D. The Court Grants Cornell's Anti-SLAPP Motion in the 2007 Action**

On June 3, 2008, the Court granted the anti-SLAPP Motion, dismissed Plaintiff's complaint with prejudice and awarded to Cornell its reasonable attorney's fees. In its June 3 Order, after carefully reviewing the Unsealed Records, the Court concluded:

> Plaintiff was charged with third-degree burglary, and the charge arose out of an investigation that linked Plaintiff with a total of ten incidents of petit larceny and five burglaries on campus. Thus, the charge had a connection to the ten incidents of petit larceny and five burglaries . . . . Although the article may have been poorly written, the "gist or sting" of the article was true. Therefore, Plaintiff cannot prevail on his libel claim.

Davidson Decl. ¶ 4 & Ex. C, p. 9.

## DISCUSSION

**A. The First Amended Complaint Is A SLAPP Lawsuit, Therefore Plaintiff Must Demonstrate A Reasonable Probability of Succeeding in His Claims**

Plaintiff's purported claims against Deixler seek to punish the petitioning conduct he undertook on behalf of Cornell. California Code of Civil Procedure § 425.16, the anti-SLAPP statute, therefore applies.[3]

The anti-SLAPP statute was enacted in 1993 in order to address "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." The statute applies to all "litigation without merit filed to dissuade or punish the exercise of First Amendment rights of defendants." *California Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1089 (9th Cir. 2003) (quoting *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 37 Cal. App. 4th 855, 858 (1995)). The anti-SLAPP statute is to be interpreted broadly so as to protect Constitutional rights and to act as a

---

[3] It is well settled that the anti-SLAPP statute applies to state claims brought in federal court. *United States v. Lockheed Missiles & Space Co., Inc.*, 190 F.3d 963, 973 (9th Cir. 1999) (noting that disallowing anti-SLAPP motions in federal court would encourage forum shopping, contrary to the purposes of the Erie Doctrine); *Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005) (citing *Lockheed* and applying anti-SLAPP statute).

screening mechanism by "eliminate[ing] meritless litigation at an early stage in the proceedings." *Macias v. Hartwell*, 55 Cal. App. 4th 669, 672 (1997); *see also* Cal. Code Civ. Pro. § 425.16(a) ("[T]his section shall be construed broadly."). Defamation suits such as the one in the present case are a primary target of the anti-SLAPP statute. *Fox Searchlight Pictures v. Paladino*, 89 Cal. App. 4th 294, 305 (2001); *accord Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994), *disapproved on other grounds by Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002).

The anti-SLAPP statute creates a procedure whereby a defendant may move to strike a complaint, or any cause of action, that arises "from any act of that [defendant] in furtherance of the [defendant]'s right of petition or free speech under the United States Constitution in connection with a public issue." Cal. Code Civ. Pro § 425.16(b)(1). Such a complaint or cause of action "shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." *Id.*

Courts evaluate an anti-SLAPP motion in two steps:

> First, a defendant must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech. Second, once the defendant has made a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.

*Zamani v. Carnes*, 491 F.3d 990, 994 (9th Cir. 2007) (internal quotations and citations omitted); *see Taus v. Loftus*, 40 Cal. 4th 683, 712 (2007). A SLAPP lawsuit defendant satisfies the first prong of Section 425.16(b) upon demonstrating that the causes of action sought to be stricken are based upon "any act of [defendant] in furtherance of [defendant's] right of petition or free speech under the United States or California Constitution in connection with a public issue." *Wilcox*, 27 Cal. App. 4th at 820 (*quoting* Cal. Code Civ. Pro. § 425.16(b)). Pursuant to Section 425.16(e), an "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other

> official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

The broadly-defined threshold showing is "intended to be given broad application in light of its purposes." *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 808 (2002) (citations omitted).

In order to succeed in his special motion to strike, Deixler need not demonstrate that Plaintiff intended to chill Deixler's exercise of his petition or free speech activities, *Bosley Med. Inst., Inc. v. Kremer*, 402 F.3d 672, 682 (9th Cir. 2005); *Seelig*, 97 Cal. App. 4th at 808, or that his petitioning or speech was actually chilled, *Vess v. Ciba-Geigly Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003). Deixler also need not show that his activities were protected as a matter of law. *Fox Searchlight*, 89 Cal. App. 4th at 305. Rather, "a court must generally presume the validity of the claimed constitutional right in the first step of the anti-SLAPP analysis . . . . Otherwise, the second step would become superfluous in almost every case, resulting in an improper shifting of the burdens." *Governor Gray Davis Com. v. Am. Taxpayers Alliance*, 102 Cal. App. 4th 449, 458 (2002) (quoting *Chavez v. Mendoza*, 94 Cal. App. 4th 1083, 1089-90 (2001)).

