1  Kevin Vanginderen, Plaintiff Pro Per
   637 Third Ave., Suite E1
2  Chula Vista, CA  91910
   Telephone: (619) 585-7414
3

4

5

**NUNC PRO TUNC** FILED

AUG − 5 2008

08 AUG −8  AM 10: 29

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

6              UNITED STATES DISTRICT COURT

7            SOUTHERN DISTRICT OF CALIFORNIA

8

9  KEVIN VANGINDEREN,                )   Case No. 08-CV-00736-BTM-JMA
                                     )
10              Plaintiff,           )   Hon. Barry T. Moskowitz
                                     )
11         v.                        )   PLAINTIFF'S MEMORANDUM OF
                                     )   POINTS AND AUTHORITIES IN
12  CORNELL UNIVERSITY,              )   OPPOSITION OF DEFENDANTS'
    BERT DEIXLER,                    )   SPECIAL MOTIONS TO STRIKE
13                                   )   PLAINTIFF'S FIRST AMENDED
                Defendant.           )   COMPLAINT PURSUANT TO
14                                   )   SECTION 425.16 OF THE
                                     )   CALIFORNIA CODE OF CIVIL
15                                   )   PROCEDURE
                                     )
16                                   )   Hearing Date: August 22, 2008
                                     )   Time:       11:00 a.m.
17  _____ )   Place:      Courtroom 15

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION.............................................................................................................. 2

STATEMENT OF FACTS................................................................................................. 3

ARGUMENT...................................................................................................................... 6

I.   The Complaints should not be considered a SLAPP Lawsuit under the legislative intent of California Code of Civil Procedure §425.16 because there is no First Amendment protection for Libel and there is no public interest in the publication of a twenty four year old sealed record.................... 6

II.   The Defendant's Motion should not be granted even if the complaints are considered a SLAPP Lawsuit because the Plaintiff can demonstrate a high probability in succeeding in his three claims for Libel........................................ 7

III.   The Defendant's Motion should not be granted even if the complaints are considered a SLAPP Lawsuit because the Plaintiff can demonstrate a high probability in succeeding on three claims for Placing Plaintiff in a False Light.................................................................................................................. 9

IV.   The Defendants' Motion should not be granted even if the complaint are considered a SLAPP Lawsuit because the Plaintiff can demonstrate a high probability in succeeding in his two claims for Public Disclosure of Private Facts.................................................................................................. 12

V.   The Defendants' Motion should not be granted even if the complaints are considered a SLAPP Lawsuit because the Plaintiff can demonstrate a high probability in succeeding in his two claims for Intrusion into Private Affairs.. 14

VI.   The Defendants' Motion should not be granted even if the complaints are considered a SLAPP Lawsuit because the Defendants can not demonstrate that any claims are barred by any affirmative defenses or privileges................ 18

A.   The Plaintiff's claims are not time-barred because the single publication rule is not applicable in this matter since there was both a republication in 2007, and because the original publication was not first communicated in any form of the media which allows the discovery rule to toll these claims as the Plaintiff was not aware of the first publication nor the subsequent republication until it was first placed upon the Internet in 2007.................................... 19

B.   Plaintiff's Libel and False Light claims are legally sufficient because the offending statements are not true and the Defendants have not shown them to be true.............................................................. 20

C.   The Defendants cannot properly assert any immunity privilege when their behavior falls within the exceptions to Cal. Civil Code § 47....... 22

CONCLUSION ................................................................................................................. 24

1

## **TABLE OF AUTHORITIES**

2

3                           **FEDERAL CASES**                        <u>Page</u>

4 *Two Rivers v. Lewis, 174 F.3d 987 (9th Cir. 1999)*..................................................... 19

5 *Hopkins v. Dow Corning Corp., 33 F.3d 1116 ( 9th Cir. 1994)*............................................ 19

6 *Dawson v. Eli Lily and Co., 543 F. Supp 1330 D.C. (1982)*............................................ 19,20

7

## **STATE CASES**

8 *Hebrew Academy of San Francisco v. Goldman, S134873 (2007)*........................................ 19

9 *Shively v. Bozanich, 31 Cal. 4th 1230 (2003)*............................................................ 19,20

10 *Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914 Cal.(2005)*.................................................. 19

11 *Jolly v. Eli Lilly & Co., 751 P.2d 923 (1988)*............................................................. 19

12

## **STATUTES**

13 New York CPL § 160.50 .......................................................................................... 4

14 New York CPL § 160.50(1)(c) ................................................................................. 13

15 Cal Civ. Proc. Code § 425.16(a) ............................................................................. 6

16 Cal Civ. Proc. Code § 425.16(b)(1) ......................................................................... 6

17 Cal Civ. Proc. Code § 47 (2)(A)................................................................. 9,10,11,12,22

18 Cal Civ. Proc. Code § 47 (2)(B)............................................................................ 22

19 Cal Civ. Proc. Code § 47 (2)(C)............................................................................ 22

20

## **CALIFORNIA JURY INSTRUCTIONS**

21 California Jury Instruction 7.00.................................................................................. 7

22 California Jury Instruction 7.09.................................................................................. 8,9

23 California Jury Instruction 7.22.................................................................................. 9,10

24 California Jury Instruction 7.21.................................................................................. 12

25 California Jury Instruction 7.20.................................................................................. 14

26 California Jury Instruction 7.05.................................................................................. 22

27 California Jury Instruction 7.05.1............................................................................... 22

28

1   Plaintiff Kevin Vanginderen hereby submits his Memorandum of Points and Authorities

2   in Opposition to Defendants' Special Motions to Strike Plaintiff's First Amended Complaint.

3   **I.**

4   **INTRODUCTION**

5   The Defendants in this matter have displayed an unmitigated arrogance bred from the

6   unlimited legal budget of a multibillion dollar corporation. In their legal filings they have made a

7   multitude of condescending and ironic proclamations regarding the Plaintiff. The Defendants'

8   statement that the Plaintiff, "should know better" than to engage in this litigation indicates their

9   delusional belief in a universal license that allows them to make any outrageous statement that

10  they desire to this Court. They are also convinced that there is a special privilege which allows

11  them to misappropriate any document they wish and submit anything to this Court as potential

12  evidence in disregard of the Rules of Evidence and Professional Responsibility. The Defendants

13  have not yet filed a single Answer to any of the twelve causes of actions asserted in these matters

14  but they have already flooded this Court with hundreds of pages of filings and purported

15  evidence in an attempt to obfuscate the actual issues presented and in their desire to preclude the

16  obligation to explain the nefarious activities that have caused great harm to the life and

17  livelihood of the Plaintiff.

18  The Defendants contend in this matter that their First Amendment rights include an all

19  encompassing license to: 1) lie in a court filing, by repeating verbatim a false statement which is

20  the basis of the underlying previous Libel claim under the flawed impression that if a false

21  statement is repeated enough times it then somehow becomes true; 2) submit to this Court, and

22  thus immediately publish onto the Internet, documents which the Defendants were aware were

23  sealed under another court's order at the time they were submitted to this Court; and 3) submit to

24  this Court, and thus immediately publish onto the Internet, an entire record of previously sealed

25  files as purported evidence that includes documents which are all unauthenticated, contains a

26  purported recorded transcript from an interrogation which would have been recorded illegally

27  under New York State law, includes documents which have no remote relevance in a

28  determination of the truth of the statement in the previous underlying Libel claim and includes

2

1   privileged attorney client communications from a twenty four year old matter.

2       The Defendant's desire to have this matter decided upon the basis of a previous ruling by

3   this Court in a related matter is ill founded because that ruling is currently under appeal before

4   the Ninth Circuit and many of the issues currently presented are similar.  This Court should

5   reserve a ruling on this matter pending the outcome of that appeal.

6       The circumstances involved in the filing of this case are certainly not what the legislature

7   had intended to prevent when it enacted anti-SLAPP legislation.  The Defendants have subverted

8   and corrupted the electronic filing system of the United States Federal Court into a vehicle for

9   publishing onto the Internet a myriad of private information regarding the Plaintiff which has no

10   bearing on the previous suit along with libelous statements.  The Defendants' defamatory

11   statements regarding the Plaintiff are not protected under free speech protections or under any

12   other Constitutional basis.  Their contention that they are somehow protected by a legal

13   immunity is negated by the exceptions inherent within the very statute they assert.  There are

14   simply no legal justifications for the libelous statements, public disclosures of private facts and

15   invasions of privacy that the Defendants have chosen to cast upon the Plaintiff.

16   **II.**

17   **<u>STATEMENT OF FACTS</u>**

18       Plaintiff Kevin Vanginderen (Plaintiff) attended an undergraduate degree program at

19   Cornell University (Defendant) and obtained a Bachelor of Science degree between August of

20   1979, and May of 1983.  On March 17, 1983, a small article in the *Cornell Chronicle,* a

21   publication produced by the Defendant's Division of University Communications, stated that,

22   "Department of Public Safety officials have charged Kevin G. Vanginderen of 603 Winston

23   Court Apartments with third degree burglary in connection with 10 incidents of petit larceny and

24   five burglaries on campus over a year".  (Defendant's Exhibit C, presented with the Defendant's

25   original Motion to Strike filed on 5/5/2008 )  The *Cornell Chronicle* article was false, the charge

26   did not involve fifteen separate crimes as stated.  The Accusatory Instrument brought against the

27   Plaintiff declares only a solitary charge in connection with a single event: the taking of books

28   from a room in a campus academic building.  (Defendant's Exhibit A)

3

1    　　　In August of 1983, all charges against the Plaintiff were dismissed in the County Court of

2    Tompkins County, New York on the basis that the District Attorney had overcharged the Plaintiff

3    for the circumstances involved. (Defendant's Exhibit B, page 99, presented with the Defendant's

4    original Motion to Strike filed on 5/5/2008) As a result of the dismissal, the entire court file was

5    sealed pursuant to New York's CPL §160.50, which requires all records to be sealed upon a

6    dismissal.   Subsequently, on August 23, 2007, a conditional discharge was granted to a plea for

7    petit larceny on a separate Accusatory Instrument (Defendant's Exhibit A) for the same incident

8    and in 1985, the Chief Clerk of the Office of the Supreme and County Court Clerk for the State

9    of New York County of Tompkins informed Cornell and the other parties that the entire record

10    was sealed. (Defendant's Exhibit B, page 98, presented with the Defendant's original Motion to

11    Strike filed on 5/5/2008) The *Cornell Chronicle* did not report these events.

12    　　　Sometime in 2007, the Defendant chose to place it's entire *Cornell Chronicle* collection

13    upon the Internet and this caused all editions to be prominently displayed upon *the Google*.com

14    search engine web site. (See Exhibit 1) The defamatory *Cornell Chronicle* article was not

15    discovered by the Plaintiff until September of 2007, when he ran a *Google* search of his name on

16    the Internet and determined that the Defendant had now published this article on the World Wide

17    Web. (See Exhibit 1 and Affidavit of Plaintiff) The article was first prominently displayed on the

18    Internet twenty four years after it was published in the *Cornell Chronicle* and is now readily

19    displayed with each *Google* search made of the Plaintiff's name. On September 2, 2007, the

20    Plaintiff requested that the Defendant remove its offending statements from the Internet. (See

21    Exhibit 2) The Defendant has adamantly refused to do such and they have now become even

22    more prominently published upon the World Wide Web than ever before. (See Exhibit 3)

23    　　　The Plaintiff filed suit for the afore mentioned tortious activity on October 1, 2007. Bert

24    Deixler (Defendant) subsequently initiated a phone conversation with the Plaintiff in which he

25    stated that if the underlying original claim was not dismissed forthright, this matter would lead to

26    further publicity of the circumstances regarding the original Private Disclosure of Public Facts

27    claim. Defendant Deixler further emphasized this threat in writing. (See Exhibit 4 and Affidavit

28    of Plaintiff) The Defendants subsequently subverted and corrupted the electronic filing system of

4

1   the United States Federal Court into a vehicle for publishing onto the Internet a myriad of private

2   information regarding the plaintiff which has no bearing on the previous suit (Defendant's

3   Exhibit B, presented with the Defendant's original Motion to Strike on 5/5/2008) along with a

4   repeat of the libelous statements (Defendant's Exhibit E, page 134, 135, presented with the

5   Defendant's original Motion to Strike filed on 5/5/2008) and they have decided to repeat this

6   behavior once again in the present suit.  The Defendants have submitted into a public Federal

7   Court record, and thus immediately published onto the Internet, documents (Defendant's Exhibit

8   A) which the defendants were aware were sealed under a court order at the time they were

9   submitted to the court. (See Exhibit 5 and 6)  The Defendants later lied within a court filing by

10   repeating verbatim the false statement which is the basis of the underlying previous Libel claim

11   under the flawed impression that if a false statement is repeated enough times it then somehow

12   becomes true. (Defendant's Exhibit E, page 134, 135, presented with the Defendant's original

13   Motion to Strike filed on 5/5/2008)  The Defendants simultaneously submitted to this Court an

14   entire record of previously sealed files as purported evidence and thus immediately published its

15   contents onto the Internet.  This record includes only unauthenticated documents (Defendant's

16   Exhibit B, presented with the Defendant's original Motion to Strike filed on 5/5/2008), a

17   purported recorded transcript from an interrogation which would have been recorded illegally

18   under New York State law (Defendant's Exhibit B, presented with the Defendant's original

19   Motion to Strike filed on 5/5/2008), documents which have no remote relevance in a

20   determination of the truth of the statement in the previous underlying Libel claim (Defendant's

21   Exhibit B, presented with the Defendant's original Motion to Strike filed on 5/5/2008) and

22   privileged attorney client communications from a twenty four years old matter. (Defendant's

23   Exhibit B, presented with the Defendant's original Motion to Strike filed on 5/5/2008).  It is

24   notable that the Defendants' chose to include all of these irrelevant and questionable documents

25   as part of their Exhibit B in their original Motion to Strike filed on 5/5/2008, but now they have

26   substantially culled their Exhibit B in the new Motion to Strike filed on 6/30/08, to not include

27   the same offending documents.

