1  Nelson E. Roth, SBN 67350
       ner3@cornell.edu
2  CORNELL UNIVERSITY
   300 CCC Building
3  Garden Avenue
   Ithaca, New York 14853-2601
4  Telephone:   (607)255-5124
   Facsimile:   (607)255-2794
5

6  Bert H. Deixler, SBN 70614
       e-mail:  bdeixler@proskauer.com
   Clifford S. Davidson, SBN 246119
7      e-mail:  cdavidson@proskauer.com
   PROSKAUER ROSE LLP
8  2049 Century Park East, 32nd Floor
   Los Angeles, CA  90067-3206
9  Telephone:   (310) 557-2900
   Facsimile:   (310) 557-2193
10

11 Attorneys for Defendant,
   CORNELL UNIVERSITY

12  ADDITIONAL COUNSEL AND PARTIES
    LISTED ON FOLLOWING PAGE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>Plaintiff,<br><br>v.<br><br>CORNELL UNIVERSITY, BERT DEIXLER,<br><br>Defendants. | Case No. 08-CV-736 BTM(JMA)<br><br>Hon. Barry T. Moskowitz<br><br>**DEFENDANTS' CONSOLIDATED REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF DEFENDANTS' SPECIAL MOTIONS TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO SECTION 425.16 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE**<br><br>[Per chambers, no oral argument unless requested by the Court]<br><br>Hearing Date: August 22, 2008<br>Time:  11:00 a.m.<br>Place:  Courtroom 15 |

1  Lary Alan Rappaport, SBN 87614
      e-mail:  lrappaport@proskauer.com
2  Clifford S. Davidson, SBN 246119
      e-mail:  cdavidson@proskauer.com
3  PROSKAUER ROSE LLP
   2049 Century Park East, 32nd Floor
4  Los Angeles, CA  90067-3206
   Telephone:     (310) 557-2900
5  Facsimile:      (310) 557-2193

6  Attorneys for Defendant,
   BERT DEIXLER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendants Cornell University ("Cornell") and Bert Deixler ("Deixler") (collectively, "Defendants") hereby submit their reply memorandum of points and authorities in further support of their special motions to strike the first amended complaint ("FAC") of plaintiff Kevin Vanginderen ("Plaintiff") in its entirety, with prejudice and without leave to amend.

## INTRODUCTION

Plaintiff persists in his claims despite this Court's grant of Cornell's anti-SLAPP motion in Plaintiff's first case against Cornell, No. 07-cv-2045 BTM (JMA) (the "2007 Action"), and yet again fails to present persuasive legal arguments or competent evidence in support of those claims. The Court should strike the present action and award to Cornell and Deixler its and his attorneys' fees and costs.[1]

## DISCUSSION

### A. The First Amended Complaint Is a SLAPP Suit

In support of his claim that California Code of Civil Procedure § 425.16 (the "anti-SLAPP statute") does not apply to the FAC, Plaintiff presents the same meritless arguments in his Opposition as he did in the Opposition he filed in the 2007 Action and his reply to Defendants' motions to strike the first complaint in this latest action. Cornell therefore incorporates herein the Court's June 3, 2008 Order in the 2007 Action (2007 Action Dkt. #27) (the "June 3 Order") as though set forth in its entirety.[2]

Further, Plaintiff's arguments are inapt because the present action arises from statements made in the course of Cornell's (and Officer Bourne's) investigation in 1983 and Cornell's

---

[1] For the Court's convenience, defendants note that this Reply is substantially identical to Defendants' Consolidated Memorandum of Points and Authorities in Support of Defendants' Special Motions to Strike Plaintiff's Complaint pursuant to Section 425.16 of the California Code of Civil Procedure (Dkt. #26).

[2] The June 3 Order was attached to the Supplemental Declaration of Clifford S. Davidson (Dkt #27, 27-2).

defense against the 2007 Action, rather than from a statement contained in a newspaper. The anti-SLAPP statute applies to actions arising from "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Code Civ. Pro. § 425.16(e)(2). *See Salma v. Capon*, Cal. App. 4th 1275, 1285-1287 (2008) (applying anti-SLAPP statute where allegedly defamatory statements made in context of potential legal action); *Healy v. Tuscany Hills Landscape & Recreation Corp.*, 137 Cal. App. 4th 1, 5 (2006) ("Both section 425.16 and Civil Code section 47 are construed broadly, to protect the right of litigants to the utmost freedom of access to the courts without [the] fear of being harassed subsequently by derivative tort actions." [internal quotations and citations omitted; alterations in original]).

