| | |
|---|---|
| 1 | Bert H. Deixler, SBN 70614 |
| | e-mail: bdeixler@proskauer.com |
| 2 | Clifford S. Davidson, SBN 246119 |
| | e-mail: cdavidson@proskauer.com |
| 3 | PROSKAUER ROSE LLP |
| | 2049 Century Park East, 32nd Floor |
| 4 | Los Angeles, CA 90067-3206 |
| | Telephone: (310) 557-2900 |
| 5 | Facsimile: (310) 557-2193 |
| 6 | Attorneys for Defendant, |
| | CORNELL UNIVERSITY |
| 7 | |
| 8 | Lary Alan Rappaport, SBN 87614 |
| | e-mail: lrappaport@proskauer.com |
| | Clifford S. Davidson, SBN 246119 |
| 9 | e-mail: cdavidson@proskauer.com |
| | PROSKAUER ROSE LLP |
| 10 | 2049 Century Park East, 32nd Floor |
| | Los Angeles, CA 90067-3206 |
| 11 | Telephone: (310) 557-2900 |
| | Facsimile: (310) 557-2193 |
| 12 | |
| 13 | Attorneys for Defendant, |
| | BERT DEIXLER |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KEVIN VANGINDEREN, | ) | Case No. 08-cv-00736 BTM(JMA) |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANTS' EVIDENTIARY** |
| v. | ) | **OBJECTIONS TO AFFIDAVIT OF** |
| | ) | **PLAINTIFF KEVIN VANGINDEREN** |
| CORNELL UNIVERSITY, BERT DEIXLER | ) | **IN SUPPORT OF PLAINTIFF'S** |
| | ) | **MEMORANDUM OF POINTS AND** |
| Defendants. | ) | **AUTHORITIES IN OPPOSITION OF** |
| | ) | **DEFENDANTS' SPECIAL MOTIONS** |
| | ) | **TO STRIKE PLAINTIFF'S FIRST** |
| | ) | **AMENDED COMPLAINT** |
| | ) | |
| | ) | [Per chambers, no oral argument unless requested by the Court] |
| | ) | |
| | ) | Hearing Date: August 22, 2008 |
| | ) | Time: 11:00 a.m. |
| | ) | Place: Courtroom 15 |
| | ) | |
| | ) | Action Filed: April 8, 2008 |

Defendants Cornell University ("Cornell") and Bert Deixler ("Deixler") respectfully make the following objections to the Affidavit of Plaintiff Kevin Vanginderen in Support of Plaintiff's Memorandum of Points and Authorities in Opposition of Defendant's Motion to Strike Plaintiff's Complaint ("Affidavit").[1]

**INTRODUCTION**

In his Affidavit, Plaintiff fails to identify, much less authenticate or lay foundation for, any of the exhibits or their contents attached to his Affidavit. These exhibits should not be considered by the Court. The remainder of the Affidavit consists almost entirely of improper legal argumentation, hearsay, irrelevant information, speculation and statements for which Plaintiff lacks foundation.

**EVIDENTIARY OBJECTIONS**

**Objected to Portion:** All exhibits attached to the Affidavit.

**Objection:** Lack of authentication (Fed. R. Evid. 901); hearsay (Fed. R. Evid. 801 and 802).

Defendants object to the purported exhibits on the ground that the Affidavit does not include evidence sufficient to support a finding that the purported attached exhibits, and the contents thereof, are what they claim to be. Plaintiff's Affidavit does not identify any actual exhibits and provides no foundation for the contents thereof, and none of the purported exhibits is self-authenticating.

Defendants further object to the purported exhibits as hearsay, to the extent that Plaintiff relies on them to prove the truth of the matters asserted therein. The manner in which Plaintiff purports to incorporate the exhibits is unintelligible and therefore Defendants are unable to

---

[1] For the Court's convenience, Defendants note that these Evidentiary Objections are substantially identical to Defendants' Evidentiary Objections to Affidavit of Plaintiff Kevin Vanginderen in Support of Plaintiff's Memorandum of Points and Authorities in Opposition of Defendants' Special Motions to Strike Plaintiff's First Amended Complaint (Dkt. #29).

decipher with certainty what those matters asserted might be and the propositions those exhibits are intended to support.

