USDC SCAN INDEX SHEET










RYC   5/9/03   9:02
3:02-CV-02349   DEFEVER V. SHARP
*30*
*DECL.*

Thomas E. Coverstone (Bar No. 216649)
John S. Kyle (Bar No. 199196)
PROCOPIO, CORY, HARGREAVES
  & SAVITCH LLP
530 B Street, Suite 2100
San Diego, California 92101
Telephone:  (619) 238-1900
Facsimile:  (619) 235-0398

Robert K. Goff (Bar No. 120559)
Kenneth W. Strauss (Bar No. 203015)
GOFF & DeWALT, LLP
A California Limited Liability Partnership
2907 Shelter Island Drive, Suite 217
San Diego, CA 92106
Telephone:  (619) 523-3300
Facsimile:  (619) 523-3305

Attorneys for Plaintiff ARTHUR DEFEVER

FILED
03 MAY -8 AM 11:46
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEFEVER,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS SHARP, an individual; THE SHARP/DEFEVER GROUP, a California corporation; SHARP DESIGN, INC, a California corporation; and DOES 1 - 100, inclusive,<br><br>Defendants. | Case No. 02 CV 02349L (LSP)<br><br>**DECLARATION OF ARTHUR DEFEVER IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Date:  May 9, 2003<br>Time:  8:30 AM<br>Courtroom:  14<br>Judge:  Hon. M. James Lorenz |

I, Arthur DeFever, declare as follows:

1. I am a naval architect and am the Plaintiff in this action. I have personal knowledge of the following facts, and if called upon to testify, I am competent to do so.

2. I have not "taken affirmative steps to damage [Sharp's] professional business reputation and sales by advising consumers that a 'DeFever : The Next Generation' vessel designed by Doug Sharp is not on par to a DeFever design." However, when consumers contact me with questions regarding Sharp's "DeFever: The Next Generation" designs, I advise them that

I am not the designer of those vessels and that they are designed and marketed by Mr. Sharp. I have neither implied nor flatly stated that Mr. Sharp's "work product" is inferior to mine.

3. I did not recall even "freely associat[ing]" my name with the Sharp/DeFever Group, Inc. in conjunction with a licensed yacht broker in yacht-trade magazines or otherwise.

4. In or about 1986, I thought Mr. Sharp was adequately prepared to assume responsibility for the naval architecture business that I had built over many years. Because Mr. Sharp was married to my daughter, I extended him two significant courtesies that I would not have extended to another businessman.

   (a) First, I sold the business to Mr. Sharp at a fraction of its true value. At the time of the sale, my naval architecture business was generating profits of close to $200,000 per year, yet I sold it to Mr. Sharp for only $200,000.

   (b) Second, I allowed Mr. Sharp to pay the $200,000 over twelve years and five months.

I made these significant concessions, at least in part, because I wanted to help Mr. Sharp get established. I also believed these concessions would help my own daughter, Carolyn, Sharp's wife.

5. Mr. Sharp made the required $1,200 monthly payments for some time. However, he stopped making any payments in June of 1992. In addition to the required business-purchase payments, Mr. Sharp also owed me monthly rent of $1,612.81 on office space he was leasing from me at the time. Mr. Sharp stopped making these lease payments in June 1992 as well.

6. I repeatedly demanded that Sharp resume making required payments. Mr. Sharp repeatedly acknowledged to me that he owed me a substantial debt, and stated that he would catch up on past missed payments to make good on his commitments.

7. Mr. Sharp and I continued to negotiate some solution to his delinquency on the business and lease payments for many years. We exchanged substantial amounts of correspondence over several years in which several solutions to the situation were proposed. At no time before early 2002 did Mr. Sharp tell me that he absolutely refused to repay his debt to me. In fact, Mr. Sharp consistently made assurances to me that he would fulfill his contractual

-2-

obligations. Because Mr. Sharp is my son-in-law, I wanted to give him every opportunity to do so. I gave Mr. Sharp every opportunity to fulfill his contractual obligations because I did not want to sue him, and potentially damage my relationship with my own daughter. In fact, Mr. Sharp consistently made assurances to me that he would fulfill his contractual obligations.

8. Mr. Sharp's attorney in March of 1986, Sandra Keithly, drafted the March 25, 1986 Agreement and its various exhibits and attachments, including the Bill of Sale.

9. I market DeFever vessels that I design in power-yachting magazines, such as *Passagemaker*, and at boat shows all over the United States. By frequently reading power-yachting magazines, I know that Mr. Sharp also advertises vessels he designed as "DeFever The Next Generation" in such publications. I have also seen Mr. Sharp displaying his "DeFever: The Next Generation" advertisements at boat shows I attended with distributors of DeFever-designed vessels.

10. Since 1944, I never ceased doing business as a naval architect. After the March 26, 1986 Agreement, vessels manufactured by CTF Marine, Pocta International Group, continued to be imported into the United States and sold under the name "DeFever" using the Burgee Mark and the Wreath Mark. In addition, I consulted with CTF Marine overseas regarding these designs. When Mr. Sharp defaulted on the Agreement, I resumed designing vessels.

11. Mr. Sharp may have been asked to speak at the 2003 DeFever Rendezvous, however, he paid $1,500 for the privilege of speaking as a sponsor

Executed this 8th day of May of 2003 at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*[signature]*
Arthur DeFever

-3-
DECL OF ARTHUR DEFEVER IN REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S APPLICATION FOR TRO
U.S.D.C. Case No. 02 CV 02349L (LSP)
110729.000001/402349.01

| | |
|---|---|
| 1 | Thomas E. Coverstone (Bar No. 216649) |
| 2 | John S. Kyle (Bar No. 199196)<br>PROCOPIO, CORY, HARGREAVES |
| 3 |    & SAVITCH LLP<br>530 B Street, Suite 2100 |
| 4 | San Diego, California 92101<br>Telephone: (619) 238-1900 |
| 5 | Facsimile: (619) 235-0398 |
| 6 | Robert K. Goff (Bar No. 120559)<br>Kenneth W. Strauss (Bar No. 203015) |
| 7 | GOFF & DeWALT, LLP<br>A California Limited Liability Partnership |
| 8 | 2907 Shelter Island Drive, Suite 217<br>San Diego, CA 92106 |
| 9 | Telephone: (619) 523-3300<br>Facsimile: (619) 523-3305 |
| 10 | Attorneys for Plaintiff ARTHUR DEFEVER |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR DEFEVER,<br><br>      Plaintiff,<br><br>v.<br><br>DOUGLAS SHARP, an individual;<br>THE SHARP/DEFEVER GROUP, a California corporation; SHARP DESIGN, INC, a California corporation; and DOES 1 - 100, inclusive,<br><br>      Defendants. | Case No. 02 CV 02349L (LSP)<br><br>**PROOF OF SERVICE** |

      I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is PROCOPIO, CORY, HARGREAVES & SAVITCH LLP, 530 "B" Street, Suite 2100, San Diego, California 92101. On May 8, 2003, I served the within documents:

1.   Evidentiary Objection to the Declaration of Douglas Sharp in Opposition to Plaintiff's Application for Temporary Restraining Order;

2.   Arthur DeFever's Responses to Defendants' Evidentiary Objections to Material Supporting Application for Temporary Restraining Order;

3.   Memorandum of Points and Authorities in Reply to Defendants' Opposition to Plaintiff's Application for Temporary Restraining Order; and

1

PROOF OF SERVICE