# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| KEVIN VANGINDEREN, | CASE NO. 08cv736 BTM(JMA) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANTS' SPECIAL MOTIONS TO STRIKE** |
| vs. | |
| CORNELL UNIVERSITY; BERT DEIXLER, | |
| Defendants. | |

Defendants Cornell University ("Cornell") and Bert Deixler ("Deixler") have filed special motions to strike Plaintiff's Complaint and First Amended Complaint. For the reasons discussed below, Defendants' motions are **GRANTED**. [1]

## I. FACTUAL BACKGROUND

A. Criminal Case and Investigation

In 1983, Cornell's Department of Public safety became interested in Plaintiff when they discovered evidence linking Plaintiff to the theft of two books from Fernow Hall. A March 8, 1983 report filed by Officer Barbara Bourne, an officer with Cornell's Department of Public Safety, indicates that further investigation into Plaintiff's activities pointed to Plaintiff's involvement in nine additional cases involving thefts of items from Fernow Hall and five cases involving thefts of textbooks from Bradfield Hall. (Ex. F to Cornell's Supplemental

---

[1] In its notice of removal, Cornell claims that Deixler was fraudulently joined and that, therefore, Deixler's California citizenship should be ignored for purposes of determining removal jurisdiction. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). As discussed below, it is apparent from the Complaint and the documents filed in Case No. 07cv2045 BTM(JMA) that Plaintiff's claims against Deixler are barred by California's litigation privilege, which is absolute and applies to all tort claims with the exception of malicious prosecution. Therefore, the Court deems Deixler to be a "sham defendant" and concludes that it has diversity jurisdiction over this action.

Request for Judicial Notice filed in Case No. 07cv2045 BTM(JMA) ("SRJN") at 14-19.)

On June 7, 1983, a Tompkins County Grand Jury returned an indictment charging Plaintiff with two counts of burglary in the second degree. (Ex. F to SRJN at 69.) On August 1, 1983, the County Court granted Plaintiff's motion to dismiss the indictment as defective (for mistakenly charging burglary in the second degree instead of the proper charge of burglary in the third degree). (Ex. F at 90, 92-93.) The People were given permission to refile. (Id.) However, Plaintiff agreed to plead guilty to a misdemeanor in City Court upon the condition that the People not refile felony charges in County Court and agree to recommend a penalty no harsher than probation. (Ex. F at 91.)

On August 17, 1983, Plaintiff was charged with petit larceny, a misdemeanor, in City Court. (Ex. A to Cornell's Request for Judicial Notice filed in Case No. 07cv2045 BTM(JMA) ("RJN") at 7.) On August 22, 1983, Plaintiff entered a plea of guilty to the petit larceny charge. (Ex. A at 8.) On March 5, 1985, the County Court issued an order sealing official records regarding the second degree burglary charges in the County Court proceedings. (Ex. F at 95.) The order was sent to the Cornell police and the District Attorney. (Ex. F. at 94.) The City Court records were not sealed.

On March 17, 1983, the Cornell Chronicle, a weekly University publication, included the following paragraph on page 6 (as part of the "Blotter Barton" column):

> Department of Public Safety officials have charged Kevin G. Vanginderen of 603 Winston Court Apartments with third degree burglary in connection with 10 incidents of petit larceny and five burglaries on campus over a period of a year. Safety reported recovering some $474 worth of stolen goods from him.

(Ex. B to RJN)

Plaintiff claims that he was not aware of the Cornell Chronicle article until he "Googled" himself in September, 2007. One of the Google search results linked to a digitized version of the article that is stored in Cornell University Library's institutional repository, known as eCommons.

B. First Lawsuit

On October 1, 2007, Plaintiff filed suit against Cornell, asserting claims of libel and

1 | public disclosure of private facts (Case No. 07cv2045 BTM(JMA)). After removing the action, Cornell brought a special motion to strike Plaintiff's Complaint pursuant to Cal. Civ. Proc. Code § 425.16.

The Ithica City Court records, which were not sealed, were filed with Cornell's moving papers. Subsequently, Cornell obtained an order unsealing the records of the County Court, the Tompkins County District Attorney's Office, and the Cornell University Police. These records, including Barbara Bourne's reports, were filed as Exhibit F to the SRJN.

In an order filed on June 3, 2008, the Court granted Cornell's special motion to strike. The Court held that Plaintiff had failed to establish that he would prevail on his claims because the gist of the Cornell Chronicle article was true. The Court explained that although Plaintiff was not charged with all fifteen crimes, the charge arose out of an investigation that linked Plaintiff to the other crimes. Thus, the burglary charge against Plaintiff had a "connection" with the ten incidents of petit larceny and five burglaries.

