Kevin Vanginderen, Plaintiff Pro Per
637 Third Ave., Suite E1
Chula Vista, CA 91910
Telephone: (619) 585-7414

FILED
JAN 0 9 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

KEVIN VANGINDEREN,

    Plaintiff - Appellant,

v.

CORNELL UNIVERSITY,
BERT DEIXLER,

    Defendants- Appellees.

Case No. 08-CV-0736-BTM-JMA

Hon. Barry T. Moskowitz

NOTICE OF APPEAL

Notice is hereby given that KEVIN VANGINDEREN, Plaintiff above-named, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the order entered in this case in favor of Defendants Cornell University and Bert Deixler on January 6, 2009, by U.S.D.J. Barry T. Moskowitz.

Date civil complaint filed: April 8, 2008

Dated: January 9, 2009

Kevin Vanginderen,
Plaintiff - Appellant in pro per

# VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** San Diego

I have read the foregoing _____
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____, at _____, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____          _____
Type or Print Name                              Signature

# PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** San Diego

I am employed in the county of <u>San Diego</u>, State of California.
I am over the age of 18 and not a party to the within action; my business address is: <u>637 Third Avenue, Suite E-1, Chula Vista, CA 91910</u>

On, <u>January 9, 2009,</u> I served the foregoing document described as <u>Plaintiff's Notice of Appeal</u>

_____ on <u>Defendant Attorneys</u> _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

☒ by placing ☐ the original ☒ a true copy thereof enclosed in sealed envelopes addressed as follows:

Clifford Davidson, Esq., Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
Nelson Roth, Esq., Office of University Counsel, 300 CCC Building, Garden Ave., Ithaca, New York 14853

☒ **BY MAIL**

☒ *I deposited such envelope in the mail at <u>Post Office, Third Avenue, Chula Vista</u>, California. The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____, at _____, California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____, at _____, California.

☒ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

<u>Teresa Vanginderen</u>                    _[signature]_
Type or Print Name                              Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus          Rev. 7/99

# United States District Court

SOUTHERN DISTRICT OF CALIFORNIA

Kevin Vanginderen

              V.

Cornell University, Bert Deixler

**JUDGMENT IN A CIVIL CASE**

CASE NUMBER:   08cv0736-BTM(JMA)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED

that Defendants Cornell University and Bert Deixler's special motions to strike the original Complaint and the First Amended Complaint are granted. This action is dismissed with prejudice.

| January 6, 2009 | W. Samuel Hamrick, Jr. |
|---|---|
| Date | Clerk |

s/V.Trujillo
(By) Deputy Clerk

ENTERED ON January 6, 2009

1
2
3                    **UNITED STATES DISTRICT COURT**
4                    **SOUTHERN DISTRICT OF CALIFORNIA**
5

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>                              Plaintiff,<br>vs.<br><br>CORNELL UNIVERSITY; BERT DEIXLER,<br><br>                              Defendants. | CASE NO. 08cv736 BTM(JMA)<br><br>ORDER GRANTING DEFENDANTS' SPECIAL MOTIONS TO STRIKE |

Defendants Cornell University ("Cornell") and Bert Deixler ("Deixler") have filed special motions to strike Plaintiff's Complaint and First Amended Complaint. For the reasons discussed below, Defendants' motions are **GRANTED**.[1]

## I. FACTUAL BACKGROUND

A. <u>Criminal Case and Investigation</u>

In 1983, Cornell's Department of Public safety became interested in Plaintiff when they discovered evidence linking Plaintiff to the theft of two books from Fernow Hall. A March 8, 1983 report filed by Officer Barbara Bourne, an officer with Cornell's Department of Public Safety, indicates that further investigation into Plaintiff's activities pointed to Plaintiff's involvement in nine additional cases involving thefts of items from Fernow Hall and five cases involving thefts of textbooks from Bradfield Hall. (Ex. F to Cornell's Supplemental

---

[1] In its notice of removal, Cornell claims that Deixler was fraudulently joined and that, therefore, Deixler's California citizenship should be ignored for purposes of determining removal jurisdiction. "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent. <u>McCabe v. General Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). As discussed below, it is apparent from the Complaint and the documents filed in Case No. 07cv2045 BTM(JMA) that Plaintiff's claims against Deixler are barred by California's litigation privilege, which is absolute and applies to all tort claims with the exception of malicious prosecution. Therefore, the Court deems Deixler to be a "sham defendant" and concludes that it has diversity jurisdiction over this action.

