Kevin Vanginderen, Plaintiff Pro Per
637 Third Ave., Suite E1
Chula Vista, CA 91910
Telephone: (619) 585-7414

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>    Plaintiff-<br>    Appellant,<br><br>v.<br><br>CORNELL UNIVERSITY,<br>BERT DEIXLER,<br><br>    Defendants-<br>    Appellees. | Case No. 08-CV-0736-BTM-JMA<br><br>Hon. Barry T. Moskowitz<br><br>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ATTORNEYS' FEES<br><br><br>Hearing Date: March 13, 2009<br>Time:        11:00 a.m.<br>Place:        Courtroom 15 |

      Plaintiff Kevin Vanginderen hereby objects to the Motion for Attorneys' Fees filed by Defendants Cornell University and Bert Deixler on January 20, 2009. A Notice of Appeal was filed in the above captioned matter on January 9, 2009, with jurisdiction transferred to the Ninth Circuit Court of Appeals. The Defendants have chosen to incur excessive and inflated billable hours in the above captioned matter with the unnecessary employment of five high priced attorneys to engage in this case. The Plaintiff should not be burdened to bear the costs of such.

      From the outset of this matter and prior to any litigation, the Defendant has assigned Attorney Nelson Roth, an attorney licensed in the State of California, as its representative in this matter. He and he alone, could and should have handled this entire matter with just a single week of effort. The Defendants could and should have litigated this matter with the legal expense of the one week salary of in-house counsel, instead they chose to hire a multitude of prominent and expensive attorneys from a prominent Los Angeles law firm. These attorneys

have not only billed in excess of $30,000 for preparing a simple motion but also in excess of $5,000 for simple boilerplate motions for costs and attorney fees. In response to the Plaintiff's amendment of the original complaint to simply correct transcription errors of the dates of tortious acts, the Defendants leaped upon this opportunity to bill for an additional amount in excess of $2,000, by changing their Motion to Strike, rather than just resubmitting the original they had already prepared and previously submitted. Subsequently, the Defendant's attorneys billed over $3,000 only for the simple preparation of boilerplate motions for fees and costs.

The Plaintiff remains adamant that the Defendant's are responsible for publishing an absolute lie regarding himself. Their repeatedly published statements that he was allegedly charged in connection with fifteen crimes when there is no evidence that even half that many crimes could even have existed, are quite simply not true. Whether this blatant lie was published within a campus security officer's report, or repeated within a campus newspaper, upon the Internet twenty five years later, or within the court filing of an attorney, the statement remains quite simply a lie. A lie is never protected speech. There are simply no immunities that allow any entity to lie in any publication. For this Court to find that not only is the Plaintiff not entitled to his day in court to prove the circumstances of this matter but that he is also legally responsible to pay tens of thousands of dollars to the Defendant's as a reward for their bad behavior, is abhorrent. That this Court would additionally allow the Defendants to subvert this Court's electronic filing system into an Internet publishing house of sealed records or apparently anything else that any party may decide it wishes to submit to this Court, is astonishing.

The Plaintiff requests the Motion for Attorneys fees be denied or adjusted to the weekly salary of Defendant Attorney Nelson Roth.

Dated: February 4, 2009

Kevin Vanginderen, Plaintiff in pro per

# VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** San Diego

I have read the foregoing _____
_____ and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☐ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner _____ ☐ a _____ of _____
_____
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at _____ , California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____         _____
Type or Print Name                                Signature

# PROOF OF SERVICE
1013a (3) CCP Revised 5/1/88

**STATE OF CALIFORNIA, COUNTY OF** San Diego

I am employed in the county of San Diego , State of California.
I am over the age of 18 and not a party to the within action; my business address is: 637 Third Avenue, Suite E-1, Chula Vista, CA 91910

On, February 4, 2009 I served the foregoing document described as A copy of the Plaintiff's Opposition to Defendants' Motion for Attorney's Fees

_____ on Defendant Attorneys _____ in this action

☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:

[X] by placing ☐ the original [X] a true copy thereof enclosed in sealed envelopes addressed as follows:

Clifford Davidson, Esq., Proskauer Rose LLP, 2049 Century Park East, Suite 3200, Los Angeles, CA 90067-3206
Nelson Roth, Esq., Office of University Counsel, 300 CCC Building, Garden Ave., Ithaca, New York 14853

[X] **BY MAIL**

[X] *I deposited such envelope in the mail at 637 Third Avenue, Chula Vista , California.
The envelope was mailed with postage thereon fully prepaid.

☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on _____ , at _____ , California.

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on _____ , at _____ , California.

[X] (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Teresa Vanginderen                      _____
Type or Print Name                                      Signature

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

Legal Solutions Plus            Rev. 7/99