# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN VANGINDEREN,<br><br>          Plaintiff,<br>     v.<br><br>CORNELL UNIVERSITY; BERT DEIXLER,<br><br>          Defendants. | CASE NO. 08cv736 BTM(JMA)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ATTORNEY'S FEES** |

Defendant Cornell University ("Defendant" or Cornell) has filed a motion for attorney's fees.  For the reasons discussed below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. PROCEDURAL BACKGROUND

A. First Lawsuit

On October 1, 2007, Plaintiff filed suit against Cornell, asserting claims of libel and public disclosure of private facts (Case No. 07cv2045 BTM(JMA)).  Plaintiff's claims arose out of a 1983 Cornell Chronicle article that referenced a criminal charge against Plaintiff.  Years after the original publication of the article, the article was digitized by the Cornell University Library and stored in eCommons, an online archive.

On October 29, 2007, Cornell removed the action to this Court.  Subsequently, Cornell brought a special motion to strike Plaintiff's Complaint pursuant to Cal. Civ. Proc. Code §

425.16.

In an order filed on June 3, 2008, the Court granted Cornell's special motion to strike. The Court held that Plaintiff had failed to establish that he would prevail on his claims because the gist of the Cornell Chronicle article was true.

B.  The Instant Lawsuit

On April 8, 2008, Plaintiff commenced this action in state court. Plaintiff sued Cornell and Bert Deixler, Cornell's counsel in the first action, for libel, portraying Plaintiff in a false light, public disclosure of private facts, and intrusion into private affairs. Plaintiff's claims were based on Defendants' filing of certain documents in connection with their special motion to strike in Case No. 07cv2045.

On April 28, 2008, Defendants removed the action to this Court. In their Notice of Removal, Defendants explained that the citizenship of Deixler should be ignored for purposes of determining diversity jurisdiction because Deixler was fraudulently joined.

On May 5, 2008, Defendants filed special motions to strike Plaintiff's Complaint. On June 13, 2008, Plaintiff filed the First Amended Complaint, which is substantially the same as the original Complaint with corrected dates. On June 30, 2008, Defendants filed special motions to strike Plaintiff's First Amended Complaint.

In an order filed on January 6, 2009, the Court granted Defendants' special motions to strike. The Court held that Plaintiff could not show a probability of success on the merits because the publications which formed the basis of his claims were protected by California's litigation privilege.

Plaintiff has appealed the Court's order. Plaintiff's appeal is currently pending before the Ninth Circuit.

## II.  DISCUSSION

Cornell seeks to recover the attorney's fees it incurred in connection with prosecuting the special motions to strike, the instant motion for attorney's fees, and the Bill of Costs.

As the prevailing party on its special motions to strike, Cornell is entitled to reasonable attorney's fees and costs. Cal. Civ. Proc. Code § 425.16(c). The amount of the prevailing party's reasonable attorney's fees is calculated by utilizing the lodestar method. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008). To calculate the "lodestar," the court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Harris v Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994).[1]

Cornell's attorneys' hourly rate is $350 per hour. As previously held by the Court, Cornell's blended rate for partners and associates is reasonable.

Cornell seeks recovery of 96.5 hours ($33,775.00) that were billed in connection with the special motions to strike.[2] The hours can be categorized as follows:

| Category | Hours |
|---|---|
| Initial research | 5.25 |
| Drafting & preparation of the special motions to strike | 39.25 |
| Research re: effect of amended complaint on motions & other issues | 4.25 |
| Case analysis/conferences | 13 |

---

[1] Courts may adjust the lodestar figure upward or downward based upon the following factors enunciated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. "Among the subsumed factors presumably taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation are: (1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation (4) the results obtained and (5) the contingent nature of the fee agreement." Morales, 96 F.3d at 364 n. 9.

[2] Defendant's moving papers state that the amount of hours they seek in connection with the special motions to strike is 101.75 ($34,792.50). However, upon review of the time details, it appears that Defendant made some errors in addition. For April 2008, the correct amount of total hours sought is 19, not 21.50. For May 2008, the correct amount of total hours sought is 29, not 31.75.

| | |
|---|---|
| Research re: reply | 4.5 |
| Drafting & preparation of reply papers | 19.75 |
| Drafting & preparation of second set of special motions to strike | 6 |
| Drafting & preparation of second reply | 4.5 |

The Court finds that some of the hours set forth above are excessive. Specifically, the Court finds that 32 hours would have been sufficient to prepare the special motions to strike. The issues addressed by the motions were not complex, and there was substantial overlap between Cornell's and Deixler's motions.

As for the reply, 2 hours would have been sufficient to perform additional research since Plaintiff did not raise new or weighty issues in his opposition. For the same reason, 8 hours would have been sufficient to draft the reply.

The Court limits recovery for the preparation of the second set of special motions to strike to 1 hour. The Court similarly limits recovery for the preparation of the second reply to 1 hour. Except for referring to the First Amended Complaint instead of the Complaint, the second set of papers was substantially the same as the first set. The filing of the second set of papers was largely clerical and does not warrant the recovery of 10.5 hours in attorney's fees.

Taking into account the reductions set forth above, the Court allows recovery for 66.5 hours billed in connection with the prosecution of the special motions to strike, for a total of $23,275.00. The Court also awards the 10.25 hours ($3,587.50) billed in connection with the Bill of Costs and the Motion for Attorney's Fees. No upward or downward adjustment of the lodestar figure is warranted.

In sum, the Court awards recovery for 76.75 hours at the rate of $350 per hour for a total fee award of $26,862.50.

### III. CONCLUSION

For the reasons discussed above, Cornell's motion for attorney's fees is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Cornell attorney's fees in the amount of $26,862.50. The Clerk shall enter judgment accordingly. However, the Court **STAYS** enforcement of the judgment pending the appeal of this case.

**IT IS SO ORDERED.**

DATED: March 16, 2009

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge