USDC SCAN INDEX SHEET

















BJB    3/11/03    9:29
3:03-M -00615    USA V. ACOSTA-RAMIREZ
*1*
*CRCMP.*

FILED
03 MAR 11 AM 9:35
CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, ) Magistrate Case No. '03 mg 0615
   Plaintiff, )
    v. ) COMPLAINT FOR VIOLATION OF
)
Jose Antonio Acosta-Ramirez ) Title 8, U.S.C., Sec. 1326
) Attempted Entry
) After Deportation
   Defendant )
)

The undersigned complainant being duly sworn states:

On or about **March 9, 2003**, within the Southern District of California, defendant **Jose Antonio Acosta-Ramirez**, an alien, who previously had been excluded, deported and removed from the United States to Mexico, **attempted to enter the United States with the purpose, i.e. conscious desire,** to enter the United States at the **San Ysidro, California Port of Entry**, without the Attorney General of the United States having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts which is incorporated herein by reference.

          _____
          Signature of Complainant

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 11th DAY OF March 2003.

_____
MAGISTRATE JUDGE



# Probable Cause Statement

This complainant further states that the evidence presented, officers reports and statements made by the defendant, show that the defendant, **Jose Antonio Acosta-Ramirez** attempted to enter the United States via the **San Ysidro Port of Entry**.

On **March 9, 2003** at about 1930 hours, **United States Bureau of Customs and Border Protection (CBP) Inspector Benjamin Lacson** was conducting primary pedestrian inspections at the San Ysidro, California Port of Entry when the defendant made application for admission. The defendant presented a California identification card bearing the name of Jose Antonio Acosta and stated that he was a citizen of the United States by birth in San Diego, California. The defendant gave a two time negative customs declaration and stated that he was going to San Diego, California. Inspector Lacson conducted an automated search of the defendant utilizing the Interagency Border Inspection System (IBIS). IBIS revealed that the defendant was previously deported from the United States. Inspector Lacson referred the defendant to secondary for a further inspection.

In secondary, **CBP Inspector Jose Andrade** continued the inspection of the defendant. Inspector Andrade conducted various immigration computer database checks on the defendant that revealed that the defendant was ordered deported from the United States by an Immigration Judge on January 30th 1995. Inspector Andrade also conducted an automated search of the defendant utilizing the Automated Biometric Identification System (IDENT). IDENT revealed that the defendant was apprehended on February 5, 2003 in Bakersfield, California. Inspector Andrade turned the defendant over to the Port Enforcement Unit for further disposition. At Port Enforcement, additional criminal checks were conducted on the defendant and he was turned over to the Prosecutions Unit.

At the Prosecutions Unit, **CBP Senior Inspector Steven Matias** queried the defendant again through the Immigration Central Index System, the Deportable Alien Control System and the National Automated Immigrant Lookout System. This query confirmed that the defendant is a citizen of Mexico and that he has no legal documents to enter the United States. This query further revealed that the defendant was granted residency status on March 16, 1975 and was then placed into removal proceedings in 1993. The defendant was ordered deported from the United States by an Immigration Judge on January 30, 1995 and was subsequently removed to Mexico on January 31, 1995 through the San Ysidro, California Port of Entry. This query also revealed that the defendant was given two reinstatements of removal on March 12, 1998 and February 5, 2003.

Positive identification was made on the defendant by a comparison of his fingerprints to those contained in the National Crime Information Center. Official Immigration Records revealed that the defendant has not applied for nor has he received consent from the U.S. Attorney General to legally re enter the United States.

Defendant held at MCC San Diego pending arraignment.