USDC SCAN INDEX SHEET










KSR   4/29/03   9:13
3:03-CR-00808   USA V. FIGUEROA-LOPEZ
*12*
*CRRESPM.*

ORIGINAL

CAROL C. LAM
United States Attorney
GEORGINA C. VERDUGO
Assistant U.S. Attorney
California State Bar No. 113687
Federal Office Building
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 557-7032

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(Honorable Marilyn L. Huff)

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SENEN FIGUEROA-LOPEZ, <br><br> Defendant. | Criminal Case No. 03CR0808H <br><br> Date: May 5, 2003 <br> Time: 2:00 p.m. <br><br> GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: <br><br> (1) COMPEL FURTHER DISCOVERY; <br> (2) HOLD A VOLUNTARINESS HEARING; AND <br> (3) GRANT LEAVE TO FILE FURTHER MOTIONS <br><br> TOGETHER WITH STATEMENT OF FACTS, MEMORANDUM OF POINTS AND AUTHORITIES, AND THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, CAROL C. LAM, United States Attorney, and Georgina C. Verdugo, Assistant United States Attorney, and hereby files its response and opposition to defendant's above-referenced motions. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities. The Government also hereby files its motion for reciprocal discovery.

//
//

## I.
## STATEMENT OF THE CASE

On March 19, 2003, a federal grand jury returned an indictment against defendant Senen Figueroa-Lopez. The indictment charges defendant as an alien, who previously had been excluded, deported and removed from the United States to Mexico, was found in the United States, without the Attorney General of the United States having expressly consented to the defendant's reapplication for admission into the United States, in violation of 8 U.S.C. § 1326.

## II.
## STATEMENT OF FACTS

At approximately 5:00 a.m. on February 16, 2003, Border Patrol Agent Javier Davila and Senior patrol Agent John Q. Duncan responded to a seismic alert device near an area known as "Pink Gate," while on border patrol duty in Dulzura, California. This area is approximately twelve miles east of the Otay Mesa, California Port of Entry and approximately five miles north of the International Border between the United States and Mexico.

Both agents followed footprints north on a trail for approximately two hours. Agent Davila subsequently found a group of thirteen individuals hiding under some large bushes. Agent Davila informed Agent Duncan of his location, and identified himself to the group as a Border Patrol Agent. He asked each individual, including the Defendant, their citizenship. Each admitted to being a citizen and national of Mexico, without legal authority to be in the United States. At approximately 7:45 p.m., all individuals were taken into custody and transported to the Highway 94 Border Patrol Checkpoint for processing.

All individuals were entered into INS databases, and fingerprints were taken by the IAFID fingerprinting system. Record checks revealed prior immigration and criminal histories for the Defendant, as well as two prior deportations. At approximately 9:00 a.m., the Defendant was advised in the Spanish language by Border Patrol Agent Michael Goulet of his right to consular communication, which the Defendant waived. At 9:10 a.m., Agent Goulet, witnessed by Border Patrol Agent Matthew P. Griesbach, advised the Defendant of his *Miranda* rights in the Spanish language.

The Defendant waived his rights pursuant to *Miranda*, and admitted that he was a citizen of

Mexico and was previously deported. He admitted that he entered the United States without permission through the mountains the previous day. He also stated that he had never applied for permission to reenter the United States, and that no petitions are pending on his behalf. He admitted that he was traveling to Salinas, California, where he intended to live and work.

## III.
## RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

### A. DEFENDANT'S MOTIONS TO COMPEL DISCOVERY

To date, the Government has delivered 67 pages of discovery to defendant's counsel. The Government will continue to comply with its obligations under Brady v. Maryland, 373 U.S. 83 (1963), the Jenks Act (18 U.S.C. §3500) and Rule 16 of the Federal Rules of Criminal Procedure. The Government has complied and will continue to comply with its discovery obligations. To date, the Government has received no reciprocal discovery.

Any documents from defendant's A-file that the Government intends to introduce as well as copies of defendant's deportation tape will be provided to defendant.

### B. DEFENDANT'S MOTION TO FILE FURTHER MOTIONS IS SUBMITTED

The United States does not oppose Defendant's motion to file further motions, including motions regarding the Defendant's underlying deportations, if those motions are based on new discovery.

