USDC SCAN INDEX SHEET










RYC    6/27/03    9:22

3:03-CR-01593    USA V. RUIZ-SILVA

*7*

*CRMEMSUP.*

MARISA DERSEY
California State Bar No. 207724
FEDERAL DEFENDERS OF SAN DIEGO, INC.
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone No. (619) 234-8467

Attorneys for Mr. Ruiz-Silva

FILED

03 JUN 26 PM 3:41

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(HONORABLE M. JAMES LORENZ)

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 03cr1593-L |
| Plaintiff, | |
| v. | STATEMENT OF FACTS |
| FRANCISCO RUIZ-SILVA, | AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| Defendant. | OF DEFENDANT'S MOTIONS |

I.

**MOTION TO COMPEL FURTHER DISCOVERY**

Mr. Ruiz-Silva moves for the production of the following discovery. This request includes discovery of which the government attorney knows, and discovery of which the government attorney may become aware through the exercise of due diligence. See Fed. R. Crim. P. 16. Mr. Ruiz-Silva has received 67 pages of discovery in this case. However, Mr. Ruiz-Silva has not received any discovery regarding his prior deportation(s). Mr. Ruiz-Silva requests copies of the audiotapes of his removal hearing(s). He has not yet received those tapes. Because Mr. Ruiz-Silva has not received all the discovery in this case, he requests that the government be ordered to produce all the discovery in this case that was requested.

//

He has also not received a full copy of his A-file. Mr. Ruiz-Silva filed requests, under the Freedom of Information Act, for the A-file, but the requests might not be processed until after the trial. Thus, Mr. Ruiz-Silva reiterates his request in this motion.

Mr. Ruiz-Silva needs the opportunity to examine his A-file in its entirety. First, the A-file will have documentation concerning his deportation. Part of Mr. Ruiz-Silva's defense is that his underlying deportation is invalid. The documents in the A-file would help illuminate the validity or futility of such a defense. For example, A-file documents typically contain biographical information. Such information is essential to determining whether Mr. Ruiz-Silva's deportation is invalid.

Second, the government will likely try to show, at trial, that a government officer searched the A-file and did not find an application by Mr. Ruiz-Silva for permission to enter the United States. The so-called Certificate of Non-existence will state that if Mr. Ruiz-Silva had applied for permission, that application would definitely be in the A-file; because an application is not in the A-file, Mr. Ruiz-Silva must not have applied for permission to enter the United States.

Although the certificate might be admissible, the question of how thorough the search of the A-file was is and should open to cross-examination. United States v. Sager, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Ruiz-Silva should be able to search his A-file to see whether an application exists. Moreover, Mr. Ruiz-Silva should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," that is, missing from his A-file. It is a defense that the government lost Mr. Ruiz-Silva's application as it has other important documents.

(1) <u>The Defendant's Statements.</u> The defendant requests disclosure of <u>all</u> copies of any written or recorded statement made by him, any written record containing the substance of any oral statements made by him and any written summaries of his oral statements contained in the handwritten notes of the government agent, any response to any <u>Miranda</u> warnings which may have been given to him, any response by him to interrogation, as well as any other statements by him. Fed. R. Crim. P. 16(a)(1)(A).

//
//

(2) <u>Arrest Reports, Notes and Dispatch Tapes.</u> The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

(3) <u>The Defendant's Prior Record.</u> The defendant requests disclosure of his prior record, if one exists. Fed. R. Crim. P. 16(a)(1)(B).

(4) <u>Evidence Seized.</u> The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Tangible Objects.</u> The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case or were obtained from or belong to him. Fed. R. Crim. P. 16(a)(1)(C).

(6) <u>Request for Preservation of Evidence.</u> The defendant specifically requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any other evidence seized from the defendant or any third party.

(7) <u>Reports Of Examinations And Tests.</u> The defendant requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case. Fed. R. Crim. P. 16(a)(1)(D).

//

(8) <u>Expert Witnesses.</u> The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case. Fed. R. Crim. P. 16(a)(1)(E). Mr. Ruiz-Silva requests that the Court order disclosure of this discovery at least three weeks prior to trial in order to investigate it, to prepare <u>in limine</u> motions in a timely manner, and to prepare adequately for trial.

(9) <u>Brady Material.</u> The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(10) <u>Giglio Information.</u> The defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

(11) <u>Henthorn Material.</u> The defendant requests that the government examine the personnel files of all government agents who may testify in this action for <u>Brady</u> material. <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1990); <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996).

(12) <u>Informants and Cooperating Witnesses.</u> The defendant requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a witness in this case or otherwise participated in the crime charged against Mr. Ruiz-Silva. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. <u>Id.</u>

(13) <u>Jencks Act Material.</u> The defendant requests production at least three weeks in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to

investigate the Jencks material. Disclosure of this discovery at least three weeks prior to trial will also enable Mr. Ruiz-Silva to prepare in limine motions in a timely manner, and to prepare adequately for trial.

(14) Any Proposed 404(b) Evidence. The defendant requests prior notice of any other acts that the government intends to introduce in its case-in-chief, through impeachment, or in its rebuttal case. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b); United States v. Vega, 188 F.3d 1150 (9th Cir. 1999). Mr. Ruiz-Silva requests that the Court order disclosure of this discovery at least three weeks prior to trial in order to investigate it, to prepare in limine motions in a timely manner, and to prepare adequately for trial.

## II.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

As mentioned above, Mr. Ruiz-Silva and defense counsel have received limited discovery in this case. As new information surfaces due to the government providing discovery in response to these motions or an order of this Court, the defense may file further motions. Therefore, defense counsel requests the opportunity to file further motions.

## III.

## CONCLUSION

For the reasons stated above, Mr. Ruiz-Silva respectfully requests that the Court grant the foregoing motions.

Respectfully submitted,

Date: June 26, 2003

MARISA L. DERSEY
Federal Defender of San Diego, Inc.
Attorneys for Defendant Ruiz-Silva