Merely referencing the allegations of the FAC itself satisfies Deixler's required showing. *See City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002) ("In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech."); *Kajima Eng'g & Construction, Inc. v. City of Los Angeles*, 95 Cal. App. 4th 921, 929 (2002) (holding that, in deciding an anti-SLAPP motion, a court must examine solely the activity that has been alleged in the pleading as the basis for the challenged cause of action).

**1. <u>The Anti-SLAPP Statute Applies to Deixler's Filings in the 2007 Action</u>**

The anti-SLAPP Statute unquestionably applies to Deixler's filings in connection with the 2007 Action, as those judicial filings were "act[s] in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" within the meaning of section 425.16(e). Abundant case law supports this position. *See, e.g.,*

*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006) ("A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike . . . . 'Any act' includes communicative conduct such as the filing, funding, and prosecution of a civil action. This includes qualifying acts committed by attorneys in representing clients in litigation." [internal citations omitted]); *Briggs v. Eden Council for Hope and Opportunity*, 19 Cal. 4th 1106, 1115 (1999) (holding that anti-SLAPP statute applied to defamation and emotional distress claims arising from defendant attorney's litigation activities); *Gallanis-Politis v. Medina*, 152 Cal. App. 4th 600, 609 (2007) (quoting *Rusheen*, 37 Cal. 4th at 1055-56) ("A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike."); *Kashian v. Harriman*, 98 Cal. App. 4th 892, 908-909 (2002) (applying anti-SLAPP statute to unfair competition and defamation claims arising from defendant attorney's litigation activities); *Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 17 (1995) (applying anti-SLAPP statute to businessman's communications in connection with administrative proceeding).

Plaintiff's second, third, fifth, sixth, ninth and 10th purported causes of action each arise from Deixler's alleged December 14, 2007 submissions to the Court. For example, Plaintiff's second cause of action alleges:

> On December 14, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University republished [the investigative report] onto the Internet by submitting it to the United States District Court, Southern District of California, with the knowledge, intent and purpose that it would immediately appear world wide upon the Justia.com Web site.

FAC at p. 5.[4] Plaintiff's seventh and eighth purported causes of action each arise from Deixler's alleged November 2, 2007 filing of sealed records with the Court. For example, Plaintiff's seventh cause of action alleges:

> On November 2, 2007, Defendant Bert Deixler acting as an agent of Defendant Cornell University published sealed records pertaining to

---

[4] As discussed below, all Deixler did on December 12, 2007 is file the Declaration of Nelson E. Roth, which summarized and authenticated the Unsealed Records. To the extent that statements contained in the Roth Declaration or Unsealed Records give rise to a tort claim, which they do not, those statements cannot be attributed to Deixler.

> the plaintiff into a public forum by submitting them to United States District Court, Southern District of California with the knowledge that the records were sealed.

FAC at p. 10. For the sake of brevity, Deixler does not set forth the other causes of action.

On their face, therefore, the claims against Deixler arise from petition activity. Section 425.16 therefore applies and Plaintiff must demonstrate the legal and factual sufficiency of his claims. As discussed below, he cannot.