28

## III.

## ARGUMENT

I.    **The Complaints should not be considered a SLAPP Lawsuit under the legislative intent of California Code of Civil Procedure §425.16 because there is no First Amendment protection for Libel, an Invasion of Privacy or a Public Disclosure of Private Facts and there is no public interest in the publication of a twenty four year old sealed record.**

The Defendants' contention that the Plaintiff's Complaint should be classified as a SLAPP (Strategic Lawsuit Against Public Participation) Lawsuit is a tenuous one. The current litigation is certainly not a strategic lawsuit against public participation but rather a limited action by a nonpublic person taking umbrage with the publication of false and private information upon the Internet by large corporate entities. The First Amendment Center defines SLAPP Lawsuits as "lawsuits filed in response to or retaliation for citizen communications with government entities and employees". (www.firstamendmentcenter.org) The case at bar does not fit this description in the least. The Defendants are not citizens but rather a multibillion dollar corporation and its legal representative. They have made no communication with any government entity and the Plaintiff has not filed any lawsuit in retaliation. The Plaintiff here simply seeks to protect his reputation from an invasion of privacy and libelous statements.

The legislative intent of the anti-SLAPP statute asserted by the Defendant is based upon the premise that, "The legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." (Cal. Code of Civ. Pro. § 425.16(a)) This lawsuit is decidedly not brought primarily to chill the Defendants' free speech rights as the torts of Libel, a Public Disclosure of Private Facts and Invasion of Privacy are not protected by free speech rights and it is the Plaintiff not the Defendants who now seeks a redress of grievances.

The Defendants are also not entitled to the assert the anti-SLAPP statute because this matter does not concern a public issue. The anti-SLAPP statute asserted by the Defendants requires that it should only apply to a lawsuit brought, "in connection with a public issue". (Cal. Code of Civ. Pro. § 425.16(b)(1)) There is quite simply no public issue here. The Defendant ludicrously asserts that a twenty four year old charge resulting in a sealed record and a

1    conditional discharge to a nonpublic figure is somehow now a matter of public concern.

2       The Defendant has not established that the case at bar involves any matter of public

3 concern nor does it fit under the legislative intent of the anti-Slapp statute it now asserts. The

4 Defendants' Special Motion to Strike should be denied without further review.

5      **II.**    <u>**The Defendants' Motion should not be granted even if the complaints are**</u>
<u>**considered a SLAPP Lawsuit because the Plaintiff can demonstrate a high**</u>
6             <u>**probability in succeeding in his three claims for Libel.**</u>

7       The Plaintiff can establish a high probability in succeeding on all Libel claims. All

8 elements within California Jury Instruction 7.00, are met and no statute of limitations bars the

9 suit because the Plaintiff was not aware of the tortious acts until December of 2007. Under

10 California Law, "Libel is a false and unprivileged publication by writing, printing, picture, effigy

11 or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule,

12 or disgrace, or which causes such party to be shunned or avoided, or which has a tendency to

13 injure such party in such party's occupation". (California Jury Instruction 7.00)

14       The first count of Libel arises from statements present within documents dated March 8,

15 1983, written by Barbara Bourne of Defendant Cornell University. (Defendant's Exhibit B,

16 pages 18, 19, 23) In her report Ms. Bourne has alleged that the Plaintiff was responsible for

17 fifteen separate crimes. The Defendant has not presented any evidence, admissible or not, which

18 ascertains that fifteen individual crimes occurred for which the Plaintiff may be found

19 responsible nor does any documentation exist which presents even a scintilla of evidence that the

20 Plaintiff may be responsible for even half that number of incidents. If the Defendants now wish

21 to prove these statements to be true they possess the burden to prove that fifteen separate

22 distinguishable crimes had actually occurred, detailing specifically what was purportedly taken

23 and when, who may have reported them missing, what if any reports substantiate these alleged

24 circumstances and what purported evidence may tie the Plaintiff to fifteen crimes in any way.

25       The Defendants' statements in the report are false. (See Affidavit of Plaintiff) The

26 publication is in writing and a fixed representation to the eye. The statements in the report were

27 certainly conveyed to the *Cornell Chronicle* in 1983, and therefore were not privileged. This

28 report is the original source of the *Cornell Chronicle*'s libelous statements and has resulted in a

1   chain of causation that is the root cause for all litigation in this matter.  The statements regarding

2   the accusation of the commission of fifteen separate crimes would certainly expose any person to

3   contempt, ridicule, disgrace and have an tendency to injure someone in their occupation.  A

4   statement is defamatory on its face, "if it charged plaintiff with a crime".  (California Jury

5   Instruction 7.09)

6       The second count of Libel arises from Defendant Bert Deixler's decision to republish Ms.

7   Bourne's libelous report by placing it into a public court record and thus immediately upon the

8   Internet on the Justia.com Web Site.  (Defendant's Exhibit B, E and Declaration of Timothy

9   Stanley with Exhibit A, presented with the Defendant's original Motion to Strike filed on

10  5/5/2008)  Defendant Deixler was aware that the libelous report was defamatory and

11  inadmissable as evidence when he presented it to the United States Federal Court, Southern

12  District of California in December of 2007.  The presentation of the report as purported evidence

13  was not accompanied with any supporting statement or affidavit from Ms. Bourne to authenticate

14  it or confirm its accuracy.

15      The Defendants were presented with three options in regard to the proper manner in

16  which to present to this Court the libelous report of Barbara Bourne in the previous litigation

17  record.  The first option was the most logical one, simply do not present it all.  The report

18  consists of nothing more than an unauthenticated and sloppy writing which includes wild

19  unsubstantiated accusations against the Plaintiff.  While the report is apparently signed by a Ms.

20  Barbara Bourne, there is no verification of whom actually produced it.  The second option for the

21  Defendants was to authenticate the report and then make an attempt to introduce it into evidence

22  at a trial after it was properly vetted by a judge for its potential admissibility under relevance,

23  prejudice, best evidence and hearsay objection grounds.  The Defendants chose the third and

24  most egregious option, they decided to expose themselves to additional liability by hastily

25  introducing it as purported evidence as soon as they obtained it.  Twenty four years after it was

26  first produced, they decided it was now appropriate to publish it for a second time into a public

27  court record without any regard to its admissibility.

28      This issue of whether there was some form communication between the Defendants and

8

1    Justia.com in order to further publish these documents upon the Internet is not one that

2    determines liability for the recent publication, rather, it would pertain to the extent of damages

3    for which they are liable. Even if the Defendants had not directly pursued the publication of

4    these documents upon the Internet, solely as a result of their actions, upon the Internet they now

5    appear. The Defendants can not escape the fact that they and they alone are the ultimate source

6    and sole causation for the presence of such.

7        The Defendants' statements are false. (See Affidavit of Plaintiff) The publication is in

8    writing and a fixed representation to the eye. The document is not admissible evidence and

9    therefore is not privileged. (Cal. Civil Code § 47 (2)(A)) The statements regarding the

10   accusation of the commission of fifteen separate crimes would certainly expose any person to

11   contempt, ridicule, disgrace and have an tendency to injure someone in their occupation. A

12   statement is defamatory on its face, "if it charged plaintiff with a crime". (California Jury

13   Instruction 7.09)

14       The third count of Libel arises from Defendant Bert Deixler's repeat of the libelous

15   statements made by the *Cornell Chronicle,* stating in a court filing that the Plaintiff was "charged

16   . . . in connection with 10 incidents of petit larceny and five burglaries." (Defendant's Exhibit E,

17   pages 134, 135, presented with the Defendant's original Motion to Strike filed on 5/5/2008) The

18   Defendants' statement is false. (See Affidavit of Plaintiff) The statement is not privileged

19   because it is a statement known to be false or deceptive. (Cal. Civil Code § 47 (2)(A)) The

20   publication is in writing and a fixed representation to the eye. The statement regarding the

21   commission of fifteen separate crimes would certainly expose any person to contempt, ridicule,

22   disgrace and have an tendency to injure someone in their occupation. A statement is defamatory

23   on its face, "if it charged plaintiff with a crime". (California Jury Instruction 7.09)

24   **III.    The Defendants' Motion should not be granted even if the complaints are
         considered a SLAPP Lawsuit because the Plaintiff can demonstrate a high**

25   **probability in succeeding on three claims for Placing Plaintiff in a False
         Light.**

26

27       The Plaintiff can establish a high probability in succeeding on all Placing Plaintiff in all

28   False Light claims. All elements within California Jury Instruction 7.22, are met and no statute

9

1  of limitations bars the suit. Under civil rights privacy protection, the essential elements Placing

2  Plaintiff in a False Light are:

3  1) The defendant made a public disclosure of a fact about the plaintiff;

4  2) The fact disclosed was false, and portrayed the plaintiff in a false light;

5  3) The false light in which the plaintiff was placed would be highly offensive to a reasonable

6  person;

7  4) The defendant had knowledge or acted in reckless disregard of the falsity of the publicized fact

8  and the false light in which the plaintiff would be placed; or

9  The defendant acted negligently in failing to learn whether the publicized fact placed the plaintiff

10  in a false light;

11  5) The public disclosure caused plaintiff to sustain damages.

12  Reckless disregard means that the defendant must have had serious doubts about the truthfulness

13  of the facts disclosed and light in which the plaintiff would be placed at the time of the

14  disclosure. (California Jury Instruction 7.22)

15      In essence these elements are simply a milder standard than those for Libel. Since all

16  elements of the Libel claims are met, the elements for Placing Plaintiff in a False Light claims are

17  also certainly met.

18      The first count of Placing Plaintiff in a False Light arises from statements present within

19  documents dated March 8, 1983, written by Barbara Bourne an employee of Defendant Cornell

20  University. (Defendant's Exhibit B, pages 18, 19, 23) The statements were certainly conveyed

21  to the *Cornell Chronicle* in 1983, as the original source of the false statements within their

22  publication and they were therefore not privileged. Despite the Defendant's statement to the

23  contrary, in her report Ms. Bourne has alleged that the Plaintiff was responsible for fifteen

24  separate crimes by stating the Plaintiff was "in some way involved with" or "established as the

25  perpetrator" of fifteen separate listed crimes. This fact disclosed was false and portrayed the

26  Plaintiff in a false light; The false light in which the Plaintiff was placed would be highly

27  offensive to a reasonable person as a statement regarding the commission of fifteen separate

28  crimes would certainly expose any person to contempt, ridicule, disgrace and have an tendency to

10

1   injure someone in their occupation.; the Defendants had knowledge or acted in reckless disregard

2   of the falsity of the publicized fact and the false light in which the plaintiff would be placed and

3   the defendant acted negligently in failing to learn whether the publicized fact placed the Plaintiff

4   in a false light; and the public disclosure caused Plaintiff to sustain damages. (See Affidavit of

5   Plaintiff)

6       The second count of Placing Plaintiff in a False Light arises from Defendant Bert Deixler's

7   decision to republish Ms. Bourne's false report by placing it into a public court record and

8   immediately onto the Internet on the Justia.com Web Site. (Defendant's Exhibit B, E and

9   Declaration of Timothy Stanley with Exhibit A, presented with the Defendant's original Motion

10   to Strike filed on 5/5/2008) Defendant Deixler was aware that the false report was defamatory

11   and inadmissable as evidence when he presented it to the United States Federal Court, Southern

12   District of California in December of 2007. The presentation of the report as purported evidence

13   was not accompanied with any supporting statement or affidavit from Ms. Bourne to authenticate

14   it or confirm its accuracy. The document is not admissible evidence and therefore is not