Officer Bourne's statements in 1983 were part of an investigation giving rise to future legal proceedings. Cornell's and Deixler's alleged statements in 2007 were made in the context of a lawsuit before this Court. For these reasons and as discussed in Defendants' respective motions, the anti-SLAPP statute applies. Plaintiff was required in his Opposition to demonstrate the legal and factual sufficiency of his claims, which he did not (and could not) do.

**B.    Plaintiff, Not Cornell, Has the Burden of Proof on This Motion**

Throughout his Opposition, Plaintiff insists – despite the plain language of the "anti-SLAPP statute" and relevant case law – that it is Cornell's burden to demonstrate the merits of its claims. Opp'n at pp. 7, 8, 17, 19, 20, 21. In fact, in the anti-SLAPP framework, it is Plaintiff who bears the burden of demonstrating the sufficiency of his claims. Cal. Code Civ. Pro. § 425.16(b)(1); *see, e.g., Metabolife Int'l v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) ("[Plaintiff] must demonstrate that the complaint is legally sufficient and supported by a prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited."); *Paterno v. Superior Court*, 163 Cal.App.4th 1342, 1347 (2008) (noting that Plaintiff bore burden of persuasion after defendant demonstrated that complaint was a SLAPP suit). The Court should reject Plaintiff's claims to the contrary.

**C.     The Discovery Rule Did Not Toll the Statute of Limitations; Each of Plaintiff's Claims against Cornell Is Time-Barred**

Despite Plaintiff's arguments to the contrary, (*see* Opp'n at pp. 18-19), his claims against Cornell are barred by the one-year statute of limitations for defamation claims and disclosure torts. Cal. Code Civ. Pro. § 340(c); *Briscoe v. Reader's Digest Ass'n, Inc.*, 4 Cal. 3d 529, 543 (1971) ("[A] false light cause of action is in substance equivalent to ... [a] libel claim, and should meet the same requirements of the libel claim. . . ." (internal quotations and citations omitted)). Plaintiff erroneously relies on *Hebrew Academy of San Francisco v. Goldman* for the proposition that the statute of limitations began to run on December 15, 2007, when Cornell, through Deixler, filed the unsealed police records. Opp'n at 18. In fact, that case supports Defendants' position that Plaintiff's claims are barred. In *Hebrew Academy*, the California Supreme Court held that the single publication rule, articulated most prominently in *Shively v. Bozanich*, 31 Cal. 4th 1230, 1237 (2003), applied to all publications regardless of how widely or narrowly distributed. *Hebrew Academy of San Francisco v. Goldman*, 42 Cal. 4th 883, 887 (2007). *Hebrew Academy* therefore appears to have overruled relevant parts of *Shively*, which Plaintiff cites in support of application of the discovery rule. Opp'n at 18-19.

Even if *Shively* still is good law and the discovery rule applies to defamatory statements hidden from view or "communicated in an inherently secretive manner," *Bozanich*, 31 Cal. 4th at 1230, that rule does not avail Plaintiff. The alleged defamation here is not, for example, contained in a personnel file hidden from view. *See Id.* (distinguishing *Manguso v. Oceanside Unified School Dist.*, 88 Cal. App. 3d 725 (1979)). While after *Hebrew Academy* the discovery rule might still protect those who, "with justification, are ignorant of their right to sue," *Hebrew Academy*, 42 Cal. 4th at 894 (citing *Manguso*, 88 Cal. App. 3d at 731), Plaintiff possesses no such justification. He was accused in a criminal proceeding with multiple counts of larceny and burglary, and entered a guilty plea. June 3 Order at 1:20-2:3. Plaintiff and his defense counsel in that proceeding undoubtedly received the prosecution's evidence. Indeed, the Tompkins County District Attorney's file submitted in connection with Cornell's Supplemental Request for Judicial Notice in support of its anti-SLAPP motion in the 2007 Action, (Dkt # 13), contains Plaintiff's signed

confession, (Exhibit F, pp. 25-26); the district attorney's notice of intent to use admissions served on plaintiff's counsel and filed in court, (Exhibit F, pp. 35-36); Plaintiff's discovery demands, (Exhibit F, p. 70); Plaintiff's discovery motion, (Exhibit F, p. 75); and plaintiff's demand to produce, (Exhibit F at page 79). Presumably, Plaintiff was satisfied with the evidence provided by the District Attorney relating to the criminal case against Plaintiff.