**Objection to Portion**:   page 1, paragraph 3 in its entirety: "The causes of action originate from a libelous article published in the *Cornell Chronicle* by Cornell University (Defendant) regarding an arrest and a single charge brought against myself in March of 1983, and the subsequent litigation as a result of that article."

**Objection**:   Best evidence rule (Fed. R. Evid. 1002 and 1003); lack of foundation (Fed. R. Evid. 602); inadmissible opinion and legal argument (Fed. R. Evid. 701, 702, 703); relevance (Fed. R. Evid. 402).

Defendants object to this portion on the ground that it violates the best evidence rule. The *Chronicle* article itself is the best evidence of the contents of the *Chronicle* article.

Defendants further object to this portion on the ground that Plaintiff has not established the foundation for his assertion that the *Chronicle* publication was based on "a single specific incident."

Defendants further object to this portion on the ground that it contains legal argumentation, specifically, that the *Chronicle* article was "libelous."

Defendants further object to this portion on the ground that it is irrelevant as it does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the portion.

**Objection to Portion:**   page 2, paragraph 10, portion: "I first learned that a libelous article regarding myself was contained within the March 17, 1983 edition of the *Cornell Chronicle* . . . ."

**Objection**:   Inadmissible opinion and legal argument (Fed. R. Evid. 701, 702, 703)

Defendants object to this portion on the ground that it contains legal argumentation, specifically, that the *Chronicle* article was "libelous."

**Objection to Portion:**   page 2, paragraph 13 in its entirety: "On October 30, 2007, Defendant Bert Deixler placed a phone call to myself during which he stated that if the underlying original claim was not dismissed forthright, this matter would lead to further publicity of the

1  circumstances regarding the original Private Disclosure of Public Facts claim.  He reiterated this
2  not so veiled threat in a written correspondence to myself dated October 31, 2007."
3       **Objection**:     Relevance (Fed. R. Evid. 402); best evidence rule (Fed. R. Evid. 1002 and
4  1003).
5       Defendants object to this portion on the ground that it is irrelevant as it does not have any
6  tendency to make the existence of any fact that is of consequence to the determination of the
7  action more probable or less probable than it would be without the portion.
8       Defendants further object to this portion on the ground that Deixler's letter is the best
9  evidence of the contents of that letter.
10      **Objection to Portion:**    page 2, paragraph 15 in its entirety:  "On October 29, 2007, two
11 days prior to the Defendants' ultimatum to drop the initial case, the Internet profile of myself
12 included no offending statements other than the original libelous account posted by the Cornell
13 library web site."
14      **Objection:**    Relevance (Fed. R. Evid. 402); lacks foundation (Fed. R. Evid. 602);
15 inadmissible opinion and legal argument (Fed. R. Evid. 701, 702, 703).
16      Defendants object to this portion on the grounds that it is conclusory and lacks foundation
17 and consists of subjective belief, opinion, speculation and argument that are irrelevant and
18 inadmissible, and does not have any tendency to make the existence of any fact that is of
19 consequence to the determination of the action more probable or less probable than it would be
20 without the portion.
21      Defendants further object to this portion on the ground that it contains legal argumentation,
22 specifically, that the *Chronicle* article was "libelous."
23      **Objection to Portion:**    page 3, paragraph 16 in its entirety:  "On December 15, 2007, I
24 first learned that the Defendants had obtained from numerous sources the entire formerly sealed
25 record of the incident that was reported in the *Cornell Chronicle* edition dated March 17, 1983,
26 and then published the entire record upon the Internet, on the Web Site Justia.com."
27      **Objection:**    Lacks foundation; lack of personal knowledge; speculation (Fed. R. Evid.
28 602); inadmissible opinion and legal argument (Fed. R. Evid. 701, 702, 703).