C. The Instant Lawsuit

On April 8, 2008, Plaintiff commenced this action in state court. Plaintiff sued Cornell and Bert Deixler, Cornell's counsel in the first action, for libel, portraying Plaintiff in a false light, public disclosure of private facts, and intrusion into private affairs. Plaintiff's claims are based on the following documents that were filed in connection with the special motion to strike in 07cv2045 BTM(JMA): Barbara Bourne's March 8, 1983 report; Deixler's reply brief (which contained a statement that Plaintiff was charged in connection with 10 incidents of petit larceny and five burglaries); the City Court records (which Plaintiff maintains were sealed at the time of the filing); and the previously sealed records of the County Court, the Tompkins County District Attorney's Office, and the Cornell University Police (which Plaintiff claims include documents that were "inadmissible on grounds of privacy, attorney client privilege, and lack of authenticity and/or relevance"). Plaintiff alleges that Deixler and Cornell knew that when they filed the aforementioned documents, the documents would "immediately appear world wide upon the Justia.com Web site."

On April 28, 2008, Defendants removed the action to this Court. In their Notice of Removal, Defendants explained that the citizenship of Deixler should be ignored for purposes of determining diversity jurisdiction because Deixler was fraudulently joined.

On May 5, 2008, Defendants filed special motions to strike Plaintiff's Complaint. On June 13, 2008, Plaintiff filed the First Amended Complaint, which is substantially the same as the original Complaint with corrected dates. On June 30, 2008, Defendants filed the special motions to strike Plaintiff's First Amended Complaint.

## II. <u>LAW GOVERNING ANTI-SLAPP MOTIONS</u>

California Code of Civil Procedure § 425.16, California's anti-SLAPP (anti-Strategic Lawsuit Against Public Participation) statute, was enacted "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." <u>Metabolife Int'l, Inc. v. Wornick</u>, 264 F.3d 832, 839 (9th Cir. 2001). <u>See also</u> <u>Wilcox v. Superior Court of Los Angeles County</u>, 27 Cal. App. 4th 809, 823 (9th Cir. 1994) (explaining that section 425.16 was intended to provide a "fast and inexpensive unmasking and dismissal of SLAPPs"). The anti-SLAPP statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1).

As used in the anti-SLAPP statute, the term "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes the following:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

Cal. Civ. Proc. Code § 425.16(e).

The defendant bringing the motion to strike bears the initial burden of showing that the challenged causes of action arise from an act or acts in furtherance of the defendant's right of petition or free speech. Zamos v. Stroud, 32 Cal. 4th 958, 965 (2004). Once that burden is met, the burden shifts to the plaintiff to establish the probability that plaintiff will prevail on the claim. Id. To satisfy this prong, the plaintiff "must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Jarrow Formulas, Inc. v. LaMarche, 31 Cal. 4th 728, 741 (2003) (citation omitted).

When determining whether the defendant has met his initial burden of demonstrating that the challenged causes of action arise from protected conduct, courts necessarily look to the allegations in the operative complaint. Brill Media Co., LLC v. TCW Group, Inc., 132 Cal. App. 4th 324 (2005). Courts may also examine affidavits in making this assessment. Id. In contrast, in determining the probability of the plaintiff prevailing on the claim, courts look to the evidence that will be presented at trial and require that the evidence be admissible. Church of Scientology v. Wollersheim, 42 Cal. App. 4th 628, 654 (1996). The applicable standard for determining whether the plaintiff has met his burden is the same as for a motion for summary judgment. Colt v. Freedom Communications, Inc., 109 Cal. App. 4th 1551, 1557 (2003).

### III. DISCUSSION

A. Applicability of anti-SLAPP statute

Plaintiff's claims against Cornell and Deixler arise from acts in furtherance of Cornell's right of petition or free speech. Therefore, the anti-SLAPP statute applies.

An "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes, inter alia, (1) "any written or oral statement or writing made before a legislative, executive, or judicial

proceeding, or any other official proceeding authorized by law"; and (2) "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e). A defendant who brings a special motion to strike under these clauses need not separately demonstrate that the defendant's statements involved an issue of public significance. Briggs v. Eden Council for Hope and Opportunity, 19 Cal. 4th 1106, 1123 (1999).

Deixler, on behalf of Cornell, filed the reply brief, City Court records, and previously sealed records in connection with the special motion to strike pending before the Court. Therefore, Deixler's statements/publications fall squarely within § 425.16(e)(1) and (2).

Bourne's investigative report also falls within § 425.16(e)(1) and (2). Communications "preparatory to or in anticipation of commencing official proceedings" fall within the scope of § 425.16(e)(1) and (2). Siam v. Kizilbash, 130 Cal. App. 4th 1563 (2005). In Siam, the court held that the defendant's reports of child abuse to school officials and others who were bound by law to investigate the report or transmit the report to the authorities were protected by the statute. In Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal. App. 4th 777 (1996), the anti-SLAPP statute was applied to communications made by the defendant law firm to private citizens in preparation for sending a complaint to the Attorney General. See also Salma v. Capon, 161 Cal. App. 4th 1275, 1286 (2008) (applying § 425.16 to the defendant's communications with municipal departments because the communications were part of his investigation into the circumstance of the sale of his home, which was undertaken in anticipation of litigation).