Request for Judicial Notice filed in Case No. 07cv2045 BTM(JMA) ("SRJN") at 14-19.)

On June 7, 1983, a Tompkins County Grand Jury returned an indictment charging Plaintiff with two counts of burglary in the second degree. (Ex. F to SRJN at 69.) On August 1, 1983, the County Court granted Plaintiff's motion to dismiss the indictment as defective (for mistakenly charging burglary in the second degree instead of the proper charge of burglary in the third degree). (Ex. F at 90, 92-93.) The People were given permission to refile. (Id.) However, Plaintiff agreed to plead guilty to a misdemeanor in City Court upon the condition that the People not refile felony charges in County Court and agree to recommend a penalty no harsher than probation. (Ex. F at 91.)

On August 17, 1983, Plaintiff was charged with petit larceny, a misdemeanor, in City Court. (Ex. A to Cornell's Request for Judicial Notice filed in Case No. 07cv2045 BTM(JMA) ("RJN") at 7.) On August 22, 1983, Plaintiff entered a plea of guilty to the petit larceny charge. (Ex. A at 8.) On March 5, 1985, the County Court issued an order sealing official records regarding the second degree burglary charges in the County Court proceedings. (Ex. F at 95.) The order was sent to the Cornell police and the District Attorney. (Ex. F. at 94.) The City Court records were not sealed.

On March 17, 1983, the Cornell Chronicle, a weekly University publication, included the following paragraph on page 6 (as part of the "Blotter Barton" column):

> Department of Public Safety officials have charged Kevin G. Vanginderen of 603 Winston Court Apartments with third degree burglary in connection with 10 incidents of petit larceny and five burglaries on campus over a period of a year. Safety reported recovering some $474 worth of stolen goods from him.

(Ex. B to RJN)

Plaintiff claims that he was not aware of the Cornell Chronicle article until he "Googled" himself in September, 2007. One of the Google search results linked to a digitized version of the article that is stored in Cornell University Library's institutional repository, known as eCommons.

B. First Lawsuit

On October 1, 2007, Plaintiff filed suit against Cornell, asserting claims of libel and

public disclosure of private facts (Case No. 07cv2045 BTM(JMA)). After removing the action, Cornell brought a special motion to strike Plaintiff's Complaint pursuant to Cal. Civ. Proc. Code § 425.16.

The Ithica City Court records, which were not sealed, were filed with Cornell's moving papers. Subsequently, Cornell obtained an order unsealing the records of the County Court, the Tompkins County District Attorney's Office, and the Cornell University Police. These records, including Barbara Bourne's reports, were filed as Exhibit F to the SRJN.

In an order filed on June 3, 2008, the Court granted Cornell's special motion to strike. The Court held that Plaintiff had failed to establish that he would prevail on his claims because the gist of the Cornell Chronicle article was true. The Court explained that although Plaintiff was not charged with all fifteen crimes, the charge arose out of an investigation that linked Plaintiff to the other crimes. Thus, the burglary charge against Plaintiff had a "connection" with the ten incidents of petit larceny and five burglaries.

C. The Instant Lawsuit

On April 8, 2008, Plaintiff commenced this action in state court. Plaintiff sued Cornell and Bert Deixler, Cornell's counsel in the first action, for libel, portraying Plaintiff in a false light, public disclosure of private facts, and intrusion into private affairs. Plaintiff's claims are based on the following documents that were filed in connection with the special motion to strike in 07cv2045 BTM(JMA): Barbara Bourne's March 8, 1983 report; Deixler's reply brief (which contained a statement that Plaintiff was charged in connection with 10 incidents of petit larceny and five burglaries); the City Court records (which Plaintiff maintains were sealed at the time of the filing); and the previously sealed records of the County Court, the Tompkins County District Attorney's Office, and the Cornell University Police (which Plaintiff claims include documents that were "inadmissible on grounds of privacy, attorney client privilege, and lack of authenticity and/or relevance"). Plaintiff alleges that Deixler and Cornell knew that when they filed the aforementioned documents, the documents would "immediately appear world wide upon the Justia.com Web site."