## IV.
## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE AS INVOLUNTARY IN VIOLATION OF MIRANDA MUST BE DENIED

1. Standards Governing Admissibility of Statements

A statement made in response to custodial interrogation is admissible under Miranda v. Arizona, 384 U.S 436, 444 (1966) and 18 U.S.C. Section 3501 if a preponderance of the evidence shows that the statement was made after an advisement of rights, and was not elicited by improper coercion. Colorado v. Connelly, 479 U.S. 157, 167-70 (1986) (preponderance of evidence standard governs voluntariness and Miranda determinations; valid waiver of Miranda rights should be found in the "absence of police overreaching"; "coercive police activity is a necessary predicate to the finding that

a confession is not 'voluntary'"). Although the totality of circumstances, including characteristics of the defendant and details of the interview, should be considered, improper coercive activity is a necessary predicate to suppression of any statement. Id.; cf. Schneckloth v. Bustamonte, 412 U.S. 218, 226 (1973) ("Some of the factors taken into account have included the youth of the accused; his lack of education, or his low intelligence; the lack of any advice to the accused of his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment such as the deprivation of food or sleep.") (citations omitted). While it is possible for a defendant to be in such poor mental or physical condition that they cannot rationally waive their rights (and misconduct can be inferred based on police knowledge of such condition, Connelly, 479 U.S. 167-168), the condition must be so severe that the defendant was rendered utterly incapable of rational choice. U.S. v. Kelley, 953 F.2d 562, 564 (9th Cir. 1992)

        2.    <u>Standards Governing Grant or Denial of Evidentiary Hearing</u>

Under Ninth Circuit and Southern District precedent, as well as a Southern District Local Rule, a defendant is entitled to an evidentiary hearing on a motion to suppress only when the defendant adduces specific facts sufficient to require the granting of a defendant's motion. <u>United States v. Batiste</u>, 868 F.2d 1089, 1093 (9th Cir. 1989) (where "defendant, in his motion to suppress, failed to dispute any material fact in the government's proffer, . . . . the district court was not required to hold an evidentiary hearing"); <u>United States v. Moran-Garcia</u>, 783 F. Supp. 1266, 1274 (S.D. Cal. 1991) (boilerplate motion containing indefinite and unsworn allegations was insufficient to require evidentiary hearing on defendant's motion to suppress statements); Crim. L.R. 47.1.

Requiring a declaration from a defendant in no way compromises that defendant's constitutional rights, as declarations in support of a motion to suppress cannot be used by the government at trial over a defendant's objection. <u>Batiste</u>, 868 F.2d at 1092 (proper to require declaration in support of Fourth Amendment motion to suppress ); <u>Moran-Garcia</u>, 783 F. Supp. at 1271-74 (extending <u>Batiste</u> to Fifth Amendment motion to suppress).

Nor is it reasonable to believe that a defendant will have less information than the Government, and so should not be required to provide proof to support a motion. <u>Batiste</u>, 868 F.2d at 1092. At least in the context of motions to suppress statements, which require police misconduct incurred by Defendant

while in custody, Defendant certainly should be able to provide the facts supporting the claim of misconduct.

However, 18 U.S.C. §3501 does not require an evidentiary hearing in every case. Section 3501 requires only that the Court make a pretrial determination of voluntariness "out of the presence of the jury." Nothing in § 3501 betrays any Congressional intent to alter the longstanding rule vesting the form of proof on matters for the court in the discretion of the court. Batiste, 868 F.2d at 1092 ("Whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court.") (citation and quotation marks omitted).

Other than merely asserting involuntariness, Defendant has offered no facts of any kind to show involuntariness, prompting, or police coercion when making any of his statements, and he falls far short of showing that he was forced or otherwise utterly incapable of choice.

The Government has complied with the requirements of Miranda in all instances. Discovery also provides that Defendant was afforded an opportunity to contact the consular representative of his country, which he declined.

Accordingly, the Court should conclude that the Defendant's statements were made knowingly, voluntarily, and intelligently. There is nothing on record to suggest that the waiver was not knowingly or intelligently made, nor that defendant was coerced. Defendant fails to sufficiently allege with particularity any violation of Miranda. Therefore, no evidentiary hearing is warranted in this case, and Defendant's motion should be denied

3. **Defendant's Request For an Evidentiary Hearing Must Be Denied as He Failed to Comply With Local Rule 47g(1)**

The Ninth Circuit has expressly stated that a government proffer based on the statement of facts attached to the complaint is alone adequate to defeat a motion to suppress where the defense fails to adduce specific and material facts. Batiste, 868 F.2d at 1092. As Defendant has failed to provide a declaration alleging specific and material facts, the Court would be within its discretion to deny Defendant's motion based solely on the statement of facts attached to the complaint in this case, without any further showing by the Government.