**B. <u>Plaintiff Cannot Demonstrate A Reasonable Probability in Succeeding in His Claims</u>**

The Court should dismiss this SLAPP lawsuit because Plaintiff cannot make the required showing that he has a reasonable probability of success. Once a court determines that a complaint arises from an act in furtherance of protected petition or speech activity, "the plaintiff must show a 'reasonable probability' of prevailing in its claims for those claims to survive dismissal." *Metabolife Int'l v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001); *see Loftus*, 40 Cal. 4th at 713 ("[I]n order to avoid dismissal of each claim under section 425.16, plaintiff bore the burden of demonstrating a probability that she would prevail on the particular claim.") Plaintiff "must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Metabolife Int'l*, 264 F.3d at 840 (citation omitted); *Loftus,* 40 Cal. 4th at 714 (noting that claims must be stricken "if the plaintiff is unable to demonstrate both that the claim is legally sufficient and that there is sufficient evidence to establish a prima facie case with respect to the claim."). In order to be considered for this purpose, Plaintiff's evidence must be "competent and admissible." *Macias v. Hartwell*, 55 Cal. App. 4th 669, 675 (1997). He "cannot simply rely on the allegations in the complaint, but must provide the court with sufficient *evidence* to permit the court to determine whether there is a probability that the plaintiff will prevail on the claim." *The Traditional Cat Ass'n, Inc. v. Gilbreath*, 118 Cal. App. 4th 392, 398 (2004) (granting anti-SLAPP motion) (internal quotations and citations omitted) (emphasis in original). The court "must also examine whether there are any constitutional or nonconstitutional defenses to the pleaded claims and, if so, whether there is evidence to negate any such defenses." *McGarry v. Univ. of San Diego*, 154 Cal. App. 4th 97, 109 (2007).

**1. The New Action Is Legally Insufficient**

**a. Plaintiff's Claims Are Barred by the Litigation Privilege**

All of Plaintiff's claims against Deixler arise from Deixler's filings with this Court. Those filings are absolutely privileged under California Civil Code section 47(b), known as the "litigation privilege":

> A privileged publication or broadcast is one made: . . .(b) In any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure, except as follows: [listing exceptions not applicable here].

The litigation privilege "[A]pplies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*, 473 F. Supp. 2d 1083, 1086 (S.D. Cal. 2007) (citing *Silberg v. Anderson*, 50 Cal. 3d. 205, 213 (1990)). The applicability of the privilege is broad and impenetrable. "For well over a century, communications with some relation to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47 (b)." *Rubin v. Green*, 4 Cal. 4th 1187, 1193 (1993) (internal quotations and citations omitted); *accord Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006) ("Both section 425.16 and Civil Code section 47 are construed broadly, to protect the right of litigants to the utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions." [internal quotations and citations omitted; alterations in original]).

Although Deixler filed the Unsealed Records in good faith, he would be entitled to section 47(b) protection even if he filed them maliciously. *Sengchanthalangsy*, 473 F. Supp. 2d at 1087. A defendant's *bona fides* is irrelevant:

> We have explained that both the effective administration of justice and the citizen's right of access to the government for redress of grievances would be threatened by permitting tort liability for communications connected with judicial or other official proceedings. Hence, without respect to the good faith or malice of the person who made the statement, or whether the statement

> ostensibly was made in the interest of justice, 'courts have applied the privilege to eliminate the threat of liability for communications made during all kinds of truth-seeking proceedings: judicial, quasi-judicial, legislative and other official proceedings.'

*Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 350, 360 (2004) (quoting *Silberg*, 50 Cal. 3d. at 213).

To the extent Plaintiff alleges causes of action against Deixler based on invasion of statutory or California constitutional privacy rights, such claims are barred. The California Supreme Court has held that the policy interests of the litigation privilege outweigh plaintiffs' individual privacy interests, even to the extent they derive from the California Constitution. *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 962 (2007) ("The same compelling need to afford free access to the courts exists whatever label is given to a privacy cause of action. Indeed, as the Court of Appeal noted here, 'recognition of such a distinction would allow a plaintiff to easily overcome the privilege on any privacy claim by simply inserting the adjective 'constitutional' into his or her pleadings and jury instructions.'" [some internal quotation omitted]).

Plaintiff therefore can prove no set of facts that would defeat Deixler's complete defense under section 47(b). For the above reasons, the FAC must be stricken. *See, e.g., Rusheen*, 37 Cal. 4th at 1066 (reversing lower court's denial of anti-SLAPP relief because suit based on submission of perjured proof of service was a privileged submission under the litigation privilege and plaintiff could not prove adequacy of his case); *Smith v. Fireside Thrift Co.*, No. C 07-03883 WHA, 2007 U.S. Dist. LEXIS 71011, at *8-12 (N.D. Cal. Sept. 18, 2007) (granting anti-SLAPP motion against plaintiff alleging tort because claim barred by litigation privilege); *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1270 (2008) (affirming grant of defendant's anti-SLAPP motion – based on litigation privilege – where plaintiff sued defendant attorney for alleged defamation in connection with letter sent in course of litigation).