15   privileged. (Cal. Civil Code § 47 (2)(A)) In her report Ms. Bourne has alleged that the Plaintiff

16   was responsible for fifteen separate crimes. This fact disclosed was false, and portrayed the

17   Plaintiff in a false light; The false light in which the Plaintiff was placed would be highly

18   offensive to a reasonable person as a statement regarding the commission of fifteen separate

19   crimes would certainly expose any person to contempt, ridicule, disgrace and have an tendency to

20   injure someone in their occupation; the Defendants had knowledge or acted in reckless disregard

21   of the falsity of the publicized fact and the false light in which the plaintiff would be placed and

22   the defendant acted negligently in failing to learn whether the publicized fact placed the Plaintiff

23   in a false light; and the public disclosure caused Plaintiff to sustain damages. (See Affidavit of

24   Plaintiff)

25       The third count of Libel arises from Defendant Bert Deixler's repeat of the libelous

26   statements made by the *Cornell Chronicle.* He stated in a court filing that the Plaintiff was

27   "charged . . . in connection with 10 incidents of petit larceny and five burglaries." (Defendant's

28   Exhibit E, pages 134, 135, presented with the Defendant's original Motion to Strike filed on

1    5/5/2008) The Defendants' statement is false. (See Affidavit of Plaintiff) The statement is not

2    privileged because it is a statement known to be false or deceptive. (Cal. Civil Code § 47 (2)(A))

3    This disclosed fact portrayed the Plaintiff in a false light; The false light in which the Plaintiff

4    was placed would be highly offensive to a reasonable person as a statement regarding the

5    commission of fifteen separate crimes would certainly expose any person to contempt, ridicule,

6    disgrace and have an tendency to injure someone in their occupation; the Defendants had

7    knowledge or acted in reckless disregard of the falsity of the publicized fact and the false light in

8    which the plaintiff would be placed and the defendant acted negligently in failing to learn

9    whether the publicized fact placed the Plaintiff in a false light; and the public disclosure caused

10    Plaintiff to sustain damages. (See Affidavit of Plaintiff)

11

12

13

       **IV.**     **The Defendants' Motion should not be granted even if the complaints are considered a SLAPP Lawsuit because the Plaintiff can demonstrate a high probability in succeeding in his two claims for Public Disclosure of Private Facts.**

14    The Plaintiff can establish a high probability in succeeding on all Public Disclosure of

15    Private Facts claims. All elements within California Jury Instruction 7.21, are met and no statute

16    of limitations bars the suit. Under civil rights privacy protection, the essential elements Public

17    Disclosure of Private Facts are:

18    1) The defendant made a public disclosure of a fact about the plaintiff;

19    2) Before this disclosure the fact was private, that is, not known to the public;

20    3) The fact made known to the public would be highly offensive to a reasonable person of

21    ordinary sensibilities;

22    4) the defendant disclosed the fact with knowledge that it was highly offensive or with reckless

23    disregard of whether it was highly offensive or not;

24    5) The fact made known was not newsworthy; and

25    6) The public disclosure of this fact caused plaintiff to sustain injury, damage, loss or harm.

26    (California Jury Instruction 7.21)

27    The first count of Public Disclosure of Private Facts arises from the Defendants' decision

28    to include sealed records from 1983, within the Defendants' Motion to Strike Complaint filing of

1    November 2, 2007. (Defendant's Exhibit A) The Defendants' current contention that these

2    records were not sealed at the time is absurd. The original Accusatory Instrument brought

3    against the Plaintiff (Defendant's Exhibit A) is certainly part of the sealed record. Defendant

4    Attorney Nelson Roth acknowledged such on September 19, 2007, in an email to the Plaintiff.

5    (See Exhibit 5) Attorney Roth also submitted a Motion to Unseal Records to the City of Ithaca

6    Court on October 7, 2007, that was never acted upon. (See Exhibit 6) The Defendants did not

7    obtain an Order to Unseal Records from any court until November 16, 2007, two weeks after

8    they submitted the sealed record to this Court. Attorney Roth was well aware that as a result of

9    the dismissal of all charges, the entire court file was sealed pursuant to New York's CPL

10    §160.50, which requires all records "in any court" (CPL §160.50(1)(c)) to be sealed upon a

11    dismissal. The Defendants have asserted that very code as the basis for their Motion to Unseal

12    Record, (See Exhibit 6) so it is now difficult for them to allege that they believed they were

13    submitting a unsealed record to this Court on November 2, 2007. Attorney Roth now absurdly

14    contends that because he was physically able to surreptitiously retrieve a document that he knew

15    to be sealed from a naive court clerk, it then somehow transformed into a public document

16    suitable for public dissemination in a court file twenty four years later.

17       There was no Order to Unseal these records issued by any court when the Defendants

18    placed these records into the public court record on November 2, 2007. The fact made known is

19    highly offensive to a reasonable person as it could be a basis to deny an offer of employment or

20    housing. The Defendant was certainly aware that dissemination of this sealed information is

21    highly offensive. A twenty four year old charge to a nonpublic figure resulting in a conditional

22    discharge and a sealed record is not newsworthy. The disclosure has caused loss of reputation,

23    emotional distress and loss of income. The Defendant has provided no evidence that any these

24    elements are not be met.

25       The second count of Public Disclosure of Private Facts arises from the Defendants'

26    decision to include within the Defendants' Motion to Strike Complaint filing of November 2,

27    2007, sealed records from the record of 1983, (Defendant's Exhibit A) with the knowledge and

28    result that it would be published upon the Internet on the Justia.com Web Site. On November 8,

13

1  2007, or earlier, the entire court record from previous suit filed October 1, 2008, was published

2  upon the Internet on the Web Site Justia.com. (See Exhibit 7) The Defendant was either directly

3  responsible for the Internet publication of this record or had knowledge the sealed documents

4  would appear upon it. This has resulted in a second and more extremely pervasive publication of

5  the private facts revealed as a result of the tort leading to the first count of a Public Disclosure of

6  Private Facts.

7        Once again, the issue of whether there was some form communication between the

8  Defendants and Justia.com in order to further publish these documents upon the Internet is not

9  one that determines liability for the recent publication, rather, it would pertain to the extent of

10  damages for which they are liable. Even if the Defendants had not directly pursued the

11  publication of these documents upon the Internet, solely as a result of their actions, upon the

12  Internet they now appear. The Defendants can not escape the fact that they and they alone are the

13  ultimate source and sole causation for the presence of such.

14  **V.    The Defendants' Motion should not be granted even if the complaints are**
          **considered a SLAPP Lawsuit because the Plaintiff can demonstrate a high**

15        **probability in succeeding in his two claims for Intrusion into Private Affairs.**

16        The Plaintiff can establish a high probability in succeeding on all Intrusion into Private

17  Affairs claims. All elements within California Jury Instruction 7.20, are met and no statute of

18  limitations bars the suit. Under civil rights privacy protection, the essential elements Intrusion

19  into Private Affairs are:

20  1) The defendant intentionally intruded physically or otherwise, upon the solitude or seclusion,

21  private affairs or concerns of the plaintiff;

22  2) The intrusion was substantial, and of a kind that would be highly offensive to an ordinarily

23  reasonable person; and

24  3) The intrusion caused plaintiff to sustain injury, damage, loss or harm.

25  (California Jury Instruction 7.20)

26        The first count of Intrusion into Private Affairs arises from the Defendants' decision to

27  include the entire previously sealed record of 1983, within the Defendants' Motion to Strike

28  Complaint filing of December 14, 2007, and thus publicly disseminate that entire record.

14

1   (Defendant's Exhibit B, presented with the Defendant's original Motion to Strike filed on

2   5/5/2008) The Defendant has unwisely decided to take the entire previously sealed record and

3   submit every single document within it, relevant or not, as exhibits.  Clearly these submitted

4   exhibits could never be presented as evidence at trial without authentication and they would be

5   subject to the scrutiny of this Court in regard to prejudice, hearsay, authentication and relevance.

6   The submission of these records to this Court as purported evidence has accomplished the

7   Defendants' ulterior motive, to publicize the twenty four year old sealed record in as broad a

8   manner as possible in order to exact revenge.  (Defendant's Exhibit E and F, presented with the

9   Defendant's original Motion to Strike filed on 5/5/2008)  The entire previously sealed record

10  filed by the Defendants on December 14, 2007. includes documents which are all

11  unauthenticated (Defendant's Exhibit B, presented with the Defendant's original Motion to

12  Strike filed on 5/5/2008), contains a purported recorded transcript from an interrogation which

13  would have been recorded illegally under New York State law  (Defendant's Exhibit B,

14  presented with the Defendant's original Motion to Strike filed on 5/5/2008), includes documents

15  such as reference letters which have no remote relevance in a determination of the truth of the

16  statement in the previous underlying Libel claim (Defendant's Exhibit B, presented with the

17  Defendant's original Motion to Strike filed on 5/5/2008), and also includes privileged attorney

18  client communications from a twenty four years old matter.  (Defendant's Exhibit A and ,

19  presented with the Defendant's original Motion to Strike filed on 5/5/2008)  There exists no

20  legitimate basis for their introduction to this Court.

21      In the previous litigation the Defendants were once again presented with three options in

22  regard to whether or not it was appropriate for them to present to this Court the entire record of

23  previously sealed files they received from multiple sources.  The first option was the most logical

24  one, carefully sift through the record for any relevant documents that may tend to disprove any of

25  the elements of the original Complaints. They could then select only those documents that have a

26  possibility of being accepted as admissible evidence and authenticate them before submitting

27  them to this Court.  The second option for the Defendants was to authenticate any relevant

28  documents and then have them properly vetted by a judge for their potential admissibility under

15

1  relevance, prejudice, best evidence and hearsay objection grounds before any attempt to

2  introduce them into evidence at a trial.  Once again the Defendants chose the third and most

3  egregious option, they decided to expose themselves to additional liability by rabidly presenting

4  all files as purported evidence to this Court as soon as they were obtained.  This behavior caused

5  every record to be immediately published in their entirety into a public court record and

6  additionally upon the Internet.

7        The Defendants intentionally intruded upon the solitude or seclusion, private affairs or

8  concerns of the Plaintiff by publicly exposing the entire previously sealed record in a public

9  forum.  The intrusion was substantial, and of a kind that would be highly offensive to an

10  ordinarily reasonable person as it could be a basis to deny an offer of employment or housing.  .

11  The intrusion caused Plaintiff to sustain injury, damage and harm.  (See Affidavit of Plaintiff)

12        The second count of Intrusion into Private Affairs arises from the Defendants' decision to

13  include the entire previously sealed record of 1983, within the Defendants' Motion to Strike

14  Complaint filing of December 14, 2007, with the knowledge and result that it would be

15  immediately published upon the Internet on the Justia.com Web Site.  On November 8, 2007, or

16  earlier the entire court record from previous suit filed October 1, 2007, was published upon the

17  Internet on the Justia.com Web Site.  (See Exhibit 7)  The Defendants were either responsible for

18  the Internet publication of this record or had knowledge that the previously sealed documents

19  would appear upon it.  This has resulted in a second and more extremely pervasive publication of

20  the private facts contained within the first count of a Intrusion into Private Affairs.

21        On October 30, 2007, Defendant Bert Deixler placed a phone call to the Plaintiff in which

22  he stated that if the underlying original claim was not dismissed forthright, this matter would lead

23  to further publicity of the circumstances regarding the original Private Disclosure of Public Facts

24  claim.  (See Affidavit of Plaintiff)  He reiterated this not so veiled threat in a written

25  correspondence to the Plaintiff dated October 31, 2007.  (See Exhibit 4)  On October 29, 2007,

26  two days prior to the Defendants' ultimatum deadline, the Internet profile of the Plaintiff

27  included no offending statements other than the original libelous account posted by the Cornell

28  Library Web Site.  (See Exhibit 7 and Affidavit of Plaintiff)  On November 8, 2007, this Court's

1   entire record of the previous litigation had become published upon the Internet on the Web Site

2   Justia.com, with a link to view and print every document in the file. (See Exhibit 8 and Affidavit

3   of Plaintiff) This published Internet record would soon include the entire previously sealed

4   record filed by the Defendants on December 14, 2007. On January 24, 2008, the entire

5   circumstances of the first case were further publicized in a prominent *Cornell Daily Sun* article

6   which was published on the Internet. In March of 2008, the *Cornell Alumni Magazine* published

7   another prominent article regarding all of these events and also placed it upon the Internet. The

8   Defendants have now fulfilled their "promise" to the Plaintiff and have thoroughly polluted his

9   Internet profile with references to virtually nothing other than the entire previously sealed record.

10  (Exhibit 9) The Defendants' cannot escape from the fact that they are solely responsible for the

11  entirety of these circumstances and that none would have occurred if they had not decided to

12  engage in their obstinant and inexplicable behavior.