Whether such evidence actually contained Officer Bourne's statement is irrelevant; the criminal proceeding put him on notice of the statement. Plaintiff therefore cannot claim that the alleged defamation was conveyed in an inherently secretive manner or that it was hidden from view. In fact, it was disclosed to him openly as part of a criminal prosecution open to the public and which he and his attorney actively participated. Whether such evidence actually contained Officer Bourne's statement is irrelevant; the criminal proceeding put him on notice of the statement. Plaintiff therefore cannot claim that the alleged defamation was conveyed in an inherently secretive manner or that it was hidden from view. In fact, it was disclosed to him openly. The statute of limitations applies with full force to bar Plaintiff's claims against Cornell.

### D. **Defendants' Conduct Was Privileged and Does Not Fall Under Any Exception to the Litigation Privilege**

Plaintiff fails to present any evidence, much less the required "competent evidence," to support his flaccid assertion that Defendants are ineligible for the litigation privilege pursuant to the exceptions contained in Civil Code § 47(d)(2).[3] This lack of evidence destroys any argument Plaintiff thinks he has in this regard.

In any event, Defendants have engaged in no conduct falling under any of the three exceptions contained in that section. The activities enumerated in § 47(d)(2) must have been conducted in connection with a "communication to a public journal." Unlike the 2007 Action –

---

[3] "Nothing in paragraph (1) shall make privileged any communication to a public journal that does any of the following: [¶] (A) Violates Rule 5-120 of the State Bar Rules of Professional Conduct. [¶] (B) Breaches a court order. [¶] (C) Violates any requirement of confidentiality imposed by law."

which Plaintiff lost – the present action stems entirely from investigative statements maintained and recorded in police files and documents filed in a litigation, not from any publicly-disseminated publication.[4]  The exceptions contained in § 47(d)(2) simply do not apply to Defendants' conduct because there was no communication to a public journal.  *See* Declaration of Timothy Stanley (Dkt. #33) ¶¶ 2, 3, 6.

Even if Defendants' conduct constituted "communication to a public journal," it did not meet the description of §§ 47(d)(2)(A), (B) or (C).  Defendants have not violated Rule of Conduct 5-120 because they have not made an "extrajudicial statement."  Rather, they made a *judicial* statement by filing documents with the Court.  Defendants have breached no court order, and Plaintiff has failed to identify or enter into evidence any such order.  Defendants have not violated any requirement of confidentiality, and Plaintiff has failed to identify any particular authority imposing such a requirement.

Further, Plaintiff's discussion of § 47(d) is irrelevant as Defendants claim the privilege contained in § 47(b).  Deixler Mot. at p. 8; Cornell Mot. at pp. 7-10.  That section "[A]pplies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Sengchanthalangsy v. Accelerated Recovery Specialists, Inc.*, 473 F. Supp. 2d 1083, 1086 (S.D. Cal. 2007) (citing *Silberg v. Anderson*, 50 Cal.

---

[4] If Plaintiff once again files a surreply – contrary to local rules – as he did in the 2007 Action, he likely will argue that the filing of the unsealed criminal records was a "communication to a public journal" because it was published with the knowledge and intent that it appear on Justia.com. However, Plaintiff possesses not a shred of evidence in this regard (because there is none) and has countered Defendants' competent Declaration of Timothy Stanley with mere paranoid assertions. Opp'n at 16:17-17:24 (alleging conspiracy among Cornell, Google, Deixler and Justia.com to destroy Plaintiff's reputation and claiming that "the *Google* company" is a "party in interest"). Defendants never communicated with Justia.com regarding Vanginderen or the 2007 Action.  *See* concurrently-filed Supplemental Declaration of Timothy Stanley ("Stanley Decl.") (Dkt. #33) ¶ 6.