1  Defendants object to this portion on the grounds that it is conclusory and lacks foundation
2  and consists of subjective belief, opinion, speculation and argument that are irrelevant and
3  inadmissible.
4  Defendants further object to this portion on the ground that it contains improper legal
5  argumentation, specifically, the assertion that Defendants "published" the entire record.
6  **Objection to Portion:**   page 3, paragraph 17 in its entirety: "On December 15, 2007, I
7  first learned of a libelous report regarding myself produced by Barbara Bourne dated March 8,
8  1983, when it was delivered to me by the Defendant Bert Deixler in a court filing."
9  **Objection:**   Lacks foundation; lack of personal knowledge; speculation (Fed. R. Evid.
10  602); inadmissible opinion and legal argument (Fed. R. Evid. 701, 702, 703).
11  Defendants object to this portion on the grounds that it is conclusory and lacks foundation
12  and consists of subjective belief, opinion, speculation and argument that are irrelevant and
13  inadmissible.  Plaintiff has no personal knowledge as to whether Barbara Bourne produced the
14  alleged report.
15  Defendants further object to this portion on the ground that it contains improper legal
16  argumentation, specifically, the assertion that the report was "libelous."
17  **Objection to Portion:**   page 3, paragraph 19 in its entirety: "On March 24, 2008, it
18  became apparent to me that the Defendant Bert Deixler had thoroughly polluted my Internet
19  profile with references to virtually nothing other than the entire previously sealed record."
20  **Objection:**   Lacks foundation; lack of personal knowledge; speculation (Fed. R. Evid.
21  602); Inadmissible opinion and legal argument (Fed. R. Evid. 701, 702, 703); relevance (Fed. R.
22  Evid. 402).
23  Defendants object to this portion on the grounds that it is conclusory and lacks foundation
24  and consists of subjective belief, opinion, speculation and argument that are irrelevant and
25  inadmissible.
26  Defendants further object to this portion on the ground that it does not have any tendency
27  to make the existence of any fact that is of consequence to the determination of the action more
28  probable or less probable than it would be without the portion.

1     **Objection to Portion:**   page 3, paragraph 21 in its entirety: "The publication of the entire sealed record of this incident upon the Internet has resulted in great emotional distress to myself and has caused my business to suffer greatly. I have signed ninety percent fewer clients at my business since these disclosure became public in 2007."

    **Objection:**   <u>Lacks foundation; lack of personal knowledge; speculation (Fed. R. Evid. 602); inadmissible opinion and legal argument (Fed. R. Evid. 701, 702, 703); relevance (Fed. R. Evid. 402).</u>

    Defendants object to this portion on the grounds that it is conclusory and lacks foundation and consists of subjective belief, opinion, speculation and argument that are irrelevant and inadmissible. Plaintiff presents no evidence linking the alleged "publication" to the suffering of his business. Further, even if true, such information does not have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without that information.

    Defendants further object to this portion on the ground that it contains improper legal argumentation, specifically, the assertion that the record was "sealed" and that the records were "published."

| | | |
|---|---|---|
| 1 | DATED: August 12, 2008 | Nelson E. Roth<br>CORNELL UNIVERSITY |
| 2 | | |
| 3 | | Bert H. Deixler<br>Clifford S. Davidson<br>PROSKAUER ROSE LLP |
| 4 | | |
| 5 | | /s/ -- Clifford S. Davidson<br>         Clifford S. Davidson |
| 6 | | |
| 7 | | Attorneys for Defendant,<br>CORNELL UNIVERSITY |
| 8 | DATED: August 12, 2008 | Lary Alan Rappaport<br>Clifford S. Davidson<br>PROSKAUER ROSE LLP |
| 9 | | |
| 10 | | /s/ -- Clifford S. Davidson<br>         Clifford S. Davidson |
| 11 | | |
| 12 | | Attorneys for Defendant,<br>BERT DEIXLER |