The Court finds that Cornell's Department of Public Safety's investigation into Plaintiff's involvement in the thefts was preparatory to the potential initiation of official criminal proceedings against Plaintiff. Indeed, on March 8, 1983, Bourne filed an accusatory instrument against Plaintiff in City Court. (Ex. A to RJN at 5.) Subsequently, Bourne testified before the Tompkins County Grand Jury regarding her investigation of Plaintiff. (Ex. F to SRJN at 50-54.) Thus, Bourne's March 8, 1983 report falls within § 425.16(e)(1) and (2).

B. <u>Probability of Prevailing on the Merits</u>

Because Defendants have met their initial burden of demonstrating that the challenged causes of action arise from protected conduct, the burden shifts to Plaintiff to establish the probability that he will prevail on his claims. The Court concludes that Plaintiff has failed to satisfy his burden.

California Civil Code § 47(b) provides that with certain exceptions, a privileged publication is one made in any "(1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure." The privilege is absolute and applies to all tort claims with the exception of malicious prosecution. <u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 216 (1990).

The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." <u>Silberg</u>, 50 Cal. 3d at 212. Deixler's acts of filing the reply brief, City Court records, and the previously sealed records clearly satisfy this test. The publications were made in a judicial proceeding by Cornell, a party to the action, to defend against Plaintiff's claims. Although Plaintiff claims that certain documents within the previously sealed records were not relevant to the issues in the case, the unsealed files as a whole bore a logical relation to Cornell's motion to strike.

Plaintiff alleges that Deixler knew that upon filing the documents in question, Justia.com would put the information on their website. However, even if Deixler knew that Justia.com would make the information available on their website, Deixler's acts of filing the papers are still protected by the litigation privilege, which applies irrespective of maliciousness. <u>Silberg</u>, 50 Cal. 3d at 216. Plaintiff has not established that Cornell or Deixler took steps independent of filing the documents at issue to make them appear on Justia's website. According to Timothy Stanley, CEO and co-founder of Justia.com,

Justia.com chose to feature the docket of 07cv2045 BTM(JMA), because the case raised issues regarding the future of publicly-available works and the extent to which libraries will be willing to circulate information freely. (Stanley Decl. ¶ 4.) Stanley explains that there was no prior communication between Justia.com and anyone from Cornell or Proskauer Rose (Deixler's law firm). (Id. at ¶ 6.) Plaintiff has not presented evidence to the contrary. [2]

Bourne's March 8, 1983 report also falls within the protection of the litigation privilege. The litigation privilege, like § 425.16(e)(1) and (2), extends to communications preparatory to or in anticipation of judicial or other official proceedings. Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal. App. 4th 777, 783 (1996) (holding that communication with private citizens was in preparation for the sending of a complaint to the Attorney general and fell within the litigation privilege). Communications made to investigate and marshal evidence prior to the institution of official proceedings are privileged. Id. See also Cayley v. Nunn, 190 Cal. App. 3d 300, 304 (1987) (holding that statements made during conversations while defendants were marshaling evidence and preparing for their presentation at the city council meeting were directed toward the achievement of the object of the proceeding and fell within the scope of the litigation privilege).

As discussed above, Bourne's report was created as part of Cornell's investigation into the thefts. Through the investigation, Cornell's Department of Public Safety gathered evidence enabling it to discern whether it should institute official criminal proceedings against Plaintiff. Bourne's report was preparatory to the possible commencement of criminal proceedings against Plaintiff. Therefore, the report is protected by the litigation privilege. The Court does not decide the issue of whether Plaintiff's claims based solely on Bourne's report are time-barred.

Plaintiff argues that the challenged communications fall within Cal. Civil Code § 47(d)(2), an exception to the litigation privilege. This exception provides:

Nothing in paragraph (1) [which identifies as a privileged publication a fair and

---

[2] Plaintiff submits evidence that he claims shows some sort of conspiracy among Google, Justia.com, and Cornell University. However, Plaintiff's conclusions regarding the relationship among these parties is based on pure speculation.

| | |
|---|---|
| 1 | true report to a public journal of, among other things, a judicial, legislative, or other public official proceeding] shall make privileged any communication to a public journal that does any of the following: |
| 2 | |
| 3 | (A) Violates Rule 5-120 of the State Bar Rules of Professional Conduct. |
| 4 | (B) Breaches a court order. |
| 5 | (C) Violates any requirement of confidentiality imposed by law. |

However, this exception is inapplicable because the communications at issue were not to a public journal.

In sum, Plaintiff has not demonstrated a reasonable probability of success on his claims. The communications that form the basis of Plaintiff's claims are protected by the litigation privilege. Therefore, the Court grants Defendants' motions to strike the original Complaint and First Amended Complaint. Plaintiff's and Defendants' evidentiary objections are overruled.

### III. CONCLUSION

For the reasons discussed above, Cornell and Deixler's special motions to strike the original Complaint and the First Amended Complaint are **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment accordingly. Any motion for attorney's fees must be brought within 30 days of this order.

**IT IS SO ORDERED.**

DATED: January 6, 2009

_____
Honorable Barry Ted Moskowitz
United States District Judge