On April 28, 2008, Defendants removed the action to this Court. In their Notice of Removal, Defendants explained that the citizenship of Deixler should be ignored for purposes of determining diversity jurisdiction because Deixler was fraudulently joined.

On May 5, 2008, Defendants filed special motions to strike Plaintiff's Complaint. On June 13, 2008, Plaintiff filed the First Amended Complaint, which is substantially the same as the original Complaint with corrected dates. On June 30, 2008, Defendants filed the special motions to strike Plaintiff's First Amended Complaint.

## II. **LAW GOVERNING ANTI-SLAPP MOTIONS**

California Code of Civil Procedure § 425.16, California's anti-SLAPP (anti-Strategic Lawsuit Against Public Participation) statute, was enacted "to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001). See also Wilcox v. Superior Court of Los Angeles County, 27 Cal. App. 4th 809, 823 (9th Cir. 1994) (explaining that section 425.16 was intended to provide a "fast and inexpensive unmasking and dismissal of SLAPPs"). The anti-SLAPP statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that the plaintiff will prevail on the claim.

Cal. Civ. Proc. Code § 425.16(b)(1).

As used in the anti-SLAPP statute, the term "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes the following:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

1  Cal. Civ. Proc. Code § 425.16(e).

2  The defendant bringing the motion to strike bears the initial burden of showing that
3  the challenged causes of action arise from an act or acts in furtherance of the defendant's
4  right of petition or free speech. Zamos v. Stroud, 32 Cal. 4th 958, 965 (2004). Once that
5  burden is met, the burden shifts to the plaintiff to establish the probability that plaintiff will
6  prevail on the claim. Id. To satisfy this prong, the plaintiff "must demonstrate that the
7  complaint is both legally sufficient and supported by a sufficient prima facie showing of facts
8  to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." Jarrow
9  Formulas, Inc. v. LaMarche, 31 Cal. 4th 728, 741 (2003) (citation omitted).

10  When determining whether the defendant has met his initial burden of demonstrating
11  that the challenged causes of action arise from protected conduct, courts necessarily look
12  to the allegations in the operative complaint. Brill Media Co., LLC v. TCW Group, Inc., 132
13  Cal. App. 4th 324 (2005). Courts may also examine affidavits in making this assessment.
14  Id. In contrast, in determining the probability of the plaintiff prevailing on the claim, courts
15  look to the evidence that will be presented at trial and require that the evidence be
16  admissible. Church of Scientology v. Wollersheim, 42 Cal. App. 4th 628, 654 (1996). The
17  applicable standard for determining whether the plaintiff has met his burden is the same as
18  for a motion for summary judgment. Colt v. Freedom Communications, Inc., 109 Cal. App.
19  4th 1551, 1557 (2003).

20
21  **III. DISCUSSION**
22
23  A. Applicability of anti-SLAPP statute
24  Plaintiff's claims against Cornell and Deixler arise from acts in furtherance of Cornell's
25  right of petition or free speech. Therefore, the anti-SLAPP statute applies.
26  An "act in furtherance of a person's right of petition or free speech under the United
27  States or California Constitution in connection with a public issue" includes, inter alia, (1) "any
28  written or oral statement or writing made before a legislative, executive, or judicial

proceeding, or any other official proceeding authorized by law"; and (2) "any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." Cal. Civ. Proc. Code § 425.16(e). A defendant who brings a special motion to strike under these clauses need not separately demonstrate that the defendant's statements involved an issue of public significance. Briggs v. Eden Council for Hope and Opportunity, 19 Cal. 4th 1106, 1123 (1999).

Deixler, on behalf of Cornell, filed the reply brief, City Court records, and previously sealed records in connection with the special motion to strike pending before the Court. Therefore, Deixler's statements/publications fall squarely within § 425.16(e)(1) and (2).

Bourne's investigative report also falls within § 425.16(e)(1) and (2). Communications "preparatory to or in anticipation of commencing official proceedings" fall within the scope of § 425.16(e)(1) and (2). Siam v. Kizilbash, 130 Cal. App. 4th 1563 (2005). In Siam, the court held that the defendant's reports of child abuse to school officials and others who were bound by law to investigate the report or transmit the report to the authorities were protected by the statute. In Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal. App. 4th 777 (1996), the anti-SLAPP statute was applied to communications made by the defendant law firm to private citizens in preparation for sending a complaint to the Attorney General. See also Salma v. Capon, 161 Cal. App. 4th 1275, 1286 (2008) (applying § 425.16 to the defendant's communications with municipal departments because the communications were part of his investigation into the circumstance of the sale of his home, which was undertaken in anticipation of litigation).