This Court requires litigants to follow Local Rule 47.g(1) which mandates that "[C]riminal motions requiring predicate factual finding shall be supported by declarations(s)." The Rule further provides that "the Court need not grant an evidentiary earing where either party fails to properly support its motion for opposition."

Additionally, the Ninth Circuit has held that a District Court may properly deny a request for an evidentiary hearing on a motion to suppress evidence because the defendant did not properly submit a declaration pursuant to a local rule. United States v. Wardlow, 951 F.2d 1115, 1116 (9th Cir. 1991)

"An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial to conclude that contested issues of fact exist." United States v. Howell, 231 F.3d 616, 620 (9th Cir. 2000); see also United States v. Walszak, 783 F.2d 852, 857 (9th Cir. 1986) (holding that evidentiary hearings on a motion to suppress are required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to whether contested issues of fact exist).

Moreover, a hearing is not required if the grounds for suppression consist solely of conclusory allegations of illegality. United States v. Wilson, 7 F3d 828, 834-835 (9th Cir. 1993) (District Court Judge Gordon Thompson did not abuse his discretion when denying a request for an evidentiary hearing where the appellant's declaration and points and authorities submitted in support of motion to suppress indicated no contested issues of fact). Boilerplate motions concluding that the United States failed to adequately warn of constitutional rights are insufficient to establish that an evidentiary hearing is required.

Here, Defendant has failed to support his allegations with a declaration, in clear opposition to Local Rule 47.1(g). In his moving papers, Defendant fails to provide sufficient factual support that a Miranda violation occurred. There is no dispute regarding the facts, and as such, this Court should deny Defendant's motion for an evidentiary hearing.

//
//
//
//

# V.

## THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY AND FINGERPRINTS SHOULD BE GRANTED

The Government hereby requests Defendant to deliver all material to which the Government may be entitled under Fed. R. Crim. P. 16(b) and 26.2.

### A. Rule 16(b).

The United States, pursuant to Federal Rule of Criminal Procedure 16, hereby requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in his case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which he intends to introduce as evidence-in-chief at the trial, or which was prepared by a witness whom Defendant intends to call as a witness. Because the United States has complied with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. Furthermore, counsel for Defendant has previously agreed to comply with Defendant's reciprocal discovery obligations under Rule 16 by signing a written acknowledgment. The United States also requests that the Court make such order as it deems necessary under Federal Rule of Criminal Procedure 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

### B. Rule 26.2.

Rule 26.2 requires the production of prior statements of all witnesses, except a statement made by the defendant. This rule thus provides for the reciprocal production of *Jencks* statements.

The time frame established by the rule requires the statement to be provided after the witness has testified. In order to expedite trial proceedings, the United States hereby requests Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the

Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

Part of the United States' burden of proof in this case is to satisfy the jury that Defendant is the same individual who was deported from the United States to Mexico. To make that showing, the United States will call an expert in fingerprint identification to testify that Defendant is in fact the individual whose fingerprints appear on the warrant of deportation. The most efficient and conclusive manner of establishing this information is to permit the expert witness himself to take a set of Defendant's fingerprints for comparison.

C.  Fingerprints.

Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment right against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also, United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). The United States requests that the Court order that Defendant make himself available for fingerprinting by the United States' fingerprint expert.

DATED:   April 28, 2003         Respectfully submitted,

CAROL C. LAM
United States Attorney

GEORGINA C. VERDUGO
Assistant U.S. Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. SENEN FIGUEROA-LOPEZ, Defendant. | Criminal Case No. 02CR0808-H<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Ginger Stacey, am a citizen of the United States over the age of 18 years and a resident of San Diego County, California; my business address is 880 Front Street, Room 6293 San Diego, California 92101-8800; I am not a party to the above-entitled action; and subsequent to filing with the Clerk of the Court, I deposited in the U.S. Mail bearing the requisite postage, at San Diego, California, a copy of :

**GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION**

to: Michelle Villasenor-Grant
Federal Defenders of San Diego, Inc.,
225 Broadway, Suite 900
San Diego, CA 92101

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 28, 2003.

Ginger Stacey