**b. <u>Plaintiff's Claims Are Barred by the Noerr-Pennington Doctrine</u>**

The Noerr-Pennington Doctrine, which derives from the First Amendment of the Federal Constitution, generally bars tort claims that arise from petition activity. *United Mine Workers of America, Dist. 12 v. Illinois State Bar Ass'n*, 389 U.S. 217, 222, 19 L. Ed. 2d 426, 88 S. Ct. 353

(1967); *Empress LLC v. City & County of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005). It is analogous to the anti-SLAPP statute. *Kearney v. Foley & Lardner*, 2008 U.S. Dist. LEXIS 20101, No. 05-CV-2112-L (LSP), at *3 n.3 (S.D. Cal. Mar. 14, 2008). For the reasons stated in section II(A)(1) above, Plaintiff's claims are barred because they arise from Deixler's petition activities.

**2. The New Action is Factually Insufficient**

As noted above, the litigation privilege provides absolute immunity from tort liability for statements to police. "If there is no dispute as to the operative facts, the applicability of the litigation privilege is a question of law. Any doubt about whether the privilege applies is resolved in favor of applying it." *Sengchanthalangsy*, 473 F. Supp. 2d at 1087 (quoting *Kashian*, Cal. App. 4th at 912-13). Deixler therefore need not demonstrate the factual insufficiency of Plaintiff's claims in order to prevail on its anti-SLAPP motion. Nevertheless, Deixler can show that Plaintiff's claims against Cornell have no factual basis.

First, Deixler did not "declare[] in writing that the Plaintiff was charged in connection with fifteen separate crimes," as alleged in Plaintiff's third and sixth causes of action. FAC at pp. 6, 9. The only documents submitted on December 12, 2007 were a request for judicial notice and the Declaration of Nelson E. Roth submitted in support thereof. Deixler's only role on that date was to cause those documents to be filed in his capacity as Cornell's attorney.

Second, even if Deixler's filings were not privileged, and even if they stated or implied that Plaintiff had been charged in connection with fifteen separate crimes, such an assertion would be factually correct for the reasons set forth in this Court's June 3, 2008 Order Granting Special Motion to Strike. *See* Davidson Decl. ¶ 4 & Ex. C, pp. 1-4, 8-9.

Third, Plaintiff's seventh and eighth causes of action inaccurately allege that Deixler published sealed or "previously sealed" records pertaining to Plaintiff by submitting them to the

Court. Such documents were never sealed and were obtained merely by asking the Ithaca City Court for said records. *See* Davidson Decl. ¶ 4 & Ex. C, p. 2.[5]

Fourth, Plaintiff's megalomaniacal paranoia notwithstanding, Deixler had no desire to publish either the Unsealed Materials or Cornell's pleadings on Justia.com. Neither he nor Cornell nor anyone at his law firm ever contacted anyone associated with the website. Declaration of Timothy Stanley ¶ 6, filed concurrently herewith.

For all of the above reasons, Plaintiff cannot demonstrate the factual sufficiency of his claims.

## CONCLUSION

The Court should send Plaintiff a swift message: Courts will not suffer legally and factually insufficient SLAPP suits based on protected petition activities. For the foregoing reasons, the Court should strike Plaintiff's First Amended Complaint in its entirety with prejudice and without leave to amend. Further, Plaintiff should be taxed with Deixler's costs and fees in this matter.

DATED: June 30, 2008

Lary Alan Rappaport
Clifford S. Davidson
PROSKAUER ROSE LLP

/s/ -- Clifford S. Davidson
Clifford S. Davidson

Attorneys for Defendant,
BERT DEIXLER

[5] To the extent the Ithaca City Court erred by releasing the records, or to the extent that court ought to have sealed the records, Deixler cannot constitutionally be held liable for filing them in open court. *See Gates v. Discovery Communications, Inc.*, 34 Cal. 4th 679, 696 (2004). ("Accordingly, following *Cox* and its progeny, we conclude that an invasion of privacy claim based on allegations of harm caused by a media defendant's publication of facts obtained from public official records of a criminal proceeding is barred by the First Amendment to the United States Constitution.")