13          The Defendants have presented a self serving statement by Justia.com CEO Timothy

14  Stanley in which he declares that no communication has occurred between he or his company and

15  the Defendants. His carefully worded statement does not deny, however, that there was no

16  communication regarding this litigation with the *Google* company, a party in interest in this

17  matter which is a business partner with both his company and the Defendant Cornell University

18  and is potentially the funding source for the Defendant's exorbitant legal expenses in this

19  litigation. Mr. Stanley fails to mention in his statement that his web site home page establishes

20  that his company has entered into a promotional relationship with the Defendant Cornell

21  University as it prominently advertises and presents a direct link to two Cornell search engines.

22  (Exhibit 10) or that Mr. Stanley has pursued a relationship with the *Google* company similar to

23  that of the Defendant Cornell University in an effort to disseminate all information on their

24  prospective web sites to the widest online audience possible. (Exhibit 11)

25          The Defendants' statement that the Plaintiff does not believe they are entitled to submit

26  any documentary evidence on their behalf to this Court is false. The Defendants are entitled to

27  submit properly authenticated and relevant documentation that could tend to disprove any of the

28  contentions in the Complaints filed in the previous litigation. Any other documents submitted to

1  this Court are superfluous and were presented for no other reason than to publicize them within a

2  public record and hence upon the Internet.  The only evidence that could be properly introduced

3  in the previous litigation would be that which could somehow prove that a libelous statement or a

4  public disclosure of private facts had somehow not occurred or was somehow privileged.  The

5  Defendants would find it impossible to justify how the majority of the submitted unsealed files

6  which includes letters of reference could meet this standard.  The myriad of documents in that

7  file establish nothing of relevance to the limited issue of the potential truth of the libelous

8  statement in the previous litigation.  Not one of the presented records establish that fifteen

9  separate crimes had ever been committed nor that the Plaintiff could be even remotely connected

10  with even half that amount, therefore, the voluminous record should not have been recklessly

11  submitted to this Court.

12      The Defendants once again intentionally intruded upon the solitude or seclusion, private

13  affairs or concerns of the Plaintiff by publicly exposing the entire previously sealed record in a

14  public forum. The intrusion was substantial, and of a kind that would be highly offensive to an

15  ordinarily reasonable person as it could be a basis to deny an offer of employment or housing and

16  it caused the Plaintiff to sustain injury, damage, loss and harm.  (See Affidavit of Plaintiff)

17      Seven months ago a *Google* search of the Plaintiff's name would have revealed none

18  other than information about his published Law Review article or information regarding his law

19  practice as a Certified Specialist.  The Plaintiff's profile is now utterly polluted with little other

20  than references to a twenty five year old incident including articles from *The Cornell Daily Sun*

21  and the *Cornell Alumni Magazine* that delineate vivid details of everything the Defendants' have

22  chosen to publicize about the Plaintiff to the world.  The Plaintiff should have never again in his

23  life had to trouble his mind with the most excruciating episode of his life.  The Defendants have

24  inexplicably forced him to endure world wide publicity of this matter and hundreds of hours of

25  litigation in order to correct the injustices they now cast upon him.

26  **VI.    The Defendants' Motion should not be granted even if the complaints are**
         **considered a SLAPP Lawsuit because the Defendants can not demonstrate**
27       **that any claims are barred by any affirmative defenses or privileges.**

28      Statutes of limitations are affirmative defenses that the Defendant may someday attempt

18

1   to assert but they have not yet done so as it has not yet filed any Answers to any Complaints.

2   Under Federal Law, a claim accrues when the plaintiff knows or has reason to know of the injury.

3   *Two Rivers v. Lewis, 174 F.3d 987, 991 (9th Cir. 1999)*  No statute of limitations bars the suit

4   because the Plaintiff was not aware of the libelous statements until December of 2007.

5   **A.    The Plaintiff's claims are not time-barred because the single publication rule

6   is not applicable in this matter since there was both a republication in 2007
    and because the original publication was not first communicated in any form

7   of the media which allows the discovery rule to toll these claims as the
    Plaintiff was not aware of the first publication nor the subsequent

8   republication until it was first placed upon the Internet in 2007.**

9       The single publication rule should not apply to this matter because the report of Barbara

10  Bourne from 1983, was not a communication in the mass media.  A recent California Supreme

11  Court ruling asserted that if a publication was published with even only a limited circulation then

12  the single publication rule should apply, however, the Court additionally reiterated that the

13  delayed discovery rule is meant to apply in cases in which it is difficult for a plaintiff to learn or

14  understand the injury suffered, or when the cause of injury is hidden.  *Hebrew Academy of San*

15  *Francisco v. Goldman,* S134873, citing *Shively v. Bozanich, 31 Cal. 4th 1230 (2003).*

16      In the case at bar the discovery rule should be applied to the count of Libel regarding the

17  twenty five year old libelous statements about the Plaintiff within the report produced by Barbara

18  Bourne.  The Plaintiff was not aware of the libelous statements until December 15, 2007, when

19  he first learned of the existence of the twenty five year old report regarding himself by Barbara

20  Bourne at the time it was delivered to him by the Defendant Bert Deixler in a court filing.  (See

21  Affidavit of Plaintiff)  Since he was not aware of the existence of the report until twenty four

22  years after it was written, he could not have reasonably discovered it until it was recently

23  prominently displayed upon the Internet in the year 2007.

24      The discovery rule should prevent the application of any statute of limitation as a bar to

25  the present case because the statute only starts when a plaintiff learns of possible wrongdoing.

26  *Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914 Cal.(2005); Hopkins v. Dow Corning Corp., 33*

27  *F.3d 1116, 1120 9th Cir.( 1994) Jolly v. Eli Lilly & Co., 751 P.2d 923, 926-27 (1988); Dawson v.*

28  *Eli Lily and Co., 543 F. Supp 1330, 1338 D.C. (1982).*  Under the common law rule, "discovery

1    rules are adopted to avoid unfairness of interpreting a statute of limitations to accrue when the

2    injury first occurs, if at that time plaintiff does not have enough information to bring suit." *see*

3    *Dawson, 543 F. Supp at 1338.*  Different accrual dates could apply to different causes of action.

4    *see Fox, 110 P.3d 914 Cal. at 924*   The delayed discovery rule is meant to apply in cases in

5    which it is difficult for a plaintiff to learn or understand the injury suffered, or when the cause of

6    injury is hidden.  The discovery rule has been applied in matters: that "involve a defamatory

7    writing that has been kept in a place to which the plaintiff has no access or cause to seek access."

8    *Shively v. Bozanich, supra, 31 Cal. 4th 1230, 1249;* "when the defamatory statement is hidden

9    from view, for example in a personnel file that generally cannot be inspected by the plaintiff."

10   *Shively v. Bozanich, supra, 31 Cal. 4th 1230, 1249,* citing *Manguso v. Oceanside Unified School*

11   *Dist. (1979) 88 Cal.App.3d 725;* and "when the defamation was communicated in confidence,

12   that is, 'in an inherently secretive manner'" *Shively v. Bozanich, supra, 31 Cal. 4th 1230, 1249,*

13   citing *McGuiness v. Motor Trend Magazine (1982) 129 Cal. App.3d 59, 61.*

14     The Plaintiff in the case at bar was simply incapable of discovering the report Barbara

15   Bourne wrote about himself twenty five years ago since it was obviously not made available to

16   him at the time it was first written nor when it was later sealed.  The Plaintiff had no reason to

17   suspect that any such report even existed until he was presented with it in the previous litigation

18   in December of 2007.  The report was not printed in any form of media until 2007, therefore

19   there is no statute that could bar any part of the claims for Libel due to the required application of

20   the delayed discovery rule in the case at bar.

21     **B.**  **Plaintiff's Libel and False Light claims are legally sufficient**

22        **because the offending statements are not true and the Defendants**
     **have not shown them to be true.**

23     The statements within the report of Barbara Bourne dated March 8, 1983, and the libelous

24   statement of Bert Deixler in his court filing of December 14, 2007, are neither fair nor true.

25   Defendant Cornell University employed Ms. Bourne at the time she wrote her libelous statements

26   that allege that the Plaintiff was responsible for fifteen separate crimes. (Defendant's Exhibit B,

27   pages 18, 19, 23) Defendant Bert Deixler has repeated the libelous statements made by the

28   *Cornell Chronicle,* stating in a court filing that the Plaintiff was "charged . . . in connection with

20

1    10 incidents of petit larceny and five burglaries". (Defendant's Exhibit E, pages 134, 135,

2    presented with the Defendant's original Motion to Strike filed on 5/5/2008) The Defendants'

3    statements are patently false and they have presented no evidence of their truth.

4         The Defendants have not presented any evidence, admissible or not, which ascertains that

5    fifteen individual crimes occurred for which the Plaintiff may be responsible. There is no

6    submitted documentation which indicates how there exists even a scintilla of evidence that the

7    Plaintiff may be responsible for even half that number of incidents. In its defense against the

8    Plaintiff the Defendants have presented an Accusatory Instrument as purported evidence but that

9    document simply indicates that at the time of arrest only one charge brought against the Plaintiff

10    in connection with a single event: the taking of books from a room in a campus academic

11    building. (Defendant's Exhibit A) This document does not support their libelous statements.

12         The Defendants poor decision to submit Ms. Bourne's libelous statements into a public

13    record and thus, republish and now expose them to the Plaintiff for the first time, has now availed

14    them of the obligation to prove her statements are true. The Defendants have not and are simply

15    incapable of doing so. They have supplied no statement from her asserting the authenticity of the

16    documents she has allegedly prepared nor any evidence from her to assert the truth of the

17    statements within them. Quite simply, if the Defendants now wish to prove the purported truth of

18    the libelous statements they have made, they have the burden to prove not only that fifteen

19    separate and distinct crimes actually occurred and specifically what was taken and when, who

20    reported each crime, what if any reports were taken at the time and what purported evidence tied

21    the Plaintiff in any way to each of the alleged fifteen crimes. Ms. Bourne's report of March 8,

22    1983, does not illustrate any of the required information regarding these questions that could

23    possibly prove the truth of the matters asserted. The report simply includes statements of

24    sweeping generalizations and a list of obtuse purported incident numbers. While this report

25    contains blanket accusations against the Plaintiff regarding alleged crimes, it fails to include any

26    specificity as to which incidents had theoretically occurred or why these were considered separate

27    incidences rather than possibly multiple reports of single events. The Defendants have made no

28    legitimate effort to assert the truth of their libelous statements.

C.    **The Defendants cannot properly assert any immunity privilege when their behavior falls within the exceptions to Cal. Civil Code § 47.**

The Defendants have chosen to assert that Cal. Civil Code § 47, grants them unlimited immunity to make any statement and submit any document they wish to include within any court record. The Defendants refuse to recognize, however, that within that Code there are many exceptions which apply directly to them.

The exceptions to the "immunity privilege" include: 1) Violating Rule 5-120 of the State Bar Rules of Professional Conduct in regard to clearly inadmissible evidence and statements known to be false or deceptive (Cal. Civil Code § 47 (2)(A)); 2) Breaches of a court order (Cal. Civil Code Cal. Civil Code § 47 (2)(B)), and 3) Violations of any requirement of confidentiality by law (Cal. Civil Code § 47 (2)(C)). In addition, under California Law a jury must determine if the privilege is abused. A privilege is abused when a defendant publishes a defamatory statement about plaintiff, without a good faith belief in the truth of the statement; or, without reasonable grounds for believing the statement true; or, motivated by hatred or ill will towards plaintiff. (California Jury Instructions 7.05, 7.05.1)

Defendant employee Barbara Bourne and Defendant Bert Deixler have asserted that the Plaintiff is responsible for many crimes where there they have provided no proof that these alleged crimes have actually occurred. The Defendants now assert that the "litigation privilege" protects them from any and all of their statements regarding this matter, whether or not they know them to be false. They apparently believe they have a license to lie to this Court. This alleged privilege would then presumably would allow them to additionally make the false accusation that the plaintiff has been charged in connection with multiple counts of mass murder. The Defendants have clearly demonstrated that they have abused any privilege which they may believe they are entitled to assert .

The Defendant's position that Barbara Bourne's libelous report is protected by a privilege because it was somehow a report *to* a police officer is a tenuous one. Her statements were ones presumably made *by* a campus security officer and not statements made *to* an officer as the Defendants suggest. This report, or a description of it, was obviously conveyed to a member of

22

1   *Cornell Chronicle* staff when the original offending article was first written.  While one section of

2   a report in the file written by someone other than her does contain a small reference to the

3   possibility that her statements may have been for some reason forwarded to the IPD (presumably

4   the Ithaca Police Department), there was no logic for this circumstance because that department

5   provided no participation in the matter whatsoever.  The Defendant's argument that her statements

6   are now somehow privileged simply because they may have for no apparent reason forwarded

7   them to another police agency is absurd.  The Defendants are thus asserting that any officers may

8   absolve themselves of tortious behavior simply by conveying their libelous remarks to a additional

9   parties.