3d. 205, 213 (1990)). For the reasons set forth in Defendants' respective motions, Defendants' statements qualify for the litigation privilege and Plaintiff has presented no competent evidence refuting any of the aforementioned factors. Defendants are absolutely immune from every tort Plaintiff alleges, including any claim based on the California Constitution. *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 960 (2007).

Finally, Plaintiff's claim that Officer Bourne was a police officer and therefore was not making a statement to police is unavailing; it makes no difference if her statements "were ones presumably made *by* a campus security officer and not statements made *to* an officer." *See* Opp'n at p. 22. A statement by a "campus security officer" to others within the Department of Public Safety is privileged under the common interest privilege:

> A privileged publication or broadcast is one made . . . (c) In a communication, without malice, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

Cal. Code Civ. Pro. § 47(c).[5]

Officer Bourne, an investigator with the Department of Public Safety, kept detailed notes of her interviews and investigation regarding Plaintiff and his crimes. In some of her notes and throughout her investigation, Officer Bourne stated her assessment of the case, such as the number of incidents that appeared to be connected to Plaintiff. *See*, *e.g.*, Declaration of Clifford S. Davidson ¶ 3 & Ex. B, pp. 15-16, 18, 23, 27, 29-30, 33-36. Any such statements were part of Public Safety's efforts to prevent further thefts. Officer Bourne's statements therefore clearly were intended for others who shared her interest in protecting Cornell from criminal activity; who, as Officer Bourne's colleagues, stood in a position to know her statements were made innocently as part of her policing duties; and who requested that Officer Bourne provide the statements. The common interest privilege therefore unquestionably applies and Officer Bourne's statements are privileged regardless of whether those statements properly are viewed as *by* a police officer, *to* a

---

[5] "Whether the [common interest] privilege exists in a particular case is a legal question for the court." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999).

1  police officer, or both. Cal. Civ. Code § 47(a) ("A privileged publication or broadcast is one made
2  . . .(a) In the proper discharge of an official duty."); *See Family Home & Finance Center*, *Inc. v.*
3  *Federal Home Loan Mortg. Corp.*, 461 F. Supp. 2d 1188, 1197 (C.D. Cal. 2006) ("The privilege
4  applies to a defendant acting to protect a pecuniary or proprietary interest and between parties in a
5  contractual, business, or similar relationship."); *see also Taus v. Loftus*, 40 Cal. 4th 683, 721
6  (2007) (collecting cases). Plaintiff has not, and cannot, defeat this privilege, which requires that
7  he demonstrate actual malice. *Taus*, 40 Cal. 4th at 721.

8  Officer Bourne's statements therefore remain privileged against Plaintiff's claims
9  regardless of whose theory the Court accepts.

### E. There Were No Private Facts to Disclose

11  Defendants hereby incorporate by reference, as though set forth fully herein, the Court's
12  extensive findings of fact and conclusions of law described in the June 3 Order. For the same
13  reasons as in the 2007 Action, Plaintiff cannot demonstrate the legal or factual sufficiency of his
14  claim of public disclosure of private facts. The Ithaca Court files were never sealed, (June 3 Order
15  at 2:4-2:8), and Cornell was free to file them unredacted with this Court in the course of defending
16  against the 2007 Action. Further, once Plaintiff's additional criminal files were unsealed, they
17  were no longer private information. Plaintiff is entirely incapable of demonstrating otherwise.

## **CONCLUSION**

As in the 2007 Action, Plaintiff should be taxed with Defendants' costs and attorneys' fees in this matter.

DATED: August 12, 2008

    Nelson E. Roth
    CORNELL UNIVERSITY

    Bert H. Deixler
    Clifford S. Davidson
    PROSKAUER ROSE LLP

    /s/ -- Clifford S. Davidson
                Clifford S. Davidson

    Attorneys for Defendant,
    CORNELL UNIVERSITY

DATED: August 12, 2008

    Lary Alan Rappaport
    Clifford S. Davidson
    PROSKAUER ROSE LLP

    /s/ -- Clifford S. Davidson
                Clifford S. Davidson

    Attorneys for Defendant,
    BERT DEIXLER