The Court finds that Cornell's Department of Public Safety's investigation into Plaintiff's involvement in the thefts was preparatory to the potential initiation of official criminal proceedings against Plaintiff. Indeed, on March 8, 1983, Bourne filed an accusatory instrument against Plaintiff in City Court. (Ex. A to RJN at 5.) Subsequently, Bourne testified before the Tompkins County Grand Jury regarding her investigation of Plaintiff. (Ex. F to SRJN at 50-54.) Thus, Bourne's March 8, 1983 report falls within § 425.16(e)(1) and (2).

B. <u>Probability of Prevailing on the Merits</u>

Because Defendants have met their initial burden of demonstrating that the challenged causes of action arise from protected conduct, the burden shifts to Plaintiff to establish the probability that he will prevail on his claims. The Court concludes that Plaintiff has failed to satisfy his burden.

California Civil Code § 47(b) provides that with certain exceptions, a privileged publication is one made in any "(1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure." The privilege is absolute and applies to all tort claims with the exception of malicious prosecution. <u>Silberg v. Anderson</u>, 50 Cal. 3d 205, 216 (1990).

The litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." <u>Silberg</u>, 50 Cal. 3d at 212. Deixler's acts of filing the reply brief, City Court records, and the previously sealed records clearly satisfy this test. The publications were made in a judicial proceeding by Cornell, a party to the action, to defend against Plaintiff's claims. Although Plaintiff claims that certain documents within the previously sealed records were not relevant to the issues in the case, the unsealed files as a whole bore a logical relation to Cornell's motion to strike.

Plaintiff alleges that Deixler knew that upon filing the documents in question, Justia.com would put the information on their website. However, even if Deixler knew that Justia.com would make the information available on their website, Deixler's acts of filing the papers are still protected by the litigation privilege, which applies irrespective of maliciousness. <u>Silberg</u>, 50 Cal. 3d at 216. Plaintiff has not established that Cornell or Deixler took steps independent of filing the documents at issue to make them appear on Justia's website. According to Timothy Stanley, CEO and co-founder of Justia.com,

Justia.com chose to feature the docket of 07cv2045 BTM(JMA), because the case raised issues regarding the future of publicly-available works and the extent to which libraries will be willing to circulate information freely. (Stanley Decl. ¶ 4.) Stanley explains that there was no prior communication between Justia.com and anyone from Cornell or Proskauer Rose (Deixler's law firm). (Id. at ¶ 6.) Plaintiff has not presented evidence to the contrary. [2]

Bourne's March 8, 1983 report also falls within the protection of the litigation privilege. The litigation privilege, like § 425.16(e)(1) and (2), extends to communications preparatory to or in anticipation of judicial or other official proceedings. Dove Audio, Inc. v. Rosenfeld, Meyer & Susman, 47 Cal. App. 4th 777, 783 (1996) (holding that communication with private citizens was in preparation for the sending of a complaint to the Attorney general and fell within the litigation privilege). Communications made to investigate and marshal evidence prior to the institution of official proceedings are privileged. Id. See also Cayley v. Nunn, 190 Cal. App. 3d 300, 304 (1987) (holding that statements made during conversations while defendants were marshaling evidence and preparing for their presentation at the city council meeting were directed toward the achievement of the object of the proceeding and fell within the scope of the litigation privilege).

As discussed above, Bourne's report was created as part of Cornell's investigation into the thefts. Through the investigation, Cornell's Department of Public Safety gathered evidence enabling it to discern whether it should institute official criminal proceedings against Plaintiff. Bourne's report was preparatory to the possible commencement of criminal proceedings against Plaintiff. Therefore, the report is protected by the litigation privilege. The Court does not decide the issue of whether Plaintiff's claims based solely on Bourne's report are time-barred.