10          The Defendants can not overcome the fact that the incredibly sloppy work product and

11  wild accusations of Barbara Bourne are the root cause of all of the litigation in this matter and an

12  incredible amount of damage to the Plaintiff.  Defendant Deixler has decided to compound the

13  harm to the Plaintiff with further ancillary damages when he republished this misinformation.

14          Defendant Bert Deixler has subverted and corrupted the electronic filing system of the

15  United States Federal Court into a vehicle for publishing his libelous statement onto the Internet

16  along with a myriad of private information regarding the plaintiff which has no bearing on the

17  previous suit.  The Plaintiff's record in this matter was sealed in 1983 and again in 1985.  The

18  Plaintiff's FBI report contains no record of any of these events.  This episode was forgotten for

19  twenty four years by every party involved and totally unknown to the general public.  Today,

20  however, entirely as a result of the Defendant's actions, a *Google* search of the Plaintiff's name

21  reveals little other than references to the twenty five year old incident.  The Defendant cannot

22  plausibly assert they have committed no wrong or that they have some form of blanket immunity

23  which allows them to conduct themselves in such a devastating manner.

24          The Defendants believe their status as an Ivy League University and a high priced litigator

25  allows them carte blanche to say and do anything they see fit.  They argue that they possess a

26  blanket immunity for their actions but their strained assertion of Cal. Civil Code § 47, fails to

27  mention the many exceptions within that Code which negate its application in the case at bar.  The

28  Defendant's apparently believe that all State and Federal Rules of Evidence should not apply to

1  them in these matters.  They additionally wish to convince this Court that it would be proper to

2  disregard the Plaintiff's right to an actual trial by deciding the entire litigation in these both cases

3  solely upon unsupported paper filings.  Their outrageous behavior is obviously intended as a shot

4  across the bow of any other future potential litigants whom may also decide to try to clear their

5  names or question the activities of the Defendants in publicizing private information regarding

6  themselves.  This arrogant behavior should not be tolerated by this Court.

7  **<u>CONCLUSION</u>**

8       Plaintiff respectfully requests that Defendants' Motions to Strike be denied because the

9  anti-SLAPP statute should not apply in this matter and the Plaintiff has shown a reasonable

10  probability to prevail on all his claims.

11

12  Dated: August 5, 2008

13

14  Kevin Vanginderen

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS EXHIBITS
### (Local Civil Rule 5.1(e))

2

3  **EXHIBIT 1**

4  *Google.com.* search results posting defamatory and private
   information about the Plaintiff from the *Cornell Chronicle*
5  on September 2, 2007.................................................................................4

6  **EXHIBIT 2**

7  Email correspondence from Kevin Vanginderen to Cornell University
   and response dated September 6, 2007.....................................................4
8

9  **EXHIBIT 3**

10  *Google.com.* search results posting defamatory and private
    information about the Plaintiff from the *Cornell Chronicle*
11  on April 25, 2008.....................................................................................4

12  **EXHIBIT 4**

13  Letter from Defendant Bert Deixler to Plaintiff Kevin Vanginderen
    suggesting a public disclosure of the first litigation if no dismissal is made
14  sent on October 31, 2007.....................................................................4,16

15  **EXHIBIT 5**

16  Email correspondence from Cornell University Attorney Nelson
    Roth to Plaintiff Kevin Vanginderen dated September 19, 2007......................5
17

18  **EXHIBIT 6**

    Order to Show Cause in regard to Defendant's Motion to Unseal Record
19  dated October 9, 2007.......................................................................5,13

20  **EXHIBIT 7**

21  *Google.com.* search results posting defamatory and private
    information about the Plaintiff from only the *Cornell Chronicle*
22  on October 29, 2007.........................................................................14,16

23  **EXHIBIT 8**

24  Justia.com Web Site page disclosing all documents submitted in
    the previous litigation including tabbed links to all exhibits from
25  November 8, 2007................................................................................17

26  **EXHIBIT 9**

27  *Google.com.* search results posting defamatory and private
    information about the Plaintiff from multiple Defendant sources
28  on January 24, 2008 and March 24, 2008.................................................17

1

**EXHIBIT 10**

2

**Justia.com Web Site home page listing Cornell legal research sites
dated May 12, 2008**................................................................................................17

3

**EXHIBIT 11**

4

**Justia.com CEO's profile as a *Google Enterprise Search Superstar*
dated May 12, 2008**................................................................................................17

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Kevin Vanginderen - Google Search                                          Page 1 of 2

Web   Images   Video   News   Maps   Gmail   more ▼                                    Sign in

## Google

| | Kevin Vanginderen | | Search | Advanced Search |
Preferences

New! View and manage your web history

**Web**                                    Results **1 - 10** of about **65** for **Kevin Vanginderen**. (0.16 seconds)

Did you mean: Kevin *Van genderen*

Beta Theta Alumni E-mail (Pi Kappa Alpha at Cornell University)
**Kevin Vanginderen**, kvangin1@yahoo.com. '84, Steve Amador,
samador@rcn.com,samador@sigaba.com. Paul Barresi, Ppabarr@aol.com ...
betathetadata.net/btemail.htm - 198k - Cached - Similar pages

## Kevin G Vanginderen
**Kevin G Vanginderen**--San Luis Obispo, CA ... **Kevin G Vanginderen** Attorney **Kevin
Vanginderen** 895 Pismo St. San Luis Obispo, CA 93401 Telephone: 805-542-0273 ...
www.medlawplus.com/professionals/legal/951280242416.tpl - 15k - Cached - Similar pages

### Los Angeles personal injury lawyers
Jeffrey D Stearman, Fullerton, CA. Armen Tashjian, Los Angeles, CA. Wilfredo Trivino-
Perez, Los Angeles, CA. **Kevin G Vanginderen**, San Luis Obispo, CA ...
www.medlawplus.com/bidinfo/personalinjurylawyers/LosAngeles.htm - 26k -
Cached - Similar pages

## Kevin Vanginderen In Chula Vista, California - Personal Injury ...
**Kevin Vanginderen** In Chula Vista, California - Personal Injury Attorneys (Internet Lawyer
Directory),Southern California attorney directory with legal ...
www.ilawyerdirectory.com/attorneyDetail/personal_injury/**kevin_vanginderen** - 23k -
Cached - Similar pages

## Vanginderen Kevin Atty Chula Vista, Chula Vista | Yelp
**Vanginderen Kevin** Atty - Chula Vista reviews by real people. Yelp is a fun and easy way
to find, recommend and talk about what's great and not so great in ...
www.yelp.com/biz/_pjCfZwLHpMebojfEf_n3w - 25k - Cached - Similar pages

## Vanginderen Kevin Attorney - Chula Vista, CA - 91910 ...
637 3rd Avenue located in Chula Vista, you may call them at (619)585-7414, visit site for
local reviews.
www.localattorneydir.com/local/308417.html - 6k - Cached - Similar pages

## Vanginderen Kevin Attorney - Chula Vista, CA - 91910 USLawyermaps.com
637 3rd Avenue located in Chula Vista, you may call them at (619)585-7414, read reviews
and view local map for directions.
www.uslawyermaps.com/profile/30253.html - 6k - Cached - Similar pages

[PDF] State Will Support Biotechnology Center Here
File Format: PDF/Adobe Acrobat - View as HTML
charged **Kevin G. Vanginderen** of 603 Winston. Court Apartments with third degree
burglary in. connection with 10 incidents of petit larceny and ...
dspace.library.cornell.edu/bitstream/1813/5350/14/014_24.pdf - Similar pages

## Testimonials
Teresa **Vanginderen**, **Kevin** and Justin, Morro Bay, CA "Thank you! Our birth went
superbly well. I don't think it could have gone better . . . a five hour ...
www.centerforthesacredfeminine.org/id6.html - 16k - Cached - Similar pages

# EXHIBIT    2

Yahoo! Mail - kvangin1@yahoo.com


# YAHOO! MAIL
### Classic

Print - Close Window

| | |
|---|---|
| **Date:** | Wed, 05 Sep 2007 15:49:18 -0400 |
| **To:** | kvangin1@yahoo.com |
| **From:** | "Edward Weissman" <esw3@cornell.edu> |
| **Subject:** | Re: Reference Question from Kevin Vanginderen |

Dear Kevin Vanginderen,

We received your message and we are looking into your complaint.  We will get back to you shortly.

Edward Weissman
Assistant to the University Librarian
Cornell University
201 Olin Library
Ithaca, NY 14853-5301

e-mail: esw3@cornell.edu
voice: 607 255-5754
fax: 607 255-6788


>Name  : Kevin Vanginderen
>Status  : other
>Email  : kvangin1@yahoo.com
>Question  : I have done a recent google search of my name on the
>internet and I am very disturbed to find a website address from your
>library specifically at:
>dspace.library.cornell.edu/bitstream/1813/5350/14/014 24.pdf
>This post is slanderous and untrue and at minimum a public
>disclosure of private information going back over 25 years.  I have
>google searched my name every year for the past ten years and this
>is the first time this disturbing post has ever come up.  Why is it
>on your library site now?  Please remove this immediately from yout
>website or I will be forced to take legal action to have it removed.

# EXHIBIT    3

Web   Images   Maps   News   Shopping   Gmail   more ▼                                      Sign in

Google

| Kevin Vanginderen |   Search   Advanced Search
Preferences

---

**Web**                                          Results **1 - 10** of about **127** for **Kevin Vanginderen**. (0.17 seconds)

Tip: Save time by hitting the return key instead of clicking on "search"

**Vanginderen** v. Cornell University :: Justia News
Oct 29, 2007 ... (Attachments: # 1 Affidavit of **Kevin Vanginderen** in support of
memorandum of points and authorities)(vet) (Entered: November 26, 2007) ...
news.justia.com/cases/featured/california/casdce/3:2007cv02045/257249/ - 33k -
Cached - Similar pages

[PDF] State Will Support Biotechnology Center Here
File Format: PDF/Adobe Acrobat - View as HTML
charged **Kevin G. Vanginderen** of 603 Winston. Court Apartments with third degree burglary
in. connection with 10 incidents of petit larceny and ...
ecommons.library.cornell.edu/bitstream/1813/5350/14/014_24.pdf - Similar pages

Search: **Kevin Vanginderen** - MarketWatch
**Kevin Vanginderen**. More ». MarketWatch Results. RSS Feed for "**Kevin Vanginderen**" |
Get an email alert on "**Kevin Vanginderen**" ...
www.marketwatch.com/search/?value=Kevin+Vanginderen - 35k - Cached - Similar pages

**Vanginderen** v. Cornell University - 3:2007cv02045 - Justia Federal ...
November 21, 2007, 12, Memorandum of Points and Authorities in Opposition re 7 MOTION
to Strike Plaintiff's Complaint filed by **Kevin Vanginderen**. ...
dockets.justia.com/docket/court-casdce/case_no-3:2007cv02045/case_id-257249/ - 85k -
Cached - Similar pages

**Kevin G Vanginderen**
**Kevin G Vanginderen**--San Luis Obispo, CA ... **Kevin G Vanginderen** Attorney **Kevin
Vanginderen** 895 Pismo St. San Luis Obispo, CA 93401 Map It ...
www.medlawplus.com/professionals/Legal/951280242416.tpl - 15k - Cached - Similar pages

Alum Sues Cornell Chronicle | The Cornell Daily Sun
Jan 24, 2008 ... **Kevin Vanginderen** '83, a practicing California lawyer, filed a complaint in
San Diego County Superior Court last October for libel and ...
cornellsun.com/node/26579 - 23k - Cached - Similar pages

Google Co-op Search: **Kevin Vanginderen** - Justia Blawg Search
Blawg Search Google Co-op Legal Web. BlawgSearch.com :: Blawgs.FM :: © Justia Legal
Resources :: Terms of Service :: Privacy Policy :: Contact Us.
blawgsearch.justia.com/google-coop.aspx?cx=001017683474852908061:doc-
_bxozry&q=Kevin+Vanginderen&... - 6k - Cached - Similar pages

California Man Sues Cornell; Google Generation a Myth? - Library ...
Jan 24, 2008 ... According to the Cornell Daily Sun, **Kevin Vanginderen**, a Cornell graduate
and now a lawyer in California, filed a $1 million lawsuit against ...
www.libraryjournal.com/info/CA6525412.html - Similar pages

**Vanginderen** v. Cornell University - 8
**Kevin Vanginderen**, Docket #D46-171. 5 Exhibit B: The archived image of the March 17,
1983 Cornell Chronicle 6 that is the subject of this litigation. ...
www.docstoc.com/docs/473136/**Vanginderen**-v-Cornell-University---8 - 35k -

# EXHIBIT  4

**PROSKAUER ROSE LLP**

2049 Century Park East
Suite 3200
Los Angeles, CA  90067-3206
Telephone 310.557.2900
Fax 310.557.2193

BOCA RATON
BOSTON
LONDON
NEW ORLEANS
NEW YORK
NEWARK
PARIS
SÃO PAULO
WASHINGTON

Bert H. Deixler
Member of the Firm

Direct Dial 310.284.5663
bdeixler@proskauer.com

October 31, 2007

<u>**Via Federal Express**</u>

Kevin Vanginderen, Esq.
637 3rd Avenue, Suite E-1
Chula Vista, CA 91910

Re:    <u>Kevin Vanginderen v. Cornell University</u>

Dear Mr. Vanginderen:

You will recall that we spoke on October 16, 2007, and in that conversation I informed you that our firm had been engaged by Cornell University in connection with the action you had filed against Cornell.  In that conversation I informed you that it was my opinion that your claims were meritless and that we would promptly remove the case to United States District Court and thereafter file an anti-SLAPP motion pursuant to California Code of Civil Procedure § 425.16.