Plaintiff argues that the challenged communications fall within Cal. Civil Code § 47(d)(2), an exception to the litigation privilege. This exception provides:

Nothing in paragraph (1) [which identifies as a privileged publication a fair and

---

[2] Plaintiff submits evidence that he claims shows some sort of conspiracy among Google, Justia.com, and Cornell University. However, Plaintiff's conclusions regarding the relationship among these parties is based on pure speculation.

true report to a public journal of, among other things, a judicial, legislative, or other public official proceeding] shall make privileged any communication to a public journal that does any of the following:

(A) Violates Rule 5-120 of the State Bar Rules of Professional Conduct.

(B) Breaches a court order.

(C) Violates any requirement of confidentiality imposed by law.

However, this exception is inapplicable because the communications at issue were not to a public journal.

In sum, Plaintiff has not demonstrated a reasonable probability of success on his claims. The communications that form the basis of Plaintiff's claims are protected by the litigation privilege. Therefore, the Court grants Defendants' motions to strike the original Complaint and First Amended Complaint. Plaintiff's and Defendants' evidentiary objections are overruled.

### III. CONCLUSION

For the reasons discussed above, Cornell and Deixler's special motions to strike the original Complaint and the First Amended Complaint are **GRANTED**. This action is **DISMISSED WITH PREJUDICE**. The Clerk shall enter judgment accordingly. Any motion for attorney's fees must be brought within 30 days of this order.

**IT IS SO ORDERED.**

DATED: January 6, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge

# Notice of Appeal Notification Form

To: Clerk, U.S. Court of Appeals  Date: 1/12/2009
From: U.S. District Court, Southern District of California
Subject: New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: KEVIN VANGINDEREN v. CORNELL UNIVERSITY; BERT DEIXLER

U.S.D.C. No.: 08-cv-00736-BTM-JMA    U.S.D.C. Judge: Barry Ted Moskowitz

Complaint/Indictment/Petition Filed: Complaint (Notice of Removal)

Appealed Order Entered: 1/6/2009

Notice of Appeal Filed: 1/9/2009

Court Reporter: No court reporter

COA Status: [ ] Granted in full/part (appeal only)   [ ] Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: [x] Paid   [ ] Not Paid   [ ] No Fee Required

USA/GOVT. APPEAL: [ ] Yes   [x] No

Date F/P granted (Show Date and Attach Copy of Order): _____

Was F/P Status Revoked? [ ] Yes   [ ] No

Companion Case(s): (Please list consolidated cases, if applicable) _____

## Counsel Information

**Appellant Counsel:**

Kevin Vanginderen
637 Third Avenue, Suite E-1
Chula Vista, CA 91910

**Appellee Counsel:**

Bert H Deixler
Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
(310) 284-5663

Nelson E. Roth
Office of University Counsel, Cornell University
300 CCC Building
Garden Avenue
Ithaca, NY 14853-2601
(607) 255-5124

Clifford Scott Davidson
Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067
(310) 284-4584

(Appellee counsel continued)
Lary Alan Rappaport
Proskauer Rose LLP
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206
(310) 557-2900

Counsel Status: ☐ Retained  ☐ Appointed  ☒ Pro Se
Appointed by: _____
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: __not applicable__
Bail: _____
Custody: _____

## SERVICE LIST

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: JUDGMENT, entered 1/6/2009; ORDER Granting Defendants' Special Motions to Strike, entered 1/6/2009 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

**A. ROWLAND**

Angela Rowland

Deputy's Name                                 Deputy's Signature

# UNITED STATES DISTRICT COURT
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To: Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:** USCA No:
USDC No: **08-cv-00736-BTM-JMA**
**Vanginderen v. Cornell University et al**

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| x | Copy of the Notice of Appeal | x | Docket Entries |
|---|---|---|---|
| x | Case Information/Docket Fee Payment Notification Form | | |
| | Order for Time Schedule (Criminal) | | |
| | Original Clerk's Record in | set(s) of | volume(s). |
| | Reporter's transcripts in | set(s) of | volume(s). |
| | Exhibits in envelope(s) | box(es) | folders(s) |
| x | Judgment Order | | F/P Order |
| | CJA Form 20 | | Minute Order |
| | Certificate of Record | | Mandate Return |
| | Magistrate Judge's Report and Recommendation | | |
| | COA Order | | |
| | Amended docket fee notification form | | |
| | Order Appointing Counsel for Appeal | | |
| x | ORDER Granting Defendants' Special Motions to Strike, entered 1/6/2009 | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court  **A. ROWLAND**

Date: 1/12/09         By:_____
                      A. Rowland, **Deputy**