As you are aware, we have removed the case as promised.  Enclosed is a copy of the Memorandum of Points and Authorities in Support of Special Motion to Strike, together with the Request for Judicial Notice and related declarations, which we intend to file by 5:00 p.m. Friday, November 2, 2007.

Cornell has decided that it would afford you one last clear chance to dismiss the action with prejudice rather than litigating publicly what appear to be the legally irrefutable circumstances surrounding your arrest and conviction in 1983.  I would add my personal urging because I believe that the case is both unwinable for you and unlikely to enhance your reputation in the communities in which you work and live.

Please inform me no later than 5:00 p.m. Pacific time on November 1, 2007, that you have filed a dismissal of the action with prejudice in the United States District Court and supply me with a copy of that electronic filing.

7521/21177-001 Current/10250537v1

**PROSKAUER ROSE LLP**

October 31, 2007
Page 2

If I haven't received that assurance, coupled with the written confirmation, Cornell will proceed with the anti-SLAPP motion and when it is granted will seek and collect attorneys' fees attendant to the bringing of that motion.

Very truly yours,

Bert H. Deixler

BHD:pr

Enclosures

# EXHIBIT 5

Yahoo! Mail kvangin1@yahoo.com

# YAHOO! MAIL
### Classic

Print - Close Window

| | |
|---|---|
| **Date:** | Wed, 19 Sep 2007 21:15:59 -0400 |
| **To:** | "Kevin Vanginderen" <kvangin1@yahoo.com> |
| **From:** | "Nelson E. Roth" <ner3@cornell.edu> |
| **Subject:** | Re: Inquiry to Cornell University Library |

Dear Mr. Vanginderen:

    Thank you for getting back to me. Before responding either to your request that the Cornell Library redact page 6 of the digitized copy of the March 27, 1983 Cornell Chronicle it maintains in its collection (or remove it from the collection) or to the assertions of law in your e-mail, we would like to be sure that we have all of the pertinent facts so that we can assess the accuracy of the publication and your present factual assertions. Thus, it would be very helpful to us in addressing your request if we could examine the original police and prosecution records relating to the matters referenced in the publication. I understand that the records are available but were sealed in 1985. For that reason, we will need to obtain a court order to unseal the records. This is routinely done, of course, in the event of litigation, but we will need a stipulation from you to obtain a court order at this point to examine the records. If you are willing to sign a stipulation so that we may attempt to resolve this matter short of litigation, please let me know and I will prepare the appropriate document.

    Sincerely,

    Nelson E. Roth

EXHIBIT 6

CITY OF ITHACA
CITY COURT:                    CRIMINAL PART

_____

IN THE MATTER OF THE APPLICATION                    07 OCT -9 AM 9: 19
OF CORNELL UNIVERSITY TO UNSEAL
RECORDS FROM THE PROCEEDING
CAPTIONED:

PEOPLE OF THE STATE OF NEW YORK                          **ORDER TO**
              vs.                                        **SHOW CAUSE**
KEVIN VANGINDEREN,

                        Defendant.

_____

Upon the annexed affidavit of Nelson E. Roth, sworn to October 5, 2007 with attached exhibit, and upon all prior papers and proceedings heretofore had herein, and sufficient cause appearing therefor; it is hereby,

ORDERED, that Kevin Vanginderen or his attorney(s) show cause before this Court, at a Motion Term thereof, to be held at the Ithaca City Court, located at 118 East Clinton Street, City of Ithaca, State of New York, on _10/17_, 2007 at 9:30 a.m. or as soon thereafter as counsel can be heard, why an order should not be entered herein unsealing all records and papers relating to the arrest and prosecution of the above-captioned criminal matter; and it is hereby

FURTHER ORDERED, that service of a copy of this Order to Show Cause and the Affidavit of Nelson E. Roth in Support of Motion to Unseal Record with attached exhibit be made upon Kevin Vanginderen, Pro se, by Federal Express (no signature required) at the address listed on his Civil Action Case No. 37-2007-00076496-CU-DF-SC, at 637 3rd Avenue, Suite E-1, Chula Vista, CA 91910 on or before _10/12_, 2007 at 5:00 p.m.; and it is hereby

FURTHER ORDERED, that any and all answering affidavit and memorandum of law be served upon the attorney for movant Cornell University at the Office of University Counsel, 300 CCC Building, Garden Avenue, Ithaca, NY 14853 on or before _10/15_, 2007.

IT IS SO ORDERED.

Dated: October _9_ 2007

                                        s/ Judith A Rossiter
                                        _____
                                        Judith A. Rossiter, Judge

CITY OF ITHACA
CITY COURT:                  CRIMINAL PART

---

IN THE MATTER OF THE APPLICATION
OF CORNELL UNIVERSITY TO UNSEAL
RECORDS FROM THE PROCEEDING
CAPTIONED:

PEOPLE OF THE STATE OF NEW YORK
vs.
KEVIN VANGINDEREN,

**AFFIDAVIT OF**
**NELSON E. ROTH**
**IN SUPPORT OF**
**APPLICATION TO**
**UNSEAL RECORD**

                          Defendant

---

STATE OF NEW YORK      :
                       : ss.:
COUNTY OF TOMPKINS     :

Nelson E. Roth, being duly sworn, deposes and says:

1.      I am an attorney admitted to practice before the courts of the State of New York, and am one of the attorneys defending Cornell University in a civil matter just commenced in the Superior Court of California, County of San Diego by Kevin Vanginderen.  I am fully familiar with the procedural facts and circumstances of this matter as set forth below.

2.      I make this affidavit in support of Cornell's application pursuant to CPL §160.50(1)(d) to unseal all records and papers relating to the arrest and prosecution of the above-captioned matter, as necessary to Cornell's defense in the civil action brought by the defendant-now-plaintiff Vanginderen, which is currently pending in Superior Court of California, County of San Diego.

3.      Vanginderen's complaint, a copy of which is attached hereto as Exhibit A, was served upon Cornell University on October 3, 2007, nearly twenty four years after his arrest for crimes alleged in the above-captioned matter prosecuted in this Court.  A report of his arrest was published in the Cornell Chronicle on March 17, 1983.  The newly commenced civil action centers around that article published on March 17, 1983.  Vanginderen contends that the article is

- 1 -

defamatory, and desires to re-write history by removing the article from the digitized copy of the Cornell Chronicle now available on-line.

4.    As stated in his complaint, Vanginderen communicated by email to Cornell prior to filing suit. However, when Cornell requested Vanginderen to consent pursuant to CPL §160.50(1)(d) to an unsealing order so that Cornell could evaluate the facts surrounding his threatened claim, he abruptly declined to consent and instead filed the lawsuit, Exhibit A.

5.    The alleged conduct of Vanginderen reported in the Cornell Chronicle on March 17, 1983 is at the very heart of his pending civil complaint, as revealed in the allegations of the complaint itself, wherein Vanginderen claims that the report of his arrest is false and libelous. Case law is clear that a plaintiff waives the statutory privilege accorded by CPL § 160.50 when the plaintiff files a civil action placing in issue the contents of the sealed records, thus warranting the unsealing of those records upon a proper application by the party who must defend against the civil action. See Commercial Union Insurance Co. v. Jones, 216 A.D.2d 967, 968 (4th Dep't 1995); In re Scott D, 13 A.D.3d 622, 623 (2d Dep't 2004); cf. Green v. Montgomery, 95 N.Y.2d 693, 699 (2001) (applying same waiver analysis in the context of unsealing a juvenile record).

Wherefore, Cornell respectfully requests that the records of the criminal proceeding in the above-captioned matter be unsealed forthwith, including this Court's records, the records held by the District Attorney's Office and the records held by Cornell University Police.

_____
NELSON E. ROTH

Sworn to before me this
5th day of October, 2007.

_____
Notary Public

KIMBERLEY J. FASSETT
Notary Public, State of New York
No. 01FA6143171
Appointed in Schuyler County
Commission Expires April 3, 20 10

- 2 -

# EXHIBIT  2

Kevin Vanginderen - Google Search    Page 1 of 2

Kevin Vanginderen - Google Search

Web   Images   Video   News   Maps   Gmail   more ▼                          Sign in

Google          | Kevin Vanginderen                    Search    Advanced Search
                                                                 Preferences

Web                                        Results 1 - 10 of about 58 for Kevin Vanginderen. (0.24 seconds)

Did you mean: Kevin **Van genderen**

Beta Theta Alumni E-mail (Pi Kappa Alpha at Cornell University)
**Kevin Vanginderen**, kvangin1@yahoo.com. '84, Steve Amador,
samador@rcn.com,samador@sigaba.com. Paul Barresi, Ppabarr@aol.com ...
betathetadata.net/btemail.htm - 258k - Cached - Similar pages

   Beta Theta Lost Contact (Pi Kappa Alpha at Cornell University)
   **Kevin Vanginderen**. '85, Dean Atkinson. Edward Castillo. James Joseph. Tom Yazdgerdi.
   '86, Adam Cohen. Clifford Dragonetti. Lars Fuchs. Joseph Kane ...
   betathetadata.net/btlost.htm - 32k - Cached - Similar pages

Kevin G Vanginderen
Kevin G Vanginderen--San Luis Obispo, CA ... Kevin G Vanginderen Attorney Kevin
Vanginderen 895 Pismo St. San Luis Obispo, CA 93401 Map It ...
www.medlawplus.com/professionals/Legal/951280242416.tpl - 15k -
Cached - Similar pages

   Los Angeles personal injury lawyers
   Jeffrey D Stearman, Fullerton, CA. Armen Tashjian, Los Angeles, CA. Wilfredo Trivino-
   Perez, Los Angeles, CA. **Kevin G Vanginderen**, San Luis Obispo, CA ...
   www.medlawplus.com/bidinfo/personalinjurylawyers/LosAngeles.htm - 26k -
   Cached - Similar pages
   [ More results from www.medlawplus.com ]

Kevin Vanginderen In Chula Vista, California - Employment Law ...
**Kevin Vanginderen** In Chula Vista, California - Employment Law Attorneys (Internet
Lawyer Directory),Southern California attorney directory with legal ...
www.ilawyerdirectory.com/attorneyDetail/employment_law/kevin_vanginderen - 23k -
Cached - Similar pages

   Personal Injury Attorneys In Chula Vista, California (Internet ...
   **Kevin Vanginderen**. Chula Vista, CA. Visit Website | View Profile, (619) 585-7414 ... **Kevin
   Vanginderen**. Chula Vista, CA. Visit Website | View Profile ...
   www.ilawyerdirectory.com/attorneys/personal_injury/0/1/chula_vista - 56k -
   Cached - Similar pages
   [ More results from www.ilawyerdirectory.com ]

Vanginderen Kevin Attorney - Chula Vista, CA - 91910 ...
637 3rd Avenue located in Chula Vista, you may call them at (619)585-7414, visit site for
local reviews.
www.localattorneydir.com/local/308417.html - 6k - Cached - Similar pages

[PDF] State Will Support Biotechnology Center Here
File Format: PDF/Adobe Acrobat - View as HTML
charged **Kevin G. Vanginderen** of 603 Winston. Court Apartments with third degree
burglary in. connection with 10 incidents of petit larceny and ...
dspace.library.cornell.edu/bitstream/1813/5350/14/014_24.pdf - Similar pages

[PDF] T J L R
File Format: PDF/Adobe Acrobat
**Kevin G. Vanginderen**, Kansas v. Hendricks: Throwing Away the Key, 20 T. J.
EFFERSON. L. R. EV . 357 (1998). - David Estes, Kansas v. ...
www.tjeffersonrev.org/2006%20Staff%20Manual.pdf - Similar pages

# EXHIBIT 8

Justia | Supreme Court Center | US Laws | Blawgs.FM | BlawgSearch.com

Search Justia

Justia > News > Cases > Vanginderen v. Cornell University

## Vanginderen v. Cornell University

Subscribe 🔊

Libel claim - claims university's digitization of campus newspaper constituted "re-publication" thus reviving claim that would ordinarily be extinguished over twenty years ago. Disclosure of private facts claim.

Tags: cornell, defamation, disclosure private facts, libel, library, privacy, publication, single publication rule

| | |
|---|---|
| **Plaintiff:** | Kevin Vanginderen |
| **Defendant:** | Cornell University |
| **Case Number:** | 3:2007cv02045 |
| **Filed:** | October 29, 2007 |
| **Court:** | California Southern District Court |
| **Office:** | San Diego Office [ Court Info ] |
| **County:** | San Diego |
| **Presiding Judge:** | Judge Barry Ted Moskowitz |
| **Referring Judge:** | Magistrate Judge Jan M. Adler |
| **Nature of Suit:** | Torts - Injury - Assault, Libel, and Slander |
| **Cause:** | 28:1441 Petition for Removal Libel,Assault,Slander |
| **Jurisdiction:** | Diversity |
| **Jury Demanded By:** | None |

| Date Filed | # | Document Text | Date Entered |
|---|---|---|---|
| October 29, 2007 | 1 | NOTICE OF REMOVAL as to Kevin Vanginderen from San Diego Superior Court, case number 37-2007-00076496-CU-DF-SC. ( Filing fee $ 350 Receipt number 143754), filed by Cornell University. t/w Notice of Party with Financial Interest.(pdc)(bar). | October 29, 2007 |
| October 29, 2007 | 2 | NOTICE of Party With Financial Interest by Cornell University. (vet) | October 30, 2007 |
| October 30, 2007 | 3 | CERTIFICATE OF SERVICE by Cornell University (Davidson, Clifford) Modified on 11/1/2007 - atty not associated w/ party and signature is in incorrect format, atty contacted (vet, ). | October 30, 2007 |
| October 31, 2007 | 4 | PRO HAC VICE APPOINTED: Charles S. Sims appearing for Defendant Cornell University (mkz) (mam). | October 31, 2007 |

| November 1, 2007 | 5 | NOTICE of Appearance by Nelson Eugene Roth on behalf of Cornell University (Roth, Nelson) (vet, ). | November 1, 2007 |
|---|---|---|---|
| November 1, 2007 | 6 | NOTICE of Appearance by Clifford Scott Davidson on behalf of Cornell University (Davidson, Clifford) (vet, ). | November 1, 2007 |
| November 2, 2007 | 7 | MOTION to Strike *Plaintiff's Complaint* by Cornell University. (Attachments: # 1 Memo of Points and Authorities Memorandum of Points and Authorities in Support of Defendant's Special Motion to Strike Plaintiff's Complaint Pursuant to Cal. Code Civ. Pro. sec. 425.16)(Deixler, Bert) (vet, ). | November 2, 2007 |
| November 2, 2007 | 8 | NOTICE: Request for Judicial Notice in support re 7 MOTION to Strike *Plaintiff's Complaint* by Cornell University (Attachments: # 1 Exhibits in Support of Special Motion to Strike# 2 Declaration of Valerie Cross Dorn in Support of Request for Judicial Notice# 3 Declaration of Anne Richardson Kenney in Support of Defendant's Request for Judicial Notice)(Deixler, Bert) Modified on 11/5/2007 - edited text (vet, ). | November 2, 2007 |
| November 2, 2007 | 9 | CERTIFICATE OF SERVICE by Cornell University re 7 MOTION to Strike *Plaintiff's Complaint*, 8 Notice (Other) (Deixler, Bert) Modified on 11/5/2007 - edited text (vet, ). | November 2, 2007 |
| November 7, 2007 | 10 | DECLARATION re 8 Notice (Other), Notice (Other) by Defendant Cornell University. (Attachments: # 1 Declaration Declaration of Valerie Cross Dorn in Further Support of Defendant's Request for Judicial Notice in Support of Special Motion to Strike Plaintiff's Complaint Pursuant to Section 425.16 of the California Code of Civil Procedure)(Davidson, Clifford) | November 7, 2007 |
| November 7, 2007 | 11 | CERTIFICATE OF SERVICE by Cornell University re 10 Declaration, *Declaration of Valerie Cross Dorn* (Davidson, Clifford) | November 7, 2007 |

## Search for this case: Vanginderen v. Cornell University

Search Blogs  [ Justia BlawgSearch | BlawgSearch Google Co-op | Blawg.com | Bloglines | Feedster | Google Blogsearch | Technorati ]

Search News  [ Google News | Marketwatch | Wall Street Journal | Financial Times | New York Times ]

Search Web  [ Legal Web | Google | MSN | Yahoo | Ask ]

## Plaintiff: Kevin Vanginderen

Search Dockets  [ Dockets ]

Search Blogs  [ Justia BlawgSearch | BlawgSearch Google Co-op | Blawg.com | Bloglines | Feedster | Google Blogsearch | Technorati ]

Search News  [ Google News | Marketwatch | Wall Street Journal | Financial Times | New York Times ]

Search Finance  [ Google Finance | Yahoo Finance | Hoovers | SEC Edgar Filings ]

Search Web  [ Legal Web | Google | MSN | Yahoo | Ask ]

## Defendant: Cornell University

Represented By: Clifford Scott Davidson, Nelson E. Roth, Bert H Deixler, Charles S. Sims

Search Dockets  [ Dockets ]

Search Blogs  [ Justia BlawgSearch | BlawgSearch Google Co-op | Blawg.com | Bloglines | Feedster | Google Blogsearch | Technorati ]

Search News  [ Google News | Marketwatch | Wall Street Journal | Financial Times | New York Times ]

# EXHIBIT 9

Web    Images    Maps    News    Shopping    Gmail    more ▼                                                      Sign in

## Google

| Kevin Vanginderen | Search | Advanced Search |
|---|---|---|
| | | Preferences |

**Web**                                              Results **1** - **10** of about **104** for **Kevin Vanginderen**. (0.09 seconds)

Tip: Save time by hitting the return key instead of clicking on "search"

### Beta Theta Alumni E-mail (Pi Kappa Alpha at Cornell University)
**Kevin Vanginderen**, kvangin1@yahoo.com. '84, Steve Amador, samador@rcn.com. Paul
Barresi, Ppabarr@aol.com. Michael Bates, Mbates@hologic.com ...
betathetadata.net/btemail.htm - 216k - Cached - Similar pages

### Vanginderen v. Cornell University :: Justia News
November 21, 2007, 12, Memorandum of Points and Authorities in Opposition re 7 MOTION
to Strike Plaintiff's Complaint filed by **Kevin Vanginderen**. ...
news.justia.com/cases/featured/california/casdce/3:2007cv02045/257249/ - 29k -
Cached - Similar pages

### Kevin Vanginderen - Google Finance Search
Did you mean: **Kevin Van genderen**. Your search - **Kevin Vanginderen** - produced no
matches. Suggestions:. Make sure all words are spelled correctly. ...
finance.google.com/finance?q=Kevin+Vanginderen - 12k - Cached - Similar pages

### Blawgosphere Search
There were 1000 results for '**Kevin Vanginderen**' ... Kevin O'Keefe recently had a great
post which provided the results of a recent question and answer done ...
www.blawg.com/NewBlawgSearch.aspx?search=Kevin+Vanginderen - 44k -
Cached - Similar pages

### Alum Sues Cornell Chronicle | The Cornell Daily Sun
**Kevin Vanginderen** '83, a practicing California lawyer, filed a complaint in San Diego
County Superior Court last October for libel and public disclosure of ...
cornellsun.com/node/26579 - 6 hours ago - Similar pages

### Google Co-op Search: **Kevin Vanginderen** - Justia Blawg Search
Blawg Search. Justia. Blawg Search Home; Blawg Directory; Most Popular Blawgs;
Resources; Suggest a Blawg. Blawg Search Google Co-op Legal Web ...
blawgsearch.justia.com/google-coop.aspx?cx=001017683474852903806Í:doc-
_bxozry&q=Kevin+Vanginderen&... - 6k - Cached - Similar pages

### Kevin Vanginderen In Chula Vista, California - Personal Injury ...
**Kevin Vanginderen** In Chula Vista, California - Personal Injury Attorneys (Internet Lawyer
Directory),Southern California attorney directory with legal ...
www.ilawyerdirectory.com/attorneyDetail/personal_injury/kevin_vanginderen - 23k -
Cached - Similar pages

### Kevin G Vanginderen
**Kevin G Vanginderen**--San Luis Obispo, CA ... **Kevin G Vanginderen** Attorney **Kevin
Vanginderen** 895 Pismo St. San Luis Obispo, CA 93401 Map It ...
www.medlawplus.com/professionals/Legal/951280242416.tpl - 15k -
Cached - Similar pages

### Cases filed in the California Southern District Court by Barry Ted ...
Plaintiff: **Kevin Vanginderen** Defendant: Cornell University, Cornell University, Cornell

Kevin Vanginderen - Google Search

Web   Images   Maps   News   Shopping   Gmail   more ▼                    Sign in

## Google

| Kevin Vanginderen | Search | Advanced Search |
|---|---|---|
| | | Preferences |

**Web**                    Results **1 - 10** of about **119** for **Kevin Vanginderen**. (0.12 seconds)

### Vanginderen v. Cornell University :: Justia News
Oct 29, 2007 ... (Attachments: # 1 Affidavit of Kevin Vanginderen in support of
memorandum of points and authorities)(vet) (Entered: November 26, 2007) ...
news.justia.com/cases/featured/california/casdce/3:2007cv02045/257249/ - 33k -
Cached - Similar pages

### [PDF] State Will Support Biotechnology Center Here
File Format: PDF/Adobe Acrobat - View as HTML
charged Kevin G. Vanginderen of 603 Winston. Court Apartments with third degree burglary
in. connection with 10 incidents of petit larceny and ...
ecommons.library.cornell.edu/bitstream/1813/5350/14/014_24.pdf - Similar pages

### Search: Kevin Vanginderen - MarketWatch
Kevin Vanginderen. More ». MarketWatch Results. RSS Feed for "Kevin Vanginderen" |
Get an email alert on "Kevin Vanginderen" ...
www.marketwatch.com/search/?value=Kevin+Vanginderen - 34k - Cached - Similar pages

### Digitization Suit at Cornell - 3/1/2008 - Library Journal
Mar 1, 2008 ... According to the Cornell Daily Sun, Kevin Vanginderen, a Cornell graduate
and now a lawyer in California, filed a $1 million suit against ...
www.libraryjournal.com/article/CA6533049.html - Similar pages

### Vanginderen v. Cornell University - 3:2007cv02045 - Justia Federal ...
November 21, 2007, 12, Memorandum of Points and Authorities in Opposition re 7 MOTION
to Strike Plaintiff's Complaint filed by Kevin Vanginderen. ...
dockets.justia.com/docket/court-casdce/case_no-3:2007cv02045/case_id-257249/ - 85k -
Cached - Similar pages

### Kevin Vanginderen - Google Finance Search
Did you mean: Kevin Van genderen. Your search - Kevin Vanginderen - produced no
matches. Suggestions:. Make sure all words are spelled correctly. ...
finance.google.com/finance?q=Kevin+Vanginderen - 12k - Cached - Similar pages

### Alum Sues Cornell Chronicle | The Cornell Daily Sun
Kevin Vanginderen '83, a practicing California lawyer, filed a complaint in San Diego County
Superior Court last October for libel and public disclosure of ...
cornellsun.com/node/26579 - 22k - Cached - Similar pages

### Blawgosphere Search
There were 1000 results for 'Kevin Vanginderen' ... human rights, Image: crizk Kevin
Andrews has said that Austrlaia would cut its intake of African ...
www.blawg.com/NewBlawgSearch.aspx?search=Kevin+Vanginderen - 44k -
Cached - Similar pages

### Kevin G Vanginderen
Kevin G Vanginderen--San Luis Obispo, CA ... Kevin G Vanginderen Attorney Kevin
Vanginderen 895 Pismo St. San Luis Obispo, CA 93401 Map It ...
www.medlawplus.com/professionals/Legal/951280242416.tpl - 15k - Cached - Similar pages

### Google Co-op Search: **Kevin Vanginderen** - Justia Blawg Search

EXHIBIT 10

 Justia.com

Justia.com    Legal Web    Law Blogs    Legal Podcasts

Search Justia

## Legal Practice Areas                                      MORE

**Injury Law**
Car Accidents, Medical Malpractice...

**Employment & Labor**
Discrimination, Workers' Compensation...

**Family Law**
Divorce, Child Custody, Adoption...

**Criminal Law**
Drunk Driving, White Collar Crime...

**Estate Planning**
Trusts, Wills, Probate...

**Business Law**
Formation, Contracts, Bankruptcy...

**Real Estate Law**
Landlord & Tenant, Zoning & Land Use...

**Immigration**
Visas, Green Cards, Citizenship,...

**Intellectual Property**
Copyright, Patent, Trademarks...

**Foreign & International**
Countries, International Law, Trade...

## Legal Research & Law Practice                             MORE

**Laws: Cases & Codes**
US Constitution, US Laws, State Laws...

**US Federal Government**
Executive, Congress, Courts...

**US Courts**
Supreme Court, Fed Courts, State Courts...

**US States**
California, Florida, New York, Texas...

**Law Schools**
Law Reviews, Outlines, Law Prof Blogs...

**Legal Forms**
US Federal, US States, Business Contracts...

**Lawyers, Legal Aid & Services**
Injury Lawyers, Criminal Lawyers...

**Experts & Expert Witnesses**
Accident & Safety Experts, Medical Experts...

**Law Blogs**
Business Law, Family Law, IP Law ...

**Legal PodCasts**
Constitutional Law, Technology...

## Cases in the News - Documents                             MORE

**Apple Lawsuits** - Antitrust, Patent and other lawsuits involving Apple, including Apple iPod iTunes Antitrust Litigation.

**Facebook Lawsuits** - Copyright, patent, contract and other lawsuits involving Facebook, including ConnectU v. Facebook.

**Google Lawsuits** - Copyright, patent, contract and other lawsuits involving Google, including Viacom v. YouTube.

**Yahoo! Lawsuits** - Copyright, patent, contract and other lawsuits involving Yahoo, including Xiaoning et al v. Yahoo Inc, et al.

## Of Note

**ENTERPRISE**
**SEARCH**
**SUPERSTAR**

**Key Legal Research Sites**

USA: Cornell WEX, Nolo, WashLaw

International: UN Int'l Law, vLex, WLII

---

### Featured: US Federal Cases & Filings

**US Federal Court Appeals Opinions.** All US Federal appellate cases since 1950.

**Visit Justia's US Federal Court Appeals Opinions Website**

**US District Court Opinions.** Search new opinions by full text, state, court, lawsuit type and or party name. Subscribe to RSS feeds to receive updates of new decisions.

**Visit Justia's US Federal District Court Opinions Website**

**US District Courts' civil case filings.** Search new cases by state, court, lawsuit type (eg patent law) or party name. Subscribe to RSS feeds of search results to receive updates of new cases.

**Visit Justia's US Federal Filings Website**

### Featured: US Regulation Tracker

**US Regulation Tracker.** Track new regulations of specific federal agencies and subscribe to RSS feeds for daily updates.

**Visit Justia's US Regulation Tracker**

 **Blawg**Search

**Search over a thousand law blogs** published by law professors, lawyers, judges, legal researchers and librarians or search legal podcasts or browse the law blog directory.

### Featured: US Supreme Court Center

**US Supreme Court Cases & Resources** Features a searchable and browsable database of All US Supreme Court Decisions since the 1790s with links to secondary sources including legal blogs and online databases like Google Book Search. There is also access to mp3 audio of Supreme Court oral arguments of case summaries from Oyez.org.

**Visit the US Supreme Court Center**

Justia Law & Legal Info & Blawgs for Lawyers, Students, Business and the Public

Google

See Justia Profile & Video.

**News:** Jurist, Law.com, LLRX.com

**Raw Law:** Cornell LII, ALTLaw, FastCase

**Legal Commons:** Public.Resource.org, Creative Commons



## Public Interest and Pro Bono Projects

 **Stanford Copyright and Fair Use Center**
This site contains a wealth of primary and secondary copyright and fair use resources including sample copyright and fair use guidelines for librarians.

 **Recall Warnings**
Recall Warnings contains over 50,000 consumer recalls collected from different US Government Agencies. Auto Recalls contains recall information and RSS feeds for every car make, model and year. Track recalls for your car(s).

 **Supreme Court Center**
Features a searchable and browsable database of All US Supreme Court Decisions since the 1760s with links to secondary sources such as legal blogs, books, articles and mp3s of oral arguments.

 **Free Law Firm Web Sites**
Justia's free template-based Justia.net Web sites for lawyers interested in an introduction to online marketing, or who cannot afford a custom Web site. Includes firm overview, attorney & practice profiles and article sections.

Justia Legal Marketing Solutions :: Legal Web Sites :: Web Site Portfolio :: Content Solutions :: Lawyer Blogs :: Blog Portfolio :: Legal Aid & Lawyer Directory :: Legal Marketing Blog :: Client Testimonials

© Justia :: Company :: Terms of Service :: Privacy Policy :: Lawyer and Legal Aid & Services Directory :: US Federal Court Appeals Opinions :: Contact Us

Have a Happy Day!

# EXHIBIT 11



Current Winners
Award Details
Success Stories
Product Info
Contact Us

# Google Enterprise Search Superstar



**Tim Stanley**
CEO, Justia Inc.
Watch Interview
Listen to Podcast

Justia is a legal media and technology company focused on making legal information, resources and services easy to find on the Internet. We provide free case law, codes, regulations, legal articles and legal blog databases, as well as community resources.

We use the Google Mini to index our Supreme Court database and other legal content sections of our website. The Google Mini's strength of results and ease of setup were important decision factors in choosing it as our search solution. Legal researchers who use our website to find information already know how to use Google.com so the Mini's familiar user interface and search relevance has greatly improved our user experience. And as a start-up, the Mini's reliability and low maintenance allowed us to use our engineering resources on other projects.

With its reporting tools, the Google Mini has also given us greater insight into what our legal research users are searching for and are interested in. This has enabled us to build out sections of our website based on what our users want and has been a great help in allocating our resources during these initial phases of our portal development. The Google Mini has both saved us time and helped us focus, while providing our legal research users with the great Google search experience.

Contact Google to get on the path to search superstardom.

1   Kevin Vanginderen, Plaintiff Pro Per
    637 Third Ave., Suite E1
2   Chula Vista, CA  91910
    Telephone: (619) 585-7414
3

4

5                    **UNITED STATES DISTRICT COURT**

6                   **SOUTHERN DISTRICT OF CALIFORNIA**

7

8   KEVIN VANGINDEREN,                    )   Case No. 08-CV-00736-W-JMA
                                          )
9              Plaintiff,                 )   Hon. Barry T. Moskowitz
                                          )
10             v.                         )   AFFIDAVIT OF PLAINTIFF KEVIN
                                          )   VANGINDEREN IN SUPPORT
11  CORNELL UNIVERSITY,                   )   OF PLAINTIFF'S MEMORANDUM OF
    BERT DEIXLER,                         )   POINTS AND AUTHORITIES
12                                        )   IN OPPOSITION OF DEFENDANT'S
               Defendant.                 )   MOTION TO STRIKE PLAINTIFF'S
13                                        )   FIRST AMENDED COMPLAINT
                                          )
14                                        )   Hearing Date: August 22, 2008
                                          )   Time:         11:00 a.m.
15  _____ )   Place:        Courtroom 15

16          I, Kevin Vanginderen, declare:

17          1. I am the Plaintiff for the above captioned matter commenced on April 8, 2008, against

18  Cornell University and their Attorney Bert Deixler in the Superior Court of California, County of

19  San Diego, for the causes of action of Libel, Placing Plaintiff in a False Light, Public Disclosure

20  of Private Facts and Invasion of Privacy by the Defendants.  I am fully familiar with the

21  procedural facts and circumstances of this matter as set forth below.

22          2. I attended an undergraduate degree program at Cornell University (Defendant) and

23  obtained a Bachelor of Science degree between August of 1979, and May of 1983.

24          3. The causes of action originate from a libelous article published in the *Cornell Chronicle*

25  by Cornell University (Defendant) regarding an arrest and a single charge brought against myself

26  in March of 1983, and the subsequent litigation as a result of that article.

27          4. The incident I was charged for in 1983, was the taking of books from a room in a

28  campus academic building.  I did not confess to, commit, nor was I ever told by anyone in 1983,

1    that I was ever being investigated for fifteen separate crimes.

2        5. In August of 1983, all charges brought against me were dismissed in the County Court

3    of Tompkins County, New York on the basis that the District Attorney had overcharged me for

4    the circumstances involved.  The records were then sealed.

5        6. The District Attorney decided to reduce the charge to a single count of petit larceny.

6        7. On August 23, 2007, a conditional discharge was granted to my plea for petit larceny on

7    a separate Accusatory Instrument for the same incident and I subsequently learned that in 1985 the

8    Court informed the parties that record of the 1983 arrest was sealed.

9        8. The Defendants had not received an Order to Unseal Records until November 16, 2007.

10       9. Until September 2, 2007, I had never seen any copy of, nor had even been aware of the

11    existence of, the *Cornell Chronicle* nor any article within that publication regarding myself .

12      10. I first learned that a libelous article regarding myself was contained within the March

13    17, 1983, edition of the *Cornell Chronicle* on September 2, 2007, when I conducted an annual

14    *Google* search of my name on the Internet.

15      11. During September of 2007, I made repeated requests to Defendant Cornell to remove

16    the offending article from the Internet on grounds of invasion of privacy and libel but the

17    Defendant refused to remove the article.

18      12. On October 1, 2007, I filed a suit against Defendant Cornell University for a single

19    count each of Libel and Public Disclosure of Private Facts.

20      13. On October 30, 2007, Defendant Bert Deixler placed a phone call to myself during

21    which he stated that if the underlying original claim was not dismissed forthright, this matter

22    would lead to further publicity of the circumstances regarding the original Private Disclosure of

23    Public Facts claim.  He reiterated this not so veiled threat in a written correspondence to myself

24    dated October 31, 2007.

25      14. On November 8, 2007, I discovered the entire court record from the initial case was

26    published upon the Internet on the Justia.com Web Site, with a link to view and print every

27    document in the file.

28      15. On October 29, 2007, two days prior to the Defendants' ultimatum to drop the initial

1    case, the Internet profile of myself included no offending statements other than the original

2    libelous account posted by the Cornell library web site.

3        16.  On December 15, 2007, I first learned that the Defendants had obtained from

4    numerous sources the entire formerly sealed record of the incident that was reported in the *Cornell*

5    *Chronicle* edition dated March 17, 1983, and then published that entire record upon the Internet,

6    on the Web Site Justia.com.

7        17. On December 15, 2007, I first learned of a libelous report regarding myself produced

8    by Barbara Bourne dated March 8, 1983, when it was delivered to me by the Defendant Bert

9    Deixler in a court filing.

10       18. On January 24, 2008, *The Cornell Daily Sun*, and in March of 2008, the *Cornell*

11   *Alumni Magazine* published prominent articles regarding all of these events and placed them upon

12   the Internet, further publicizing the entire circumstances.

13       19. On March 24, 2008, it became apparent to me that the Defendant Bert Deixler had

14   thoroughly polluted my Internet profile with references to virtually nothing other than the entire

15   previously sealed record.

16       20. I have obtained an FBI Criminal Record of myself and there is not any entry for any

17   incidents of 1983.

18       21. The publication of the entire sealed record of this incident upon the Internet has

19   resulted in great emotional distress to myself and has caused my business to suffer greatly.  I have

20   signed ninety percent fewer clients at my business since these disclosures became public in 2007.

21

22       I declare under penalty of perjury under the laws of the State of California, that the foregoing

23   is true and correct and this AFFIDAVIT was executed this 4th day of August, 2008, in San Diego

24   County, California.

25       Dated: August 4, 2008

26                                    Respectfully submitted,

27

                                     Kevin Vangindereh

28

3

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** San Diego

I have read the foregoing _____

_____ and know its contents.

### ☐ CHECK APPLICABLE PARAGRAPHS

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____

_____ ,

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


_____        _____
Type or Print Name                              Signature

## PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** San Diego

I am employed in the county of  San Diego _____ , State of California.

I am over the age of 18 and not a party to the within action; my business address is:  637 Third Avenue, Suite E-1, Chula Vista, CA 91910

On, August 4, 2008  I served the foregoing document described as  A copy of the Plaintiff's Memorandum of Points and Authorities in Opposition of Defendant's Special Motion to Strike Plaintiff's First Amended Complaint and Plaintiff's Affidavit  on Defendant Attorneys  in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Clifford Davidson, Esq., Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
Nelson Roth, Esq., Office of University Counsel, 300 CCC Building, Garden Ave., Ithaca, New York 14853

☒ **BY MAIL**

☒ *I deposited such envelope in the mail at  Post Office, Third Avenue, Chula Vista , California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Juan Ramirez _____        _____
Type or Print